UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DONIA GOINES,   Case No. 2:17-CV-00656-JES-CM

    Plaintiff,
v.

LEE MEMORIAL HEALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL; and
JEOVANNI HECHAVARRIA, RN,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES

The Plaintiff, DONIA GOINES, individually, with agreement from Defendant to file this Amended Complaint, sues Defendants, LEE MEMORIAL HEALTH SYSTEM d/b/a CAPE CORAL HOSPITAL, and JEOVANNI HECHAVARRIA, RN, and allege:

## JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.    This is an action for damages in excess of this Court's minimum jurisdictional limits, exclusive of interest and costs.

2.    Venue is proper in Lee County, Florida, where one or more of the Defendants reside and the events giving rise to this action occurred. The Defendant, LEE MEMORIAL HEALTH SYSTEM, previously removed this case to federal court pursuant to 28 U.S.C. Section 1441 due to the presence of a federal question.

**Plaintiff's Exhibit "A"**

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 2 of 15 PageID 184
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 2 of 15 PageID 169

Case No. 2:17-CV-00656-JES-CM
Page **2** of **15**

3. At the time of the acts at issue in this case, Plaintiff DONIA GOINES was a resident of Lee County, Florida.

4. Defendant LEE MEMORIAL HEALTH SYSTEM d/b/a CAPE CORAL HOSPITAL is a public health care system codified under Chapter 63-1552 and 78-552, Laws of Florida, as amended.

3. The operation and maintenance of the public health system, and the construction of health system facilities provided for in its codifying Act are declared to be a public purpose.

4. Lee Memorial Health System is a special purpose unit of local government.

5. LEE MEMORIAL HEALTH SYSTEM is classified as an independent special district under the laws of Florida. The original Enabling Act (Chapter 63-1552, Laws of Florida, Special Act, 1963) was enacted in 1963 and amended several times since 1963. Chapter 2000-439 constitutes a codification required by Florida Law and is the current Enabling Act.

6. LEE MEMORIAL HEALTH SYSTEM operates a hospital in Ft. Myers, Florida known as CAPE CORAL HOSPITAL.

7. JEOVANNI HECHAVARRIA was a Registered Nurse who, at all times relevant to this claim, was an employee, agent, and/or servant of LEE MEMORIAL HEALTH SYSTEM.

**FACTS GIVING RISE TO CAUSE OF ACTION**

8. In the evening of July 15, 2016, DONIA GOINES was an admitted patient at CAPE CORAL HOSPITAL.

9. DONIA GOINES' admission at CAPE CORAL HOSPITAL continued into July 16 and 17, 2016.

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 3 of 15 PageID 185
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 3 of 15 PageID 170

Case No. 2:17-CV-00656-JES-CM
Page **3** of **15**

10. JEOVANNI HECHAVARRIA, RN was assigned to be DONIA GOINES' night nurse on the evening of July 16, 2017.

11. Medical records of DONIA GOINES reveal that JEOVANNI HECHAVARRIA, RN was in her hospital room at 10:09 p.m. on July 16, 2016, and at 1:44 a.m., 3:57 a.m., 6:52 a.m., and 6:56 a.m. on July 17, 2016.

12. In or about March 2015, a female patient at CAPE CORAL HOSPITAL filed a police report and informed the staff and management of LEE MEMORIAL HEALTH SYSTEM that she had been sexually assaulted by JEOVANNI HECHAVARRIA, RN while she was a patient at CAPE CORAL HOSPITAL.

13. LEE MEMORIAL HEALTH SYSTEM knew about the March 2015 sexual assault conducted by JEOVANNI HECHAVARRIA, RN and did not terminate his employment with LEE MEMORIAL HEALTH SYSTEM.

14. After the March 2015 sexual assault was reported to LEE MEMORIAL HEALTH SYSTEM, JEOVANNI HECHAVARRIA, RN faced no disciplinary action, he was provided no additional training, he was provided no additional supervision, and his access to female hospital rooms was not limited.

15. After the March 2015 sexual assault, but before the July 2016 sexual assault of DONIA GOINES, LEE MEMORIAL HEALTH SYSTEM never reported JEOVANNI HECHAVARRIA, RN to the Florida Department of Health regarding the 2015 sexual assault.

