UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                                    Case No: 2:17-cv-656-FtM-29CM

LEE MEMORIAL HEALTH
SYSTEM and JEOVANNI
HECHAVARRIA,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Protective Order and Plaintiff's Motion for Leave to Propound Additional Interrogatories to Defendant, Lee Memorial Health System d/b/a Cape Coral Hospital ("Lee Memorial"), both filed on May 9, 2018. Docs. 32, 34. Neither Defendant has responded as the time to do so has not yet passed. Nevertheless, given the upcoming scheduled deposition, the Court will expedite the process by denying the motions without prejudice as they are deficient as a matter of law.

First, neither of Plaintiff's motions have adequate conference certifications. Middle District of Florida Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties'

obligation to confer." Further, Local Rule 3.01(g) requires parties to confer with unrespresented parties as they would counsel. *See* M.D. Fla. R. 3.01(g); *Rigley v. Livingston Fin. LLC*, No. 6:12-cv-617, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012). Here, the motion seeking leave to propound additional interrogatories says Plaintiff's counsel contacted Lee Memorial's counsel but "was not provided a response." Doc. 34 at 4. Neither motion states whether Plaintiff conferred with Defendant Jeovanni Hechavarria, RN. Doc. 32 at 4. Plaintiff is not exempted from conferring with Mr. Hechavarria simply because he has elected to represent himself. Therefore, both motions will be denied for failure to comply with Local Rule 3.01(g).

Given the seriousness of the allegations in Plaintiff's Amended Complaint and in the motion for protective order, the Court directs all of the parties to meaningfully confer to resolve the issues regarding the scheduled deposition. The Court expects the parties, and especially counsel, to work together and with Mr. Hechavarria's criminal defense counsel to propose specific solutions for the Court's review in light of the multiple requested depositions of Plaintiff and the limitations posed by the No Contact Order in the simultaneous criminal proceeding. Further, to the extent Plaintiff's proposed solutions will include the appointment of a special master under Federal Rule of Civil Procedure 53 to supervise the deposition of Plaintiff, the Court directs Plaintiff to provide a list of proposed special masters such that Defendants can respond to the specific proposals.

Second, Plaintiff's motion for a protective order is essentially devoid of legal authority. A motion must include "a concise statement of the precise relief

requested, a statement of the basis for the request, *and a memorandum of legal authority in support of the request.*" M.D. Fla. R. 3.01(a) (emphasis added). Aside from passing references to Rules 26(c) and 53, Plaintiff's motion provides no legal basis for the relief requested. Plaintiff must cite the legal authorities—including relevant case law—that support each of the requests and proposed solutions in her amended motion for protective order.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion for Protective Order (Doc. 32) is **DENIED without prejudice**.

2. Plaintiff's Motion for Leave to Propound Additional Interrogatories to Defendant, Lee Memorial Health System d/b/a Cape Coral Hospital (Doc. 34) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of May, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties