UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 2:17-cv-656-FtM-29CM

LEE MEMORIAL HEALTH
SYSTEM d/b/a CAPE CORAL
HOSPITAL and JEOVANNI
HECHAVARRIA,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff Donia Goines' Renewed/Amended Motion for Leave to Propound Additional Interrogatories to Defendant Lee Memorial Health System ("Lee Memorial") d/b/a Cape Coral Hospital ("Motion for Additional Interrogatories"), Defendant Lee Memorial's Time Sensitive Motion for Protective Order ("Motion for Protective Order"), and Defendant Jeovanni Hechavarria, RN's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*. Docs. 36, 45, 47. For the reasons stated herein, Plaintiff's Motion for Additional Interrogatories will be denied, Lee Memorial's Motion for Protective Order will be granted in part and denied in part, and Mr. Hechavarria's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, will be denied without prejudice.

## I. Background

On November 30, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. On April 25, 2018, Plaintiff filed an Amended Complaint against Defendants Lee Memorial and Mr. Hechavarria, alleging 42 U.S.C. § 1983 violations and claims for negligent hiring, supervision and retention; negligence; and assault and battery. Doc. 31. Plaintiff alleges that Mr. Hechavarria, a nurse employed by Lee Memorial, sexually assaulted her while she was a patient at Cape Coral Hospital in July 2016.[1] *Id.* ¶¶ 7-11, 17. Plaintiff claims another female patient at Cape Coral Hospital[2] filed a police report and informed Lee Memorial staff and management in March 2015 that she had been sexually assaulted by Mr. Hechavarria, but Lee Memorial did not take effective action or implement appropriate policies and procedures as Mr. Hechavarria's employer to oversee or restrain his conduct; namely, Lee Memorial did not properly investigate him, discipline him, terminate him, require additional training or supervision of him, or limit his access to female patients' hospital rooms. *Id.* ¶¶ 12-14, 16, 28-29. Plaintiff seeks monetary damages, interest and costs from Lee Memorial and Mr. Hechavarria given Plaintiff's mental pain and suffering, loss of capacity, disability and physical impairment, and medical expenses. *Id.* ¶ 67.

---

[1] Lee Memorial operates Cape Coral Hospital. *See* Doc. 31 ¶ 6; Doc. 33 ¶ 6.

[2] This individual has since been identified as Brianna Hammer. *See, e.g.*, Doc. 51 at 2.

## II. Discussion

### a. *Plaintiff's Motion for Additional Interrogatories*

Plaintiff served interrogatories on Lee Memorial on October 27, 2017 and on March 12, 2018, totaling 25 interrogatories in accordance with Rule 33(a)(1) of the Federal Rules of Civil Procedure. *See* Doc. 36 at 1-2. Plaintiff conferred with Lee Memorial and Mr. Hechavarria regarding its request to propound additional interrogatories on Lee Memorial, which Lee Memorial opposes and Mr. Hechavarria does not. *Id.* at 4. Therefore, Plaintiff filed the present Motion for Additional Interrogatories on May 17, 2018, seeking leave to propound no more than 10 additional interrogatories to obtain information regarding allegations of crimes at Cape Coral Hospital, the investigation of such allegations, and hiring and termination practices at the hospital. *Id.* at 2. Lee Memorial responded in opposition on May 31, 2018. Doc. 40. The matter is ripe for review, and upon consideration of the parties' briefs and the law, the Court will deny Plaintiff's Motion for Additional Interrogatories.

Rule 33 allows a party to serve on another party "no more than 25 written interrogatories, including all discrete subparts" unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). As explained in Rule 33's Advisory Committee Notes, however, "the aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment. Thus, "[l]eave to serve additional interrogatories may be granted to the extent

consistent with Rule 26(b)(1) and (2)." *Id.* Rule 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) notes the court may alter the limit on the number of interrogatories and requires the court limit the frequency or extent of discovery where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

As Lee Memorial notes, Plaintiff's proposed interrogatories can be divided into three categories: interrogatories 1 through 4 address alleged crimes at Cape Coral Hospital, interrogatories 5 and 6 address employee termination generally, and interrogatories 7 through 10 address the hiring of Mr. Hechavarria. *See* Doc. 36-1 at 1-2; Doc. 40 at 4. The Court finds Plaintiff has failed to show that any of her proposed additional interrogatories are not precluded by the limitations set forth in

Rule 26(b)(1) and (2). *See Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, 2016 WL 7491863, at *1 (M.D. Fla. Dec. 30, 2016).

