UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                                         Case No: 2:17-cv-656-FtM-29CM

LEE MEMORIAL HEALTH
SYSTEM d/b/a CAPE CORAL
HOSPITAL and JEOVANNI
HECHAVARRIA,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Time-Sensitive Motion for Leave to Take Additional Depositions ("Motion for Additional Depositions") and Plaintiff's Motion to Compel and for Sanctions ("Motion to Compel"), as well as Defendant Lee Memorial Hospital System's ("Lee Memorial") responses in opposition.[1] Docs. 67, 70, 73, 74. For the reasons stated herein, the Motion for Additional Depositions will be granted, and the Motion to Compel will be granted in part and denied in part.

---

[1] On September 12, 2018, Plaintiff filed an Unopposed Time-Sensitive Motion Seeking Leave to File a Memorandum in Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel and Certificate of Good Faith. Doc. 75. As the Court finds the reply brief would not benefit the Court's resolution of the Motion to Compel, the motion will be denied. *See Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014) (denying leave to file a reply brief where such brief would not aid the Court's resolution of the underlying motion).

## I. Background

On November 30, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. On April 25, 2018, Plaintiff filed an Amended Complaint against Defendants Lee Memorial and Jeovanni Hechavarria, alleging 42 U.S.C. § 1983 violations and claims for negligent hiring, supervision and retention; negligence; and assault and battery. Doc. 31. Plaintiff alleges that Mr. Hechavarria, a nurse employed by Lee Memorial, sexually assaulted her while she was a patient at Cape Coral Hospital in July 2016.[2] *Id.* ¶¶ 7-11, 17. Plaintiff claims another female patient at Cape Coral Hospital[3] filed a police report and informed Lee Memorial staff and management in March 2015 that she had been sexually assaulted by Mr. Hechavarria, but Lee Memorial did not take effective action or implement appropriate policies and procedures as Mr. Hechavarria's employer to oversee or restrain his conduct; namely, Lee Memorial did not properly investigate him, discipline him, terminate him, require additional training or supervision of him, or limit his access to female patients' hospital rooms. *Id.* ¶¶ 12-14, 16, 28-29. Plaintiff seeks monetary damages, interest and costs from Lee Memorial and Mr. Hechavarria given Plaintiff's mental pain and suffering, loss of capacity, disability and physical impairment, and medical expenses. *Id.* ¶ 67.

The original Case Management and Scheduling Order set the discovery deadline for August 31, 2018, the dispositive motions deadline for October 15, 2018,

---

[2] Lee Memorial operates Cape Coral Hospital. *See* Doc. 31 ¶ 6; Doc. 33 ¶ 6.
[3] This individual has since been identified as Brianna Hammer. *See, e.g.*, Doc. 67 at 1.

and the trial term for March 4, 2019. Doc. 25. On May 18, 2018, upon the parties' joint motion, the Court entered an Order extending the deadline for the parties to disclose expert witness reports, and on July 9, 2018, upon another joint motion, the Court entered an Order and Amended Case Management and Scheduling Order extending the discovery deadline to September 21, 2018, the dispositive motion deadline to November 5, 2018, and the trial term to April 1, 2019. Docs. 38, 54, 55. On August 30, 2018, the Court granted in part and denied in part Lee Memorial's motion to extend the discovery deadline and its expert disclosure deadline. Doc. 71. The Court extended the expert disclosure deadline and kept the discovery deadline as September 21, 2018, but gave the parties until October 12, 2018 to complete expert depositions. *Id.* In the present motions, Plaintiff seeks leave to depose two additional fact witnesses and seeks to compel discovery responsive to three requests for production. Docs. 67, 70. The motions will be addressed in turn.

## II. Discussion

### a. *Plaintiff's Motion for Additional Depositions*

Plaintiff has taken ten depositions in this case and seeks to depose two additional fact witnesses: Mr. Hechavarria's supervisor, Maggie Lightner, and the head of security at the time of Ms. Hammer's alleged sexual assault, Steve Lucas. Doc. 67 at 1-2. Plaintiff sought to obtain Lee Memorial's consent to exceed the ten-deposition limit imposed by Rule 30 of the Federal Rules of Civil Procedure, but Lee Memorial "has refused to stipulate to even one single deposition beyond Rule 30's default limit of ten." *Id.* at 2-3. Therefore, Plaintiff filed the present Motion for

Additional Depositions on August 22, 2018, seeking leave to depose Ms. Lightner and Mr. Lucas. *See generally id.* Lee Memorial responded in opposition on September 5, 2018. Doc. 73. Although Mr. Hechavarria indicated he opposes Plaintiff's Motion for Additional Depositions, he did not file a response in opposition, and the time to do so has expired. *See* Doc. 67 at 6. The matter is ripe for review, and upon consideration of the parties' briefs and the law, the Motion for Additional Depositions will be granted.[4]

Rule 30 requires a party to obtain leave of court to take more than ten (10) depositions, and the Court must grant such leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) notes the court may alter the limit on the number of depositions and requires the court limit the frequency or extent of discovery where:

---

[4] The Court notes Plaintiff's Motion for Additional Depositions also requested extension of the discovery deadline solely so Plaintiff could depose Lee Memorial's expert witnesses. Doc. 67 at 6. Since the filing of the present motion, however, the Court entered an Order giving the parties up to and including October 12, 2018 to complete expert depositions. Doc. 71. Therefore, that request is moot. The Court also notes Lee Memorial has no objection to Plaintiff deposing its experts. Doc. 73 at 7.

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(A), (C). Courts in this district generally require the moving party to "justify the necessity of the depositions already taken in the case" and make a particularized showing of why the additional depositions are necessary. *See Jones-Walton v. Villas at Lake Eve Condominium Assoc., Inc.*, No. 6:15-cv-995-Orl-22TBS, 2017 WL 1653735, at *2 (M.D. Fla. May 2, 2017) (internal quotation marks omitted) (citing *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014)); *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2413630, at *1 (M.D. Fla. June 13, 2011); *Safeco Ins. Co. of Am. v. City of Jacksonville*, No. 3:08-cv-338-J-25JRK, 2011 WL 13176635, at *2 (M.D. Fla. Apr. 20, 2011).

Here, Plaintiff asserts the ten (10) depositions taken so far in this case were necessary because this case deals with the sexual assaults of three different patients at Cape Coral Hospital over a period of more than a year, and Plaintiff has raised multiple claims, including constitutional violations and various torts, that required multiple corporate representatives and fact witnesses to address. Doc. 67 at 2. This showing is sufficient to justify the previous depositions taken. For the reasons

stated below, Plaintiff has also sufficiently shown why the additional depositions of Ms. Lightner and Mr. Lucas are necessary.

### i. Maggie Lightner

Plaintiff seeks to depose Ms. Lightner, the former Nurse Director and supervisor of Mr. Hechavarria. Doc. 67 at 1; *see also* Doc. 73 at 2. Plaintiff argues Ms. Lightner was aware of the alleged sexual assault against Ms. Hammer but failed to discipline Mr. Hechavarria. Doc. 67 at 1. Plaintiff avers Ms. Lightner had a meeting with Kelly Lange, a Lee Memorial Employee Relations Consultant, regarding the alleged sexual assault against Ms. Hammer, and Ms. Lange suggested moving Mr. Hechavarria to the day shift for monitoring and documenting the assault in Mr. Hechavarria's personnel record. *Id.* at 5 (citing Doc. 67-1 at 1). Plaintiff asserts Mr. Hechavarria was not moved to the day shift, however, and the sexual assault allegation was not documented on his personnel file; he allegedly sexually assaulted two additional patients after that. *Id.* Therefore, Plaintiff argues she needs to depose Ms. Lightner to determine why she decided to take no corrective action and why she did not note the sexual assault allegation on Mr. Hechavarria's personnel file. *Id.*

The Court finds Plaintiff has made a sufficient showing to justify the need to take Ms. Lightner's deposition. Lee Memorial's arguments against permitting the deposition are unavailing. Lee Memorial claims multiple deponents testified that Plaintiff was not disciplined because the police and risk management investigations concluded Ms. Hammer fabricated her allegations, and thus there was no basis to

discipline him or take any other action. *Id.* at 2 (citing Doc. 73-1 at 2). Lee Memorial also asserts that during Ms. Lange's deposition, she "explained in great detail that she spoke to Maggie Lightner regarding Ms. Hammer's unsubstantiated allegations" and "detailed the conversation [Ms. Lange and Ms. Lightner] had regarding Ms. Lightner's decision" not to change Mr. Hechavarria's shift or take any other disciplinary actions. *Id.* at 2-3. Therefore, Lee Memorial argues that Ms. Lightner's testimony addressing why Mr. Hechavarria was not disciplined following the allegation made by Ms. Hammer would be cumulative and duplicative of prior testimony. *See* Doc. 73 at 2-3, 5.

A review of the cited deposition transcripts demonstrate, however, that decisions to implement a corrective action plan or fire an employee are "the leader's decision at all times"—in other words, the leader "is the ultimate decision-maker regarding their employees," while human resources employees merely provide guidance. Doc. 73-2 at 2-3; Doc. 73-3 at 2-5. Accordingly, Ms. Lange indicated Ms. Lightner, as Mr. Hechavarria's leader, was responsible for determining whether to move Mr. Hechavarria to day shifts following Ms. Lange's suggestion, and Ms. Lange was unable to answer questions integral to that decision. Doc. 73-2 at 7; *see* Doc. 73 at 5. When asked if there is less supervision at night in the nursing department, Ms. Lange was unable to answer because she did not recall the nursing department's situation at that time. *Id.* at 9. When asked about the concerns addressed during Ms. Lange's discussion with Ms. Lightner about Ms. Hammer's allegations against Mr. Hechavarria, Ms. Lange said she did not recall the conversation aside from what

discipline him or take any other action. *Id.* at 2 (citing Doc. 73-1 at 2). Lee Memorial also asserts that during Ms. Lange's deposition, she "explained in great detail that she spoke to Maggie Lightner regarding Ms. Hammer's unsubstantiated allegations" and "detailed the conversation [Ms. Lange and Ms. Lightner] had regarding Ms. Lightner's decision" not to change Mr. Hechavarria's shift or take any other disciplinary actions. *Id.* at 2-3. Therefore, Lee Memorial argues that Ms. Lightner's testimony addressing why Mr. Hechavarria was not disciplined following the allegation made by Ms. Hammer would be cumulative and duplicative of prior testimony. *See* Doc. 73 at 2-3, 5.

A review of the cited deposition transcripts demonstrate, however, that decisions to implement a corrective action plan or fire an employee are "the leader's decision at all times"—in other words, the leader "is the ultimate decision-maker regarding their employees," while human resources employees merely provide guidance. Doc. 73-2 at 2-3; Doc. 73-3 at 2-5. Accordingly, Ms. Lange indicated Ms. Lightner, as Mr. Hechavarria's leader, was responsible for determining whether to move Mr. Hechavarria to day shifts following Ms. Lange's suggestion, and Ms. Lange was unable to answer questions integral to that decision. Doc. 73-2 at 7; *see* Doc. 73 at 5. When asked if there is less supervision at night in the nursing department, Ms. Lange was unable to answer because she did not recall the nursing department's situation at that time. *Id.* at 9. When asked about the concerns addressed during Ms. Lange's discussion with Ms. Lightner about Ms. Hammer's allegations against Mr. Hechavarria, Ms. Lange said she did not recall the conversation aside from what

she had in her notes. *Id.* at 14-16. She also indicated she never spoke to the night supervisor, and she was not aware of whether Ms. Lightner felt Mr. Hechavarria was not being sufficiently supervised during night shifts. *Id.* at 16-17.

Therefore, as Mr. Hechavarria's leader and the ultimate decision-maker in determining how to handle the sexual assault allegation against him, Ms. Lightner would certainly have independent knowledge and perspectives as to why she chose not to move him to the day shift, document the allegation in Mr. Hechavarria's personnel file, or otherwise act with regard to the allegation. Indeed, Lee Memorial suggested in its Motion to Compel that Ms. Lightner, as Mr. Hechavarria's leader, is the sole "individual who 'caused' the alleged negligent supervision" of Mr. Hechavarria. Doc. 74 at 7. The Court finds Plaintiff made a particularized showing that the additional deposition of Ms. Lightner is necessary, and permitting such deposition is consistent with Rule 26(b). *See Safeco Ins. Co. of Am.*, 2011 WL 13176635, at *3-4.

    ii. Steve Lucas

Plaintiff also seeks to depose Mr. Lucas, who served as Director of Security at the time of Ms. Hammer's alleged sexual assault. Doc. 67 at 1-2. Plaintiff argues Mr. Lucas was aware of Ms. Hammer's allegation against Mr. Hechavarria. *Id.* at 5. Plaintiff asserts she needs to depose Mr. Lucas to determine why the security department took no action with respect to Mr. Hechavarria. *Id.* at 6. Plaintiff indicates she has only deposed one security officer for Cape Coral Hospital. *Id.* at 5. Given Mr. Lucas' role as the leader and decision-maker for the security department,

the Court finds Plaintiff has made a sufficient showing to justify the need to take Mr. Lucas' deposition.

Lee Memorial focuses its opposition on the facts that Plaintiff already deposed Robert Sherwood, the Lead Security Officer who responded to Ms. Hammer's call and prepared the Security Incident Report regarding Ms. Hammer's allegations; Plaintiff deposed multiple people who explained why Mr. Hechavarria was not disciplined; and Mr. Lucas or the security department could not have disciplined Mr. Hechavarria. Doc. 73 at 3, 5-6. None of these points directly address Plaintiff's purpose for seeking to depose Mr. Lucas. Plaintiff does not suggest she wants to depose Mr. Lucas for his account of Ms. Hammer's allegations or his explanation of why Mr. Hechavarria was not disciplined—Plaintiff indicates she wants to depose the head of the security department as to why no action was taken with respect to Mr. Hechavarria, presumably from a *security* standpoint as opposed to a human resources standpoint. *See* Doc. 67 at 6. Therefore, the Court finds Plaintiff made a particularized showing that the additional deposition of Mr. Lucas is necessary, and permitting such deposition is consistent with Rule 26(b). *See Safeco Ins. Co. of Am.*, 2011 WL 13176635, at *3-4; *Sears v. Carrier Corp.*, No. 3:07-cv-5-J-25JRK, 2008 WL 11334916, at *5 (M.D. Fla. July 15, 2008).

As the discovery deadline is a mere week away, the Court finds good cause to permit the depositions of Ms. Lightner and Mr. Lucas outside the discovery deadline. The parties shall have up to and including **October 12, 2018** to complete the depositions of Ms. Lightner and Mr. Lucas.

### b. *Plaintiff's Motion to Compel*

On July 16, 2018, Plaintiff served its Second Request for Production on Lee Memorial, which included three requests seeking risk management, human resources and disciplinary action records regarding all allegations of sexual assault against Lee Memorial employees from 2006 to 2016. Doc. 70 at 3; Doc. 70-1. On August 15, 2018, Lee Memorial responded to the Second Request for Production, objecting to the three requests. Doc. 70 at 3; Doc. 70-2. On August 29, 2018, Plaintiff filed the present motion seeking to compel Lee Memorial's production of documents in response to the specified three requests. *See generally* Doc. 70. The matter is ripe for review, and upon consideration of the parties' briefs and the law, the Motion to Compel will be granted in part and denied in part.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty

days after being served, and "[f]or each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). The decision to compel discovery is within the discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Plaintiff seeks to compel Lee Memorial's responses to its Requests Nos. 1, 2 and 3:

> 1. Any and all Risk Management reports and/or records, including investigative materials, for all allegations of sexual assault perpetrated by an employee of [Lee Memorial] from 2006 - 2016. . . .
>
> **RESPONSE**: OBJECTION. [Lee Memorial] objects to this request as it is overly broad and seeks information that is not reasonably related to the claims or defenses of any party to this lawsuit. In this regard, allegations of sexual assault against other employees, if any, and/or that were unfounded are not relevant or likely to lead to any relevant evidence. The request is overly broad in that it requests documents for a ten year time period at all facilities owned by [Lee Memorial]. In order to obtain this information, [Lee Memorial] would have to search its current data bases, and archived materials, and then locate all reports and records regarding any allegations against other employees. To do so would take dozens of hours and involve reviewing thousands of files to determine whether there are any responsive documents. As such, the burden to obtain this information substantially outweighs any potential benefit. Additionally, [Lee Memorial] objects to this request as overly broad in scope as it requests records from 2006 to 2016, which far exceeds the time period relevant to this lawsuit; is not limited to Cape Coral Hospital, which is the facility at issue in this case; and is not limited to the position of RN, which is the position held by Mr. Hechavarria.
>
> 2. Any and all Human Resources reports and/or records, including investigative materials, for all allegations of sexual assault perpetrated by an employee of [Lee Memorial] from 2006 - 2016. . . .
>
> **RESPONSE:** OBJECTION. [Lee Memorial] objects to this request as it is overly broad and seeks information that is not reasonably related

to the claims or defenses of any party to this lawsuit. In this regard, allegations of sexual assault against other employees, if any, and/or that were unfounded are not relevant or likely to lead to any relevant evidence. The request is overly broad in that it requests documents for a ten year time period at all facilities owned by [Lee Memorial]. In order to obtain this information, [Lee Memorial] would have to search its current data bases, and archived materials, to identified [sic] any allegations of sexual assault by an employee, and then search the human resources files and databases to locate all reports and records regarding these allegations. To do so would take dozens of hours and involve reviewing thousands of files to determine whether there are any responsive documents. As such, the burden to obtain this information substantially outweighs any potential benefit. Additionally, [Lee Memorial] objects to this request as overly broad in scope as it requests records from 2006 to 2016, which far exceeds the time period relevant to this lawsuit; is not limited to Cape Coral Hospital, which is the facility at issue in this case; and is not limited to employees who were RNs, which is the position held by Mr. Hechavarria.

3. Any and all records relating to the disciplinary action taken, if any, against employees alleged to have committed a sexual assault at [Lee Memorial] from 2006 - 2016. This request includes all corrective action plans and termination letters. . . .

**RESPONSE:** OBJECTION. [Lee Memorial] objects to this request as it is overly broad and seeks information that is not reasonably related to the claims or defenses of any party to this lawsuit. In this regard, allegations of sexual assault against other employees, if any, and/or that were unfounded are not relevant or likely to lead to any relevant evidence. The request is overly broad in that it requests documents for a ten year time period at all facilities owned by [Lee Memorial]. In order to obtain this information, [Lee Memorial] would have to search its current data bases, and archived materials, to identified [sic] any allegations of sexual assault by an employee, and then search the human resources files and databases to locate all reports and records regarding these allegations. To do so would take dozens of hours and involve reviewing thousands of files to determine whether there are any responsive documents. As such, the burden to obtain this information substantially outweighs any potential benefit. Additionally, [Lee Memorial] objects to this request as overly broad in scope as it requests records from 2006 to 2016, which far exceeds the time period relevant to this lawsuit; is not limited to Cape Coral Hospital, which is the facility at issue in this case; and is not limited to employees who were RNs, which is the position held by Mr. Hechavarria.

Doc. 70-1 at 1-2; Doc. 70-2 at 1-4.

Plaintiff argues Lee Memorial's relevance objections are conclusory and inappropriate given that the requests are related to Plaintiff's claims for negligent supervision and the violation of constitutional rights. *See* Doc. 70 at 5-6. Plaintiff claims "the evidence in the case clearly establishes that oversight, policies, procedures, rules, and regulations are system-wide" at Lee Memorial, and thus Plaintiff contends she needs the requested documents to establish whether Lee Memorial had a pattern, custom or practice of improperly investigating and responding to sexual assault allegations against employees on a system-wide basis. *Id.* at 6-9. Lee Memorial responds that discovery involving system-wide policy issues or allegations of sexual assault against other employees is irrelevant to Plaintiff's claims because Plaintiff only pled negligent supervision of, and application of policies to, Mr. Hechavarria. Doc. 74 at 3-7.

Lee Memorial's relevance objections are overruled. To establish liability against an entity under 42 U.S.C. § 1983, a plaintiff must establish her constitutional rights were violated through the execution of the governmental entity's policy or custom, even if such policy or custom "has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Srvs. of City of N.Y.*, 436 U.S. 658, 690, 694 (1978); *see also Schele v. Porter Mem'l Hosp.*, 198 F. Supp. 2d 979, 991-93 (N.D. Ind. 2001) (applying § 1983 to county-owned hospital). The Supreme Court has held that a governmental entity's failure to train its employees is

actionable under § 1983 only where it evidences a "deliberate indifference" to individuals' rights. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Here, Plaintiff's Amended Complaint includes a § 1983 claim alleging Lee Memorial "evidenced deliberate indifference to Plaintiff by its policy of failing to supervise [Mr. Hechavarria] and through its policy of not making reasonable investigations into complaints reported by other patients regarding sexual abuse and sexual assault committed by [Mr. Hechavarria]." Doc. 31 ¶ 26. The claim repeatedly references Lee Memorial's policies, customs or practices of inadequate supervision and improper investigation of sexual assault complaints that resulted in the deprivation of Plaintiff's constitutional rights. *See* Doc. 31 ¶¶ 24-36. Thus, discovery related to risk management reports, human resources reports and records of disciplinary actions for any employees alleged to have committed sexual assault at Lee Memorial are relevant to determining whether Lee Memorial has a policy or custom of failing to properly supervise or investigate employees accused of committing sexual assault. Therefore, the subjects of the discovery requests are relevant and necessary for Plaintiff to establish her § 1983 claims.

The scope of Plaintiff's request, however, is overbroad. Plaintiff asserts Lee Memorial's objections regarding the scope of the requests are insufficient under Rule 34(b)(2)(B) because they provide no factual support for the claim that obtaining the requested documents would take "dozens of hours." Doc. 70 at 6-9. In response, Lee Memorial explains the labor-intensive process for searching its human resources and risk management databases in light of the ten-year period of time the requests

cover, including having to search an archival database for risk management records prior to 2010. Doc. 74 at 8-9. Lee Memorial suggests various limitations, including setting the temporal limitation for the duration of Mr. Hechavarria's employment,[5] limiting the request to Cape Coral Hospital and limiting the inquiry to sexual assault allegations made against individuals who reported to Plaintiff's supervisor, Ms. Lightner. *Id.* at 6-7. The Court finds limitation of the temporal scope appropriate, but not to the extent suggested by Lee Memorial. Weighing the relevance of the discovery against the burden imposed on Lee Memorial, the requests will be limited to the time period of 2012 to 2016. Five years of records should be sufficient for Plaintiff to establish the alleged policies or customs, and the limitation will reduce the burden on Lee Memorial, especially given that Lee Memorial will not need to access or search its pre-2010 risk management database. *See id.* at 9. Given the centralized nature of Lee Memorial's administrative departments and the allegations of Lee Memorial's system-wide policies and customs, however, it is not necessary or appropriate to limit the discovery responses to Cape Coral Hospital or to individuals who report to Ms. Lightner.[6]

---

[5] Lee Memorial indicates Mr. Hechavarria worked at Cape Coral Hospital from 2014 to 2016. Doc. 74 at 6.

[6] Although the Motion to Compel is granted in part, the Court finds Lee Memorial's position substantially justified such that Plaintiff's request for attorney's fees will be denied. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### c. Compliance with the Local Rules

Lee Memorial argues Plaintiff's Motion to Compel should be denied for failure to comply with Local Rules 3.04(a) and 3.01(g). First, Local Rule 3.04(a) requires a motion to compel to:

> include quotation in full of each . . . request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. R. 3.04(a). Lee Memorial argues Plaintiff's Motion to Compel does not comply with Local Rule 3.04(a) because although Plaintiff quotes the requests and responses in succession, she fails to provide a statement as to why the motion should be granted immediately following each individual request for production; "[r]ather, Plaintiff's statements regarding the requests at issue are lumped together, leaving it to [Lee Memorial] and this Court to ascertain the bases of her [Motion to Compel]." Doc. 74 at 2-3. The Court disagrees. Because the same arguments—and, as Lee Memorial's responses demonstrate, the same objections—apply to all three requests, the Court finds Plaintiff's Motion to Compel substantially complies with Local Rule 3.04(a).

Second, Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to

confer." M.D. Fla. R. 3.01(g). Local Rule 3.01(g) expects parties to confer with unrepresented parties as they would counsel. *See Rigley v. Livingston Fin. LLC*, No. 6:12-cv-617, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012). As Lee Memorial points out, the original Case Management and Scheduling Order defines the term "confer" to require "a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter." Doc. 74 at 2; Doc. 25 at 3 (emphasis in original). Further, the Court previously denied motions Plaintiff filed for failure to comply with Local Rule 3.01(g). *See* Doc. 35.

The parties' counsel dispute the extent to which they conferred prior to Plaintiff filing the Motion to Compel. *See* Doc. 74 at 1-2; Doc. 75 at 1-2. In the interests of judicial efficiency and deciding the present motions on the merits, the Court does not find it necessary to resolve counsel's he-said-she-said discrepancy. The Court cannot overstate, however, the importance of Local Rule 3.01(g) in preserving judicial economy, as it fosters communication between the parties and helps resolve disputes without court intervention. Therefore, from this point forward, **all parties** are advised they must certify in any future motions that they conferred through engaging in clear, substantive discussions involving all issues raised in the motion **in person or by telephone** in a good faith effort to resolve any issues raised prior to motion practice. Failure to comply with the Local Rules and this Order could result in sanctions.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Time-Sensitive Motion for Leave to Take Additional Depositions (Doc. 67) is **GRANTED**. The parties shall have up to and including **October 12, 2018** to complete the depositions of Maggie Lightner and Steve Lucas.

2. Plaintiff's Motion to Compel and for Sanctions (Doc. 70) is **GRANTED in part and DENIED in part**. Lee Memorial shall have up to and including **September 28, 2018** to produce the following:

> a. Any and all Risk Management reports and/or records, including investigative materials, for all allegations of sexual assault perpetrated by an employee of Lee Memorial from 2012 to 2016;
>
> b. Any and all Human Resources reports and/or records, including investigative materials, for all allegations of sexual assault perpetrated by an employee of Lee Memorial from 2012 to 2016;
>
> c. Any and all records relating to the disciplinary action taken, if any, against employees alleged to have committed a sexual assault at Lee Memorial from 2012 to 2016.

3. Plaintiff's Unopposed Time-Sensitive Motion Seeking Leave to File a Memorandum in Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel and Certificate of Good Faith (Doc. 75) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties