**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**DONIA GOINES,**

     **Plaintiff,**

**v.**                                                                    **Case No.: 2:17-CV-00656-JES-CM**

**LEE MEMORIAL HEALTH SYSTEM**
**d/b/a CAPE CORAL HOSPITAL;**
**and JEOVANNI HECHAVARRIA, R.N.,**

     **Defendants.**

_____/

**DEFENDANT LEE HEALTH'S MOTION**
**TO EXTEND TIME TO COMPLY WITH COURT ORDER,**
**MEMORANDUM OF LAW AND CERTIFICATE OF GOOD FAITH**

Defendant Lee Memorial Health System d/b/a Cape Coral Hospital (hereinafter "Defendant Lee Health"), by and through its undersigned attorneys, hereby moves the Court for an additional day to provide documents responsive to the Court's September 14, 2018 discovery order.

**MEMORANDUM OF LAW**

Defendant Lee Health was ordered by this Court to provide: (1) all risk management documents related to any allegation of sexual assault for a period of five years; and (2) all employee relations files relating to employees accused of sexual assault as identified under subsection (1). Defendant Lee Health was provided two weeks in which to produce these documents.

As Defendant Lee Health explained in its original objection to producing the requested information, it is a very time consuming process to produce the documents requested. First, multiple databases had to be searched using various word search terms to identify the allegations of sexual assault. The process of identifying allegations of sexual assault over a five year period

was time consuming, not based on the number of allegations, but because Defendant Lee Health ran multiple searches in an effort to make certain it identified every single responsive matter. Second, once the handful of "matters" were identified, the responsive documents had to be located and retrieved from a number of places, including both electronic and paper files.

Third, after the files were located, the files had to be converted into electronic format, and every single page had to be reviewed to remove all confidential and protected information.  As these matters involve patients, it has been especially critical that all confidential and protected information be redacted from the records.  There are only a handful of matters responsive to the Court's Order, however, properly and thoroughly redacting the files is a time consuming process.

While the very small number of matters would suggest that the production of these documents is not a burdensome task, based on the broad scope of the requests to include "all documents", each file is extremely voluminous and it takes a long time to review each file and redact all of the confidential and protected information.  As of this time, Defendant Lee Health and its counsel have spent more than 50 hours on identifying, gathering and redacting the documents.

While all of the documents have been gathered, Defendant Lee Health has not been able to properly redact all of the confidential and protected information in order to meet the Court's production deadline.  Defendant Lee Health has produced to Plaintiff those documents which have been redacted, however, there are additional documents that need to be redacted and produced. Accordingly, Defendant Lee Health seeks an additional one day in order to produce the remaining documents to counsel for Plaintiff, making the remaining production due on Monday, October 1, 2018.

This request is made in good faith.  Defendant Lee Health has been diligently working on the production, however, it is an extremely time consuming process given the broad nature of the request to include every single document regarding any such allegation, the manner by which the information had to be searched and the importance of protecting confidential information when producing the documents.  Plaintiff will not be prejudiced by this delay, as there are no other deadlines or depositions scheduled between today and Monday.

Accordingly, as set forth above, Defendant Lee Health respectfully requests that this Court grant a one day extension to provide the remaining responsive documents.

## **CERTIFICATE OF GOOD FAITH**

The undersigned has reached out to counsel for Plaintiff in a good faith effort to see if he opposes the relief requested herein.  Specifically, the undersigned left a voicemail message for counsel and sent an email to counsel.  The undersigned has not yet heard back from opposing counsel regarding the relief sought.  The undersigned also reached out to Defendant Hechavarria, but has not yet heard back from him.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Allison R. Wallrapp, Esq., Fla. Bar No. 106779
awallrapp@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515
Attorney for Defendant Lee Health

5445913v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th of September, 2018, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF System, which will send an electronic notice of filing to, or was otherwise served via email on, the following:

Ryan A. Fogg, Esq.  
David J. Halberg, Esq.  
DAVID J. HALBERG, P.A.  
1615 Forum Place, Ste. 3-B  
West Palm Beach, FL 33401  
Service@HalbergLaw.com

Jeovanni H. Hechavarria, R.N.  
5320 Summerlin Rd., Unit 9  
Ft. Myers, FL 33919  
JHHechavarria@gmail.com

/s/Angelique Groza Lyons
Attorney

5445913v.1