UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                                                        Case No: 2:17-cv-656-FtM-29CM

LEE MEMORIAL HEALTH
SYSTEM and JEOVANNI
HECHAVARRIA,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Lee Health's Emergency Motion to Strike filed on October 10, 2018. Doc. 88. Plaintiff has not responded as the time to do so has not yet expired. Given the sensitive and confidential nature of the documents at issue and Plaintiff's blatant disregard for the Orders and Local Rules of this Court, however, the motion will be granted.

On September 14, 2018, the Court granted in part and denied in part Plaintiff's Motion to Compel and for Sanctions, ordering Defendant Lee Memorial Health System ("Lee Health") to produce risk management and human resources reports and/or records for allegations of sexual assault perpetrated by an employee of Lee Health from 2012 to 2016 as well as records relating to disciplinary actions taken against employees alleged to have committed a sexual assault at Lee Health from 2012 to 2016. Doc. 76 at 10-15, 18. Nothing in the Order suggests either party was required to notify the Court of Lee Health's compliance with the Order. *See*

*generally id.* But on October 9, 2018, Plaintiff filed nine Notices of Filing Documents, attaching responsive documents produced to Plaintiff by Lee Health "in Compliance with this Court's Order (DE 76) dated September 14, 2018."[1] *See* Docs. 79-87. Lee Health promptly filed the instant motion, requesting the Court strike the discovery documents filed in violation of Middle District of Florida Local Rule 3.03(d). Doc. 88. Given the sensitive and confidential nature of the documents, which may contain patient identity and health information, Lee Health filed the motion on an emergency basis. *See id.* at 6-8. Lee Health indicates that despite raising the issue with Plaintiff's counsel,[2] Plaintiff's counsel refused to withdraw the filings because "he wants to make sure he has everything filed that he might possibly need for Plaintiff's response" to Lee Health's yet-to-be-filed motion for summary judgment. *Id.* a 4-5, 9.

Local Rule 3.03(d) clearly states:

> Requests for the production of documents and other things, matters disclosed pursuant to Fed. R. Civ. P. 26, and requests for admission, and answers and responses thereto, shall not be filed with the Court as a matter of course but may later be filed in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings.

---

[1] It is unclear if Plaintiff means to suggest that the documents were produced in compliance with the Court's Order, or that Plaintiff is filing the documents in compliance with the Court's Order. As noted herein, nothing in the Court's Order required Plaintiff to file the documents Lee Health produced or to otherwise notify the Court that Lee Health complied with the Order. *See generally* Doc. 76.

[2] The Court notes counsel for Plaintiff stopped filing the documents for a two-and-a-half-hour period after counsel for Lee Health called and emailed him to discuss the filings, but then he continued filing the documents without responding to Lee Health's overtures. Doc. 88 at 3-4.

M.D. Fla. R. 3.03(d).  Additionally, this case's original Case Management and Scheduling Order[3] states: "The parties shall not file discovery materials with the Clerk except as provided in M.D. Fla. R. 3.03."  Doc. 25 at 2.

Regardless of the documents' relevance to any future motion, they are not related to any motion currently pending before the Court.  And nothing in the Court's September 14, 2018 Order suggests filing the compelled documents was expected or appropriate.  *See generally* Doc. 76.  Filing the discovery documents at this time is patently improper and unnecessary, regardless of the content of the documents.  These filings are particularly egregious, however, given the sensitive and confidential nature of the documents.  Therefore, the documents will be stricken from the docket.  Plaintiff shall refrain from further discovery-related filings unless associated with a pending motion.  Further failures to comply with the Court's Orders and the Local Rules may result in sanctions.

ACCORDINGLY, it is

**ORDERED:**

Defendant Lee Health's Emergency Motion to Strike (Doc. 88) is **GRANTED**. The Clerk is directed to **STRIKE** Documents 79, 80, 81, 82, 83, 84, 85, 86 and 87 from the docket.

---

[3] This directive still is applicable despite the Court entering an Amended Case Management and Scheduling Order.  *See* Doc. 55 at 2 ("All directives set forth in the Case Management and Scheduling Order (Doc. 25) remain in effect.")

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties