UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DONIA GOINES,

Case No. 2:17-CV-00656-JES-CM

Plaintiff,

v.

LEE MEMORIAL HEALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL; and
JEOVANNI HECHAVARRIA, RN,

Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANT'S, JEOVANNI HECHAVARRIA, MILITARY RECORDS OR IN THE ALTERNATIVE REQUEST FOR CERTIFIED COURT-ORDERED, SIGNED SUBPOENA, *DUCES TECUM*, FOR PRODUCTION OF SAID MILITARY RECORDS

Plaintiff, DOINA GOINES, by and through the undersigned counsel, files her Motion to Compel the Production of Defendant's, JEOVANNI HECHAVARRIA, full Military Records, grounded:

1. Plaintiff has requested Defendant, JEOVANNI HECHAVARRIA, to sign an Authorization to produce his Military Records. *See* Deposition of Defendant, 2 July, 2018, pg. 15, ln. 17-25; and pg. 16, ln. 1-19. *See* Composite Exhibit "**A**" attached hereto.

2. Defendant, JEOVANNIE HECHAVARRIA, has refused, alleging "I don't want my health information to be disclosed to anybody." *See* Deposition of Defendant 7.2.2018, pg. 16; ln. 2 – 19. *See* Composite Exhibit "**A**" attached hereto [DE 63; #6].

3. Plaintiff has reason to believe Defendant, JEOVANNI HECHAVARRIA, is attempting to hide a pattern of abuse, *i.e.,* stalking, assault, rape, domestic violence, threats of physical harm and/or life to and against others, by refusing, to disclosure his military records,

which Plaintiff believes will evidence disciplinary action, which is central to Plaintiff's claims in this action.

4. Said disclosure of Defendant's Military Records will provide information that *appears reasonably calculated to lead to the discovery of admissible evidence. Federal Rule of Civil Procedure* (26(b)).

5. Plaintiff is also doubtful Defendant, JEOVANNI HECHAVARRIA, was given a general discharge under "honorable conditions," as initially stated **under oath** in his deposition of the 2d of July 2018, only to later state in said deposition, "that's (*sic*) a zero tolerance in the military for any drug abuse." Page 12, Ln. 14, 15. [**emphasis added**]. *See* Composite Exhibit "**A**" attached hereto.

6. Defendant further stated:

> Q. So let me make sure I understand what you're telling me. You were classified by the Navy as committing a drug abuse act?
>
> A. Depends on the classification. If you mean in such that by the letter, the fact that I misused, not abused my medications, yes, I misused my medication. Because it was, it was prescribed to me and I took a dosage that was not the prescribed dosage.
>
> Q. And because you committed this drug abuse act within the Navy, you were given the option to either discharge or you would have been discharged dishonorably by the Navy?

Defendant's Deposition [DE 63; #6], 2 July 2018, Pg.12, Ln. 19-25; Pg. 13, Ln. 1. *see* Composite Exhibit "**A**."

7. Defendant's "Narrative Reason for Separation", Item number 29, to Defendant's Certificate of Release or Discharge From Active Duty, Composite Exhibit "E" 6.12.18 to Defendant's Deposition [DE 63; #6] states: **MISCONDUCT (SERIOUS OFFENSE).** *See* Exhibit "**B**", attached hereto, best copy available.

8. Plaintiff is **not** seeking the disclosure of the Defendant's health information; rather, seeks the disclosure of any possible disciplinary action, charges, and his actual discharge status, as he has been evasive and deceptive in his deposition testimony, under oath, as to his true status, therein.

9. It is Plaintiff's belief full disclosure of the Defendant's Military records will show a pattern of assault, rape, domestic violence, stalking and / or other threatening behavior to harm, hurt or overpower others, as well as untruthfulness.

10. Plaintiff has made multiple attempts to acquire these documents by *Subpoena, Duces Tecum,* written releases and *The Freedom of Information Act* ("FOIA") requests.

11. Specifically the Plaintiff sent *FOIA* requests as follows:

    a. June 19, 2018, the Department of Navy replied enclosing wholly-redacted records, which provide little to no substantive information;

    b. June 20, 2018, Plaintiff sent a *FOIA* Request to the Judge Advocate General for the Department of the Navy (no response); and

    c. June 20, 2018, Plaintiff sent a *FOIA* Request to the Naval Criminal Investigative Service, which was returned, with the notation "please endorse."

*See* Composite Exhibit "**C**" attached hereto; excluding redacted records).

12. The attached USDC *Subpoena* To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, with attached *Duces Tecum*, is being provided as an Exhibit "**D**" to this pleading, setting for the information being requested and the means by which the U.S. Department of Navy, requires, by Law, in order to release the records by this Honorable Court's Certified Order entered and signed by a Judge, to be recognized as valid.

13. On August 27, 2018, Plaintiff effectuated Service of Process upon the U.S. Department of Navy, Office of the General Counsel Navy Litigation Office, 720 Kennon Street, SE, Building 36, Room 233, Washington Navy Yard, DC 20374-5012. *See* Exhibit "**E**" attached hereto and made a parte hereof.

14. On Tuesday, October 9, 2018, Counsel for Plaintiff was contacted both telephonically and e-mail, by Lt. Col, OJAG, Code 14, Stephen Stewart, advising and attaching the U.S. Department of the Navy's Touhy Guidance for Requester, attached hereto as Composite Exhibit "**F**", which sets forth:

> Under case law interpreting 5 U.S.C § 552a (b)(11) (release under the order of a court of competent jurisdiction), you will have to present to us a **subpoena or court-order signed by the judge** who has cognizance over the case to obtain the release of the records. . . . . A subpoena or order signed by one other than the judge of a court of competent jurisdiction (Federal or State court), such as a clerk or attorney, has been construed as not being a valid court order. *See Doe v. DiGenova,* 779 F.2d 74 (D. C. Cir. 1985).

Pg.1, Para. 3, Lns 1-6. Touhy Guidance for Requester.

15. The above sets the *criteria,* and is most efficient means of obtaining a Defendant's Military Records, when said Defendant refuses to sign a release for same.

16. It is Plaintiff's request this Court enter an Order directing Defendant, JEOVANNI HECHAVARRIA, sign an Authorization to release his Military Records specifically providing in said Authorization his date of birth, Social Security Number, the Branch of Service served and the dates of service; and/or issue a Certified Court *Subpoena, Duces Tecum,* **signed by this Honorable Court,** *i.e.,* and issued by the Clerk, as "**Subpoenas qualify as orders of a court of competent jurisdiction only if they have been signed by a judge**." *See* National Archives, Court Order Requirements attached hereto as Exhibit "**G**." *See* also Exhibit "**F**" the directive from the U.S.

Department of Navy, referenced above. 5 U.S.C. § 552a(b)(11); and *Doe v. DiGenova,* 779 F.2d 74 (D.C. Cir. 1985).

**WHEREFORE**, Plaintiff, DOINA GOINES, respectfully requests this Honorable Court enter an Certified Order directing Defendant, JEOVANNI HECHAVARRIA, sign an Authorization of the production / release of his Military Records and/or in the alternative, enter a Certified Court Order, with U.S.D.C. *Subpoena, Duces Tecum,* (Exhibit "**D**"), signed by this Court's Judge, as directed by the U.S. Department of Navy, set forth above, directing the release of Defendant's Military Records directed to be served upon the General Counsel at the Department of the Navy, Office of the General Counsel, Navy Litigation Office, 720 Kennon Street SE, Building 36, Room 233, Washington Navy Yard, D C 20374-5013.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), the undersigned has conferred with Angelique Groza Lyons, Attorney at Law, by telephone on October 18, 2018, about this request. Ms. Lyons is opposed to Plaintiff's Motion to Compel herein. Defendant Hechavarria was contacted *via* e-mail, 10.18.18, who does not consent/objects to said Motion.

## CERTIFICATE OF SERVICE

I certify that on **23rd October, 2018**, I electronically filed with the Clerk of Court this Plaintiff's Motion to Compel Production of Defendant's, Jeovanni Hechavarria, Military Records or in the Alternative Request for Certified Court-Ordered, prepared Subpoena, *Duces Tecum,* For

Production of Said Military Records and which will send electronic copy hereof to the following:

Angelique Groza Lyons, Attorney at Law
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
alyons@constangy.com; and
Tampa@constangy.com.

JEOVANNI H. HECHAVARRIA, RN
*Pro se Defendant*
5320 Summerlin Road, Unit 9
Fort Myers, FL 33919
JHHechavarria@gmail.com

Respectfully submitted,

**DAVID J. HALBERG, P.A.**
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, FL 33401
PH:   (561) 616-3000
FAX: (561) 688-0775
service@halberglaw.com

BY: /s/ *Ryan A. Fogg*
_____
RYAN A. FOGG (68773)
For the Firm