16. LEE MEMORIAL HEALTH SYSTEM permitted JEOVANNI HECHAVARRIA, RN to have unrestricted and unsupervised access to female patients' hospital rooms, including DONIA GOINES', even after allegations of prior sexual assaults were made against him.

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 4 of 15 PageID 186
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 4 of 15 PageID 171

Case No. 2:17-CV-00656-JES-CM
Page **4** of **15**

17. In the evening of July 16, 2016, JEOVANNI HECHAVARRIA, RN entered DONIA GOINES' hospital room and sexually assaulted her by placing his fingers in her vagina. JEOVANNI HECHAVARRIA, RN proceeded to further sexually assault DONIA GOINES by having vaginal sex with her against her will.

18. To keep DONIA GOINES from screaming, JEOVANNI HECHAVARRIA, RN placed his hand over her mouth and told her:

   a. "**I'm a nurse and I have access to your chart, if you tell, I know where you live**";

   b. "**If you tell, you are going to be in trouble**"; and

   c. "**I am working tonight and I am coming back for you**".

19. Additionally, because she was admitted to the hospital partially as a result of pain, DONIA GOINES was under the influence of pain medication which made her physically and mentally vulnerable and susceptible to attack.

20. After JEOVANNI HECHAVARRIA, RN's shift ended on July 17, 2016, DONIA GOINES informed the day shift nurse that she was sexually assaulted.

21. The Cape Coral police and hospital security investigated the claims of DONIA GOINES.

22. JEOVANNI HECHAVARRIA, RN was eventually arrested and has been charged with the sexual assault of DONIA GOINES.

23. JEOVANNI HECHAVARRIA, RN used his position as a nurse to physically and mentally abuse and sexually assault patients at CAPE CORAL HOSPITAL.

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 5 of 15 PageID 187
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 5 of 15 PageID 172

Case No. 2:17-CV-00656-JES-CM
Page **5** of **15**

### COUNT I
### CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
### VIOLATION OF 42 U.S.C.A. SECTION 1983

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

24. At all times while Plaintiff was within the exclusive custody and care of LEE MEMORIAL HEALTH SYSTEM, Plaintiff had the constitutional right to personal security and bodily integrity, including the right to be free from sexual abuse and sexual assault.

25. LEE MEMORIAL HEALTH SYSTEM, acting under color of state law and acting as a public health care system codified under Chapter 63-1552 and 78-552, Laws of Florida, as amended, deprived the Plaintiff of her rights guaranteed by the United States Constitution, (as recognized in 42 U.S.C. Section 1983), in that JEOVANNI HECHAVARRIA, RN sexually abused and sexually assaulted the Plaintiff.

26. LEE MEMORIAL HEALTH SYSTEM evidenced deliberate indifference to Plaintiff by its policy of failing to supervise JEOVANNI HECHAVARRIA, RN and through its policy of not making reasonable investigations into complaints reported by other patients regarding sexual abuse and sexual assault committed by JEOVANNI HECHAVARRIA, RN.

27. The need to take action and control, investigate, discipline, supervise and remedy JEOVANNI HECHAVARRIA, RN for his wrongdoing was obvious and the inadequacy of the existing policies and practices relating to JEOVANNI HECHAVARRIA, RN was likely to result in the violation of constitutional rights.

28. LEE MEMORIAL HEALTH SYSTEM employed JEOVANNI HECHAVARRIA, RN as a full-time registered nurse. At all times material hereto, LEE MEMORIAL HEALTH SYSTEM failed to take effective action as the employer of JEOVANNI HECHAVARRIA, RN by

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 6 of 15 PageID 193
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 6 of 15 PageID 173

Case No. 2:17-CV-00656-JES-CM
Page **6** of **15**

failing to oversee or restrain his conduct; failing to implement policies and procedures for the lodging of complaints against JEOVANNI HECHAVARRIA, RN for sexual abuse and assault, failing to enact or promulgate sufficient policies or procedures to ensure against sexual abuse or sexual assault by JEOVANNI HECHAVARRIA, RN; and by failing to promulgate corrective policies and regulations.

29. Further, LEE MEMORIAL HEALTH SYSTEM failed to properly investigate and discipline JEOVANNI HECHAVARRIA, RN who was reported to have sexually abused and sexually assaulted other patients, and the continuing failure of LEE MEMORIAL HEALTH SYSTEM to investigate and prevent known constitutional violations by JEOVANNI HECHAVARRIA, RN was and is a municipal policy and custom of deliberate indifference and a ratification and/or acquiescence of such misconduct.

30. LEE MEMORIAL HEALTH SYSTEM allowed a custom or practice to exist within the LEE MEMORAL HEALTH SYSTEM wherein JEOVANNI HECHAVARRIA, RN utilized his authority without fear of investigation and without fear of disciplinary action for his misconduct.

31. LEE MEMORIAL HEALTH SYSTEM was on notice of the need to supervise JEOVANNI HECHAVARRIA, RN to ensure against sexual abuse and sexual assault of patients. LEE MEMORIAL HEALTH SYSTEM having knowledge of JEOVANNI HECHAVARRIA, RN's misconduct, failed to adequately supervise him or warn the public of the potential threat posed by JEOVANNI HECHAVARRIA, RN.

32. These policies of inadequate supervision and of inaction towards the investigation of complaints reported by other patients regarding sexual abuse and sexual assault committed by JEOVANNI HECHAVARRIA, RN is believed to not only constitute deliberate indifference to the

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 7 of 15 PageID 189
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 7 of 15 PageID 174

Case No. 2:17-CV-00656-JES-CM
Page **7** of **15**

rights of persons JEOVANNI HECHAVARRIA, RN came into contact with but was also an express policy.

33. The *de facto* policies, customs, and practices complained of were the moving force behind the deprivation of Plaintiff's constitutional rights.

34. 42 U.S.C. Section 1983 provides a remedy for violation of these rights.

35. As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional, mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

36. Attorney's fees and costs are sought pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT II
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENT RETENTION

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

37. Before the sexual abuse and sexual assaults were committed against Plaintiff, Defendant LEE MEMORIAL HEALTH SYSTEM, was aware and/or was put on notice of the potentially harmful propensities of JEOVANNI HECHAVARRIA, RN.

38. Plaintiff was within the zone of foreseeable risk created by LEE MEMORIAL HEALTH SYSTEM employment of JEOVANNI HECHAVARRIA, RN since LEE MEMORIAL

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 8 of 15 PageID 190
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 8 of 15 PageID 175

Case No. 2:17-CV-00656-JES-CM
Page **8** of **15**

HEALTH SYSTEM received complaints of sexual abuse, sexual assault and other improper conduct by JEOVANNI HECHAVARRIA, RN from other female patients prior to the sexual abuse and sexual assault committed against Plaintiff, but LEE MEMORIAL HEALTH SYSTEM failed to investigate or take any measures to prevent such acts of sexual abuse, sexual assault or improper conduct.

39. Even after obtaining knowledge of the harmful propensities of JEOVANNI HECHAVARRIA, RN, LEE MEMORIAL HEALTH SYSTEM allowed JEOVANNI HECHAVARRIA, RN to remain a night nurse thereby endangering patients such as Plaintiff.

40. LEE MEMORIAL HEALTH SYSTEM owed Plaintiff a duty to terminate and/or discipline nurses that were unfit, unqualified and/or did not have the disposition to be in contact with female patients or patients at-large.

41. LEE MEMORIAL HEALTH SYSTEM breached these duties to the Plaintiff by:

   a. Failing to discharge, terminate or reassign JEOVANNI HECHAVARRIA, RN before he came into contact with Plaintiff; and

   b. After receiving notice of the incidents and history of sexual abuse and sexual assault by JEOVANNI HECHAVARRIA, RN, allowing him to continue in his job duties and functions.

42. As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 9 of 15 PageID 191
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 9 of 15 PageID 176

Case No. 2:17-CV-00656-JES-CM
Page **9** of **15**

MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT III
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENT SUPERVISION

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

43. Before the sexual abuse and sexual assaults were committed against Plaintiff, Defendant LEE MEMORIAL HEALTH SYSTEM, was aware and/or was put on notice of the potentially harmful propensities of JEOVANNI HECHAVARRIA, RN.

44. Plaintiff was within the zone of foreseeable risk created by LEE MEMORIAL HEALTH SYSTEM employment of JEOVANNI HECHAVARRIA, RN since LEE MEMORIAL HEALTH SYSTEM received complaints of sexual abuse, sexual assault and other improper conduct by JEOVANNI HECHAVARRIA, RN from other female patients prior to the sexual abuse and sexual assault committed against Plaintiff, but LEE MEMORIAL HEALTH SYSTEM failed to investigate or take any measures to prevent such acts of sexual abuse, sexual assault or improper conduct.

45. Even after obtaining knowledge of the harmful propensities of JEOVANNI HECHAVARRIA, RN, LEE MEMORIAL HEALTH SYSTEM allowed JEOVANNI HECHAVARRIA, RN to remain a night nurse thereby endangering patients such as Plaintiff.

46. LEE MEMORIAL HEALTH SYSTEM owed Plaintiff a duty to terminate and/or discipline nurses that were unfit, unqualified and/or did not have the disposition to be in contact with female patients or patients at-large.

47. LEE MEMORIAL HEALTH SYSTEM breached these duties to the Plaintiff by:

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 10 of 15 PageID 192
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 10 of 15 PageID 177

Case No. 2:17-CV-00656-JES-CM
Page **10** of **15**

   a. Allowing JEOVANNI HECHAVARRIA, RN to have unsupervised and unfettered access to female patients while in the hospital when the hospital knew that other patients previously complained that he sexually assaulted them.

48. As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

**COUNT IV**
**CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM**
**NEGLIGENCE**

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

49. At all times material hereto the LEE MEMORIAL HEALTH SYSTEM, as the owner and/or operator of CAPE CORAL HOSPITAL, owed a duty of care to its business invitees, specifically including the Plaintiff, to protect them and her against reasonably foreseeable criminal acts committed by their employees and/or third parties occurring on its property

50. At all times material hereto, prior to the sexual assault that is the subject of this action, other incidents of unwarranted, inappropriate, and improper sexual assaults and sexual violence had occurred on female patients by male staff members and/or male employees so that

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 11 of 15 PageID 193
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 11 of 15 PageID 178

Case No. 2:17-CV-00656-JES-CM
Page **11** of **15**

such conduct was sufficiently well known and occurred with sufficient frequency so that the LEE MEMORIAL HOSPTIAL knew and/or should have known of this at the time the Plaintiff was a patient, and therefore owed her a duty of care to protect her from such sexual assaults and should have taken steps and actions to prevent it from occurring.

51. At all times material hereto, LEE MEMORIAL HEALTH SYSTEM, was careless and negligent and breached its duties of care owed to the Plaintiff by failing to take reasonable, necessary and adequate steps to protect her from being sexually assaulted and sexually violated by JEOVANNI HECHAVARRIA, RN.

52. As a direct and proximate result of the foregoing, the Plaintiff was sexually assaulted, sexually violated, has suffered and will continue to suffer severe and permanent physical, emotional, and psychological injuries and trauma, for which she seeks compensation in this action.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

<u>**COUNT V**</u>
<u>**CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM**</u>
<u>**NEGLIGENT HIRING**</u>

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

53. Plaintiff was within the zone of foreseeable risk created by LEE MEMORIAL HEALTH SYSTEM's employment of JEOVANNI HECHAVARRIA, RN.

54. At the time of the sexual assault, Plaintiff was an admitted and isolated female patient who was under the influence of narcotic pain medication. As such, Plaintiff was a

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 12 of 15 PageID 194
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 12 of 15 PageID 179

Case No. 2:17-CV-00656-JES-CM
Page **12** of **15**

vulnerable individual who would make an easy target for an individual attempting to sexually assault her.

55. LEE MEMORIAL HEALTH SYSTEM failed to implement policies and/or procedures regarding the hiring of employees to ensure that vulnerable patients were protected and secure from physical assault and harm.

56. LEE MEMORIAL HEALTH SYSTEM failed to make an adequate investigation into its employee's, JEOVANNI HECHAVARRIA, RN, background prior to hiring him. Had LEE MEMORIAL HEALTH SYSTEM done so, it would have discovered that JEOVANNI HECAVARRIA was unfit to be hired as a night nurse.

57. LEE MEMORIAL HEALTH SYSTEM owed Plaintiff a duty to ensure that she would be safe and free from physical assault and harm and that its' employees were of the disposition that patients under their care were safe and free from harm and sexual assault.

58. LEE MEMORIAL HEALTH SYSTEM breached these duties to the Plaintiff by:
    a. Failing to perform an adequate background check on JEOVANNI HECHAVARRIA, RN;
    b. Failing to contact individuals with important information and knowledge regarding the violent disposition of JEOVANNI HECHAVARRIA, RN.

59. As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 13 of 15 PageID 195
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 13 of 15 PageID 180

Case No. 2:17-CV-00656-JES-CM
Page **13** of **15**

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

### COUNT VI
### CLAIM AGAINST JEOVANNI HECHAVARRIA, RN
### ASSAULT AND BATTERY

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully asserted herein.

60. As more fully set forth hereinabove, the Defendant, JEOVANNI HECHAVARRIA, RN, sexually assaulted and sexually violated the Plaintiff.

61. At all times material hereto, the actions and conduct of the Defendant, JEOVANNI HECHAVARRIA, RN, in sexually assaulting the Plaintiff, were without the permission and/or consent of the Plaintiff.

62. At all times material hereto, the actions and conduct of the Defendant, JEOVANNI HECHAVARRIA, RN, in sexually assaulting the Plaintiff, were unwarranted and without any legal or moral justification. The Plaintiff had an apprehension of unwanted touching caused by Defendant, JEOVANNI HECHAVARRIA, RN.

63. JEOVANNI HECHAVARRIA, RN committed a battery when he, without consent, made sexual contact with the Plaintiff.

64. The Plaintiff's apprehension of unwanted touching was caused directly by Defendant, JEOVANNI HECHAVARRIA, RN.

65. As a direct and proximate result of the foregoing, the Plaintiff, has suffered and will continue to suffer severe and permanent physical, emotional, and psychological injuries and trauma, for which she seeks compensation in this action.

Case 2:17-cv-00656-JES-NPM Document 31 Filed 04/25/18 Page 14 of 15 PageID 196
Case 2:17-cv-00656-JES-CM Document 29-1 Filed 04/24/18 Page 14 of 15 PageID 181

Case No. 2:17-CV-00656-JES-CM
Page **14** of 15

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against JEOVANNI HECHAVARRIA, RN, and a jury trial on all issues so triable as a matter of right.

## CLAIMS FOR DAMAGES FOR ALL COUNTS

66. As a direct and proximate result of the aforementioned violations of civil rights, as well as the negligence of the Defendants, which caused the injuries of DONIA GOINES, the Plaintiffs set forth below the listed claims.

## CLAIM ON BEHALF OF DONIA GOINES

67. As a direct and proximate result of the violations of civil rights, as well as the negligence of the Defendants, that caused the injuries to DONIA GOINES, the Plaintiff has in the past and will in the future continue to suffer:

   a. Mental pain and suffering from the date of the incident into the future;

   b. Loss of capacity for the enjoyment of life in the past and into the future;

   c. Disability and physical impairment;

   d. Value of medical expenses in the past and into the future;

68. The Plaintiff's, DONIA GOINES, injuries are either permanent or continuing in nature and the Plaintiff will suffer the aforementioned losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants and demand a trial by jury of all issues so triable by law and such other relief this Court may deem appropriate.

Case No. 2:17-CV-00656-JES-CM
Page **15** of **15**

## CERTIFICATE OF SERVICE

I certify that on April_____, 2018, I electronically filed with the Clerk of Court this Motion and will send electronic copy hereof to the following:

| | |
|---|---|
| Angelique Groza Lyons, Esq.<br>CONSTANGY, BROOKS, SMITH &<br>PROPHETE, LLP<br>100 North Tampa Street, Suite 3350<br>Post Office Box 1840<br>Tampa, Florida 33601-1840<br>ALyons@constangy.com;<br>Tampa@constangy.com; | JEOVANNI H. HECHAVARRIA, RN<br>*Pro se Defendant*<br>5320 Summerlin Road, Unit 9<br>Fort Myers, FL 33919<br>JHHechavarria@gmail.com; |

Respectfully submitted,
**DAVID J. HALBERG, P.A.**
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, FL 33401
PH: (561) 616-3000
FAX: (561) 688-0775
service@halberglaw.com


BY:_____
RYAN A. FOGG (68773)