First, Plaintiff's proposed interrogatories regarding the alleged crimes at Cape Coral Hospital are precluded by Rule 26(b). Plaintiff's first three interrogatories seek the number of alleged sexual assaults, assaults and battery, and crimes, respectively, that occurred at Cape Coral Hospital from 2013 to 2016, and proposed interrogatory 4 seeks the number of employees accused of a crime at Cape Coral Hospital during the same time period. Doc. 36-1 at 1. Although unpersuaded by Lee Memorial's arguments that such interrogatories are irrelevant or duplicative of each other and prior interrogatories,[3] the Court finds the interrogatories are cumulative of discovery obtained from other sources, and Plaintiff has had ample opportunity to obtain the information throughout the discovery period. *See* Doc. 36-1 at 1; Doc. 40 at 4-8; *see also* Fed. R. Civ. P. 26(b)(2)(c)(i)-(ii); *Haynes v. Richmond Cty. Sherriff Office*, No. CV 114-237, 2016 WL 5661935, at *1-2 (S.D. Ga. Sept. 29, 2016) (denying motion to serve additional interrogatories in part because the plaintiff had "ample opportunity to obtain the information through previous discovery requests" (internal quotation marks omitted)). For example, Plaintiff asked Cape

---

[3] For example, Lee Memorial argues, "Plaintiff already asked for Defendant Lee [Memorial] to identify all sexual assaults that occurred at Cape Coral Hospital between 2013 and 2016," and thus Plaintiff's first proposed interrogatory is duplicative of the previous interrogatory. *See* Doc. 40 at 5. The interrogatory propounded in Plaintiff's second set of interrogatories, however, asked Lee Memorial to provide "the total number of sexual assaults that occurred a[t] Cape Coral Hospital," not "the total number of *alleged* sexual assaults that occurred a[t] Cape Coral Hospital," as sought in proposed interrogatory 1. *See* Doc. 36-1 at 1 (emphasis added); Doc. 40-2 at 2. This distinction is not without difference, and therefore the proposed interrogatory is not duplicative in the way Lee Memorial suggests.

Coral Hospital's Risk Manager, Pam Palmerton, during her deposition about the alleged sexual assaults she investigated prior to 2016 after the filing of the present motion. *See* Doc. 40 at 5; *see also* Doc. 51-2 at 13. Further, the burden for Lee Memorial to identify the total number of alleged crimes at Cape Coral Hospital and the total number of employees accused of a crime, as requested in interrogatories 3 and 4, would certainly outweigh any potential benefit given the breadth of the requests. *See* Doc. 36-1; Doc. 40 at 6-7; Fed. R. Civ. P. 26(b)(1).

Second, Rule 26(b) precludes Plaintiff's proposed interrogatories regarding employee termination. Proposed interrogatories 5 and 6 seek the number of employees terminated for cause from Cape Coral Hospital between 2013 and 2016 and the reasons therefor, as well as the names of the individuals who would have been responsible for the decision to terminate a registered nurse at Cape Coral Hospital in 2015 and 2016. Doc. 36-1 at 2. Lee Memorial explains it would have to "search the termination records for every single employee terminated during a four[-]year period, review the file to determine whether the termination was 'for cause' and then further review the file to ascertain the name of the individual(s) making the termination decision." Doc. 40 at 9. Such an undertaking would requires "dozens and dozens of hours of employee time, thus imposing a significant time burden and expense in the cost of employee time." *Id.* The Court finds that such a burden significantly outweighs any benefit that could be derived from propounding the proposed interrogatories, especially given that Plaintiff has deposed at least two human resources employees from Lee Memorial since filing the present motion. *See*

Doc. 56 at 4-5; Fed. R. Civ. P. 26(b)(1). Thus, Plaintiff has had ample opportunity to obtain the information sought in proposed interrogatories 5 and 6. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii); *Powell v. Home Depot USA, Inc.*, No. 07-80435-Civ., 2008 WL 2473748, at *6 (S.D. Fla. June 16, 2008) (denying motion to propound additional interrogatories where the plaintiff "failed to show that the benefits of the additional interrogatories outweigh the burden to be imposed on [the defendant]," and the information could be sought through a more convenient method).

Last, Plaintiff's proposed interrogatories about Mr. Hechavarria's hiring also do not pass muster under Rule 26(b). Plaintiff's remaining four interrogatories request the names of individuals responsible for the hiring and background check of Mr. Hechavarria, information regarding any third parties used to conduct the background check, the process through which Lee Memorial conducted background checks on registered nurses the year Mr. Hechavarria was hired, and information regarding any references that were contacted about Mr. Hechavarria before he was hired. Doc. 36-1 at 2. Lee Memorial indicates they have produced Mr. Hechavarria's complete personnel file, which includes a copy of the background report performed on him as well as other information regarding who ran/prepared the background report, the scope of the report and former employers contacted by the background reporting agency. Doc. 40 at 9-10. Further, since filing the present motion, Plaintiff has deposed at least two individuals from Lee Memorial's human resources department as well as its corporate representative. *Id.* at 10; Doc. 56 at 4-5. Therefore, proposed interrogatories 7 through 10 are cumulative and duplicative

of prior discovery, and Plaintiff has had ample opportunity to seek the information requested. *See Haynes*, 2016 WL 5661935, at *1-2; *Powell*, 2008 WL 2473748, at *6. Because Plaintiff fails to demonstrate that any of her proposed additional interrogatories comport with Rule 26(b)(1) and (2), Plaintiff's Motion for Additional Interrogatories will be denied. *See Verrier*, 2016 WL 7491863, at *1.

### b. *Lee Memorial's Motion for Protective Order*

Plaintiff noticed Lee Memorial's Chief Legal Officer and General Counsel, Mary McGillicuddy, for a deposition to take place on July 24, 2018. Doc. 45 at 3. Lee Memorial filed the present Motion for Protective Order on June 22, 2018, seeking to preclude Plaintiff from deposing Ms. McGillicuddy given her position and attorney's fees for preparing the motion. *Id.* at 2-3, 11-12. Plaintiff responded in opposition on July 5, 2018, and Lee Memorial filed an unopposed motion seeking leave to file a reply brief the next day. *See* Docs. 51, 52. The Court granted the motion, and Lee Memorial filed their reply brief on July 13, 2018. Docs. 53, 56. On July 20, 2018, the Court entered an Order cancelling the July 24, 2018 deposition of Ms. McGillicuddy pending resolution of the present Motion for Protective Order. Doc. 57. The matter is ripe for review, and upon consideration of the parties' briefs and the law, the Court will grant in part and deny in part Lee Memorial's Motion for Protective Order.

"A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Fed. R. Civ. P. 26(c)(1). The protective order may specify the terms for particular discovery or forbid it entirely. *Id.* "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

Courts routinely recognize that it may be appropriate to limit or preclude depositions of high-ranking officials, often referred to as "apex" depositions, because "high[-]level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *See Sher v. Raytheon Co.*, No. 8:08-CV-889-T-33AEP, 2010 WL 11507786, at *1 (M.D. Fla. Mar. 10, 2010) (quoting *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004(CDL), 2009 WL 4730321, at *1 (M.D. Ga. Dec. 1, 2009)); *see also, e.g., Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-cv-267-FtM-99SPC, 2011 WL 13141023, at *1 (M.D. Fla. May 11, 2011); *Chick-Fil-A, Inc. v. CFT Dev., LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 928226, at *1 (M.D. Fla. Apr. 3, 2009). Thus, parties seeking apex depositions bear the burden of demonstrating an executive has "unique knowledge of the issues in the case" or the information sought has been pursued unsatisfactorily through less intrusive means. *See McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006); *see also R.F.J. v. Fla. Dep't of Children and Families*, No. 3:15-cv-1184-J-32JBT; 2017 WL 5306888, at *2 (M.D. Fla. June 8, 2017); *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-cv-1287-Orl-31TBS; 2015

WL 1565299, at *2 (M.D. Fla. Apr. 8, 2015); *Skytruck Co., LLC*, 2011 WL 13141023, at *1.

Courts also routinely find that "depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *West Peninsular Title Co. v. Palm Beach Cty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990); *see also, e.g.*, *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782-MARRA/MATTHEWMAN, 2017 WL 679980, at *3 (S.D. Fla. Feb. 16, 2017); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015). Therefore, parties seeking to depose another party's attorney "must demonstrate that the deposition is the only practical means available of obtaining the information," and they have the burden to show the information sought is relevant, outweighs the dangers of deposing a party's attorney, and will not interfere with attorney-client privilege or invade the attorney work product doctrine. *See Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007 WL 4414803, at *4 (S.D. Fla. Dec. 14, 2007); *West Peninsular Title Co.*, 132 F.R.D. at 302.

Here, Lee Memorial alleges Ms. McGillicuddy should be protected from deposition under the apex doctrine because she is a high-ranking official without personal or unique knowledge of the issues in this case. Doc. 45 at 3, 5-6; Doc. 56 at 4. Lee Memorial also asserts deposing Ms. McGillicuddy would be inappropriate given her role as Lee Memorial's attorney because she is not the only practical means of obtaining the information Plaintiff seeks, and the deposition would threaten her attorney-client relationship with Lee Memorial. Doc. 45 at 9-10; Doc. 56 at 1-2.

Plaintiff does not contest that the apex doctrine applies to Ms. McGillicuddy. *See* Doc 51 at 8-10. Rather, Plaintiff asserts that by virtue of Ms. McGillicuddy's high-ranking position and her role as the most senior risk management employee, she must have knowledge regarding the risk management procedures at Lee Memorial and their implementation in investigating the sexual assaults at issue in this case. *Id.* at 4-5, 7, 9-10 (citing Doc. 51-1). Indeed, Plaintiff suggests the gravity of the alleged failures by Lee Memorial in this case support requiring "the top officer in charge of the department for patient safety speak on the policies, procedures and lack thereof between 2015 and 2016." *Id.* at 10.

Plaintiff identifies several topics of information that must be addressed by deposing Ms. McGillicuddy: Lee Memorial's policies and procedures regarding preventing and investigating sexual assault, as well as their implementation; the investigation of Ms. Hammer's allegations; a supervisor's assessment of whether Ms. Palmerton complied with internal procedures while investigating sexual assault claims; and Lee Memorial's background check procedures, as well as the extent to which they were followed, with regard to Mr. Hechavarria. *See id.* at 5-7, 9-10. Plaintiff argues that despite deposing lower-level employees regarding these topics, a deposition of Ms. McGillicuddy still is necessary. *Id.* at 9. Lee Memorial replies that various individuals Plaintiff deposed—including Debbie Wiles (Lee Memorial's Manager of Risk Management), Evelyn Zucchero (Lee Memorial Employee Relations Manager), Pam Palmerton (a Risk Manager for Lee Memorial) and Lee Memorial's corporate representative—have personal knowledge of the information sought, and

thus there have been less intrusive means for discovering the information Plaintiff claims she needs from Ms. McGillicuddy. Doc. 56 at 2-5; *see also* Doc. 45 at 2.

The Court finds Plaintiff has failed to meet her burden of demonstrating Ms. McGillicuddy has unique, personal knowledge of the facts underlying this case. Although Plaintiff relies on Ms. McGillicuddy's senior position in the risk management department to argue she must have relevant information concerning the investigation, her high-ranking position suggests the opposite—that she would be *less* likely to be familiar with the day-to-day operations and investigations of the risk management department. *See Skytruck Co., LLC*, 2011 WL 13141023, at *1. Even if Ms. McGillicuddy has *relevant* information, such as knowledge of Lee Memorial's policies or procedures, that does not suggest she has *unique* information on such subjects. As Ms. McGillicuddy swore in her declaration, she was not involved with the investigations of Plaintiff's and Ms. Hammer's claims, and no one reported to Ms. McGillicuddy that Ms. Hammer made a false claim with malice or intent to harm Lee Memorial. Doc. 45-3 at 1. Ms. McGillicuddy is not Ms. Palmerton's supervisor, and thus she would not have unique information regarding Ms. Palmerton's supervisor's assessment of Ms. Palmerton's adherence to Lee Memorial's policies and procedures. *See* Doc. 51 at 5; Doc. 56 at 4. Further, Lee Memorial indicated employee background checks are handled by the human resources department, which is outside the purview of the risk management department and Ms. McGillicuddy's area of authority. Doc. 56 at 4.

The Court also finds Plaintiff failed to establish she was unable to obtain the sought information through less intrusive means. Plaintiff contends lower-level employees have been deposed but "there still remains the need for the deposition of Mary McGillicuddy." Doc. 51 at 9. Plaintiff fails to identify, however, what information Ms. McGillicuddy possesses that Plaintiff has been unable to ascertain through other depositions and discovery tools. Plaintiff has deposed a corporate representative, who testified about *and helped author* Lee Memorial's policies and procedures regarding sexual assault. *See* Doc. 56 at 2; Doc. 56-1; *see also R.F.J.*, 2017 WL 5306888, at *3 (finding no reason to depose a high-ranking official about policies and procedures instead of obtaining the written policies and procedures and then questioning a Rule 30(b)(6) witness about them). Plaintiff also deposed Ms. Palmerton—who was the risk manager in charge of the investigation into Ms. Hammer's claims—as well as Ms. Palmerton's direct supervisor. *See* Doc. 56 at 3-4. Plaintiff deposed two human resources employees who "answered dozens of questions about the background check procedures," including questions about Lee Memorial's alleged failure to investigate Mr. Hechavarria's arrest. *See id.* at 4-5.

Ms. McGillicuddy's high-ranking position being a legal one further supports protecting her from deposition. Plaintiff has failed to meet her burden of demonstrating a deposition of Ms. McGillicuddy would be the only practical means of obtaining the desired information and that the need for the information outweighs the dangers of deposing Lee Memorial's Chief Legal Officer and General Counsel. *See Tillman*, 2017 WL 679980, at *4. As discussed above, Plaintiff has deposed

numerous individuals with more pertinent or unique information than Ms. McGillicuddy likely would have. Further, any testimony provided by Ms. McGillicuddy regarding her perspectives or analyses of internal investigations would likely implicate the attorney-client privilege and work-product doctrine. *See id.*

Therefore, Plaintiff has failed to meet her burdens to demonstrate the necessity of deposing Ms. McGillicuddy. Although Plaintiff suggests the gravity of the allegations "warrants that the top officer in charge of the department responsible for patient safety" be required to testify, this tactic is exactly why courts generally protect high-ranking officials and parties' attorneys from submitting to depositions— otherwise, they would be subject to "numerous, repetitive, harassing, and abusive depositions" every time a lawsuit's allegations were grave or serious. *See R.F.J.*, 2017 WL 5306888, at *2 (quoting *Brown v. Branch Banking & Trust Co.*, No. 13-81192-CIV, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014)); *see also West Peninsular Title Co.*, 132 F.R.D. at 302. As such, Lee Memorial has demonstrated good cause for a protective order.[4]

### c. Affidavit of Indigency

Mr. Hechavarria filed an Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, on June 27, 2018. Doc. 47. On the affidavit, Mr. Hechavarria states, "Motion for Indigency, and for the Provision of Cost[s] and Associated Fees." *Id.* at 1. Under 28 U.S.C. § 1915, the court may authorize the

---

[4] Although the request for a protective order is granted, the Court finds Plaintiff's position substantially justified such that Lee Memorial's request for attorney's fees will be denied. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

defense of any suit, action or proceeding without the prepayment of fees if a party submits an affidavit demonstrating their inability to pay such fees. Here, however, it is unclear what fees or costs Mr. Hechavarria must prepay. Therefore, Mr. Hechavarria's request will be denied without prejudice. If Mr. Hechavarria finds at some future point he must prepay certain fees or costs, the Court grants him leave to file a renewed motion to proceed *in forma pauperis* that identifies the fees or costs at issue.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion for Leave to Propound Additional Interrogatories (Doc. 36) is **DENIED**.

2. Defendant Lee Memorial Health System's Time Sensitive Motion for Protective Order (Doc. 45) is **GRANTED in part and DENIED in part**. Specifically, Lee Memorial's Motion for Protective Order is denied as to Lee Memorial's request for attorney's fees.

3. Mr. Hechavarria's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis* (Doc. 47) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties