UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                                              Case No: 2:17-cv-656-FtM-29CM

LEE MEMORIAL HEALTH
SYSTEM and JEOVANNI
HECHAVARRIA,

    Defendants.

# ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Production of Defendant Jeovanni Hechavarria's Military Records or in the Alternative Request for Certified Court-Ordered, Signed Subpoena, *Duces Tecum,* for Production of Said Military Records ("Motion to Compel Military Records") filed on October 23, 2018. Doc. 90. Plaintiff seeks to compel production of Mr. Hechavarria's "full Military Records." *Id.* at 1. Both Mr. Hechavarria and Lee Memorial Health System ("Lee Health") oppose the request. *See* Docs. 100, 102. For the reasons stated herein, the motion will be denied.

## I. Background

On November 30, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. On April 25, 2018, Plaintiff filed an Amended Complaint against Defendants Lee Health and Mr. Hechavarria, alleging 42 U.S.C. § 1983 violations and claims for negligent hiring,

supervision and retention; negligence; and assault and battery. Doc. 31. Plaintiff alleges that Mr. Hechavarria, a nurse employed by Lee Health, sexually assaulted her while she was a patient at Cape Coral Hospital in July 2016.[1] *Id.* ¶¶ 7-11, 17. Plaintiff claims another female patient at Cape Coral Hospital[2] filed a police report and informed Lee Health staff and management in March 2015 that she had been sexually assaulted by Mr. Hechavarria, but Lee Health did not take effective action or implement appropriate policies and procedures as Mr. Hechavarria's employer to oversee or restrain his conduct; namely, Lee Health did not properly investigate him, discipline him, terminate him, require additional training or supervision of him, or limit his access to female patients' hospital rooms. *Id.* ¶¶ 12-14, 16, 28-29. Plaintiff seeks monetary damages, interest and costs from Lee Health and Mr. Hechavarria given Plaintiff's mental pain and suffering, loss of capacity, disability and physical impairment, and medical expenses. *Id.* ¶ 67.

The original Case Management and Scheduling Order in this case set the discovery deadline for August 31, 2018, the dispositive motions deadline for October 15, 2018, and the trial term for March 4, 2019. Doc. 25. On May 18, 2018, upon the parties' joint motion, the Court entered an Order extending the deadline for the parties to disclose expert witness reports, and on July 9, 2018, upon another joint motion, the Court entered an Order and Amended Case Management and Scheduling Order extending the discovery deadline to September 21, 2018, the dispositive motion

---

[1] Lee Health operates Cape Coral Hospital. *See* Doc. 31 ¶ 6; Doc. 33 ¶ 6.

[2] This individual has since been identified as Brianna Hammer. *See, e.g.*, Doc. 67 at 1.

deadline to November 5, 2018, and the trial term to April 1, 2019. Docs. 38, 54, 55. On August 23, 2018, Lee Health moved to extend the discovery deadline and its expert disclosure deadline, which Plaintiff opposed. Docs. 68, 69. The Court granted in part and denied in part the motion, extending the expert disclosure deadline and giving the parties until October 12, 2018 to complete expert depositions, but keeping the discovery deadline as September 21, 2018. Doc. 71.

As Mr. Hechavarria explained in his response in opposition to the present motion, Plaintiff served Mr. Hechavarria with her requests for production on April 20, 2018, which included a request that Mr. Hechavarria complete, sign and date an authorization to release military records, also known as a Form 180. Doc. 100 at 2; Doc. 100-1 at 1. Mr. Hechavarria objected to the request, explaining that he did not wish to grant permission for disclosure of documents "which are protected by HIP[A]A and other Federal protections." Doc. 100-3. Plaintiff followed up with Mr. Hechavarria on May 25, 2018, stating that the requests for production included the request for the signed authorization form, but it had not been received. Doc. 100-4. Mr. Hechavarria responded by reiterating his objection. Doc. 100-5.

Plaintiff sent Freedom of Information Act ("FOIA") requests to the U.S. Department of Navy FOIA Office, the Department of Navy Office of the Judge Advocate General and the Naval Criminal Investigative Service on June 13 and 20, 2018. *See* Doc. 90-3 at 1-2, 5-8. On June 19, 2018, the Department of Navy Bureau of Personnel responded to Plaintiff's June 13, 2018 FOIA request, providing a releasable, redacted copy of Mr. Hechavarria's Official Military Personnel File. *See*

Doc. 90 at 3; Doc. 90-3 at 3-4. Counsel for Plaintiff again requested that Mr. Hechavarria sign the authorization to release his military records during Mr. Hechavarria's deposition on July 2, 2018,[3] but Mr. Hechavarria repeated his objection to signing the Form 180 because he did not want to disclose his personal health and medical information. Doc. 90-1 at 2-3. Counsel for Plaintiff asked if Mr. Hechavarria would be amenable to signing the authorization if it was phrased so that it would not include any medical records, and Mr. Hechavarria indicated he might agree to such an authorization after having an opportunity to review it. *Id.* at 3.

On August 27, 2018, Plaintiff served a subpoena *duces tecum* on the Department of Navy Office of the General Counsel Navy Litigation Office.[4] Doc. 90 at 4; *see* Doc. 90-5. On October 9, 2018, the Department of Navy Office of the Judge Advocate General sent Plaintiff's counsel a letter—apparently in response to the subpoena *duces tecum*—explaining that Plaintiff's counsel would need to provide a subpoena signed by a judge or a Form 180 signed by the service member for the Department of the Navy to process the information request. Doc. 90-6 at 5-7. The letter also identified all of the information Plaintiff's counsel would need to provide to facilitate the Department of Navy's response to Plaintiff's request, including a statement that the United States is not a reasonably anticipated party to the

---

[3] Plaintiff and Mr. Hechavarria state the deposition took place on July 2, 2018, but Lee Health claims it took place on June 12, 2018. *See* Doc. 90 at 1-2; Doc. 100 at 2; Doc. 102 at 1 n.1.

[4] Lee Health indicates it did not receive notice of this subpoena, and there is no indication Mr. Hechavarria received notice of it. Doc. 102 at 5-6.

litigation, contact information for counsel for each party, a summary of the facts of the case, a detailed description of the documents and information sought, a statement of the requester's willingness to pay in advance for reasonable expenses in identifying and producing documents, *etc.* *Id.* On the same day, Plaintiff's counsel corresponded with a Department of Navy Agency Litigation Attorney, who also provided information that Plaintiff's counsel would need to submit a subpoena or Court Order "signed by the judge who has cognizance over the case to obtain the release of records." Doc. 90 at 4 (quoting Doc. 90-6 at 1); *see also* Doc. 90-6 at 4.

On October 23, 2018—thirty-two (32) days after the discovery deadline—Plaintiff filed the present motion seeking to compel production of Mr. Hechavarria's military records. Doc. 90. More specifically, Plaintiff requests the Court either (a) enter an Order directing Mr. Hechavarria to complete and sign the authorization to release his military records, or (b) sign and issue a subpoena *duces tecum* to the General Counsel of the Department of Navy directing the release of Mr. Hechavarria's military records.[5] *Id.* at 4-5. Mr. Hechavarria and Lee Health both filed responses in opposition to the motion. Docs. 100, 102.

## II. Analysis

As an initial matter, Plaintiff's motion is untimely. The original Case Management and Scheduling Order ("CMSO") in this case clearly states: "The Court

---

[5] Because Plaintiff's proposed subpoena contains Mr. Hechavarria's unredacted Social Security Number, the Court *sua sponte* will direct the Clerk to seal the document. *See* Doc. 90-4.

may deny as untimely all motions to compel filed after the discovery deadline."[6] Doc. 25. The discovery deadline in this case was September 21, 2018. Doc. 55; *see* Doc. 71. Plaintiff has been seeking the military records since April 2018 and has known since May 2018 that Mr. Hechavarria objected to signing the Form 180. *See* Doc. 100-3; Doc. 100-5. But Plaintiff waited until October 23, 2018 to file the present motion. Doc. 90. Plaintiff provides no explanation for this delay, and Plaintiff has not sought an extension of the discovery deadline; indeed, Plaintiff opposed Lee Health's request for an extension of the discovery deadline. *See* Doc. 68 at 5; Doc. 69. This unexplained untimeliness is reason enough to deny the motion.

Second, the motion to compel fails to comply with the applicable procedural rules and this Court's Orders. Because the Court had repeatedly warned the parties to comply with Local Rule 3.01(g), the Court made clear in its September 14, 2018 Order:

> [F]rom this point forward, **all parties** are advised they must certify in any future motions that they conferred through engaging in clear, substantive discussions involving all issues raised in the motion **in person or by telephone** in a good faith effort to resolve any issues raised prior to motion practice. Failure to comply with the Local Rules and this Order could result in sanctions.

Doc. 76 at 17 (emphasis in original); *see also* Doc. 25 at 3 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter." (emphasis in original)). Nevertheless, Plaintiff's

---

[6] The Amended CMSO indicates all directives set forth in the original CMSO remain in effect. *See* Doc. 55 at 2.

present motion merely states, "Defendant Hechavarria was contacted *via* e-mail, 10.18.18, who does not consent/objects to said Motion." Doc. 90 at 5. Plaintiff's failure to properly confer is particularly egregious because Mr. Hechavarria indicated during his deposition that he may be amenable to signing an authorization form if it was phrased so that his health and medical records would not be disclosed. *See* Doc. 90-1 at 3. Plaintiff claims she is not seeking disclosure of Mr. Hechavarria's health information,[7] but she fails to provide any indication that she conferred with Mr. Hechavarria following the deposition in a good faith effort to resolve the dispute. *See* Doc. 90 at 3.

The Motion to Compel Military Records also fails to comply with Local Rule 3.04(a) because it does not quote the discovery request and objection giving rise to the motion. *See generally* Doc. 90. The Court was only able to review the relevant request for production and corresponding objection because Mr. Hechavarria—as a *pro se* party—had the cognizance to provide them for the Court. *See* Doc. 100-2; Doc. 100-3. Further, Lee Health indicates it did not receive notice of the subpoena Plaintiff served on the Department of Navy as required under Federal Rule of Civil Procedure 45(a)(4). Doc. 102 at 5. Plaintiff's flagrant and repeated disregard for the Federal Rules, the Local Rules and this Court's Orders warrant denial of the motion and perhaps sanctions. *See, e.g.*, Docs. 76, 89.

---

[7] The Court notes Plaintiff's assertion that she is not seeking disclosure of Mr. Hechavarria's health information at least partially conflicts with her statement that she is seeking to compel production of Mr. Hechavarria's "full Military Records." *Compare* Doc. 90 at 3, *with* Doc. 90 at 1.

Finally, notwithstanding the motion's untimeliness and Plaintiff's failure to comply with the Local Rules and Court Orders, Plaintiff fails to demonstrate Mr. Hechavarria's military records are relevant to this case. Federal Rule of Civil Procedure 34 sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The decision to compel discovery is within the discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Plaintiff claims she has "reason to believe [Mr. Hechavarria] is attempting to hide a pattern of abuse, *i.e.*, stalking, assault, rape, domestic violence, threats of physical harm and/or life to and against others . . . which is central to Plaintiff's claims in this action." Doc. 90 at 1-2. Plaintiff asserts she believes Mr. Hechavarria's military records will demonstrate he was subject to disciplinary action arising from this "pattern of abuse." *Id.* at 2. Plaintiff also seeks Mr. Hechavarria's military records because she believes he was dishonest when he stated under oath that he was given a "general discharge under 'honorable conditions.'" *Id.*

Plaintiff cites Mr. Hechavarria's Certificate of Release or Discharge from Active Duty, which identifies his "Narrative Reason for Separation" as "MISCONDUCT (SERIOUS OFFENSE)." *See id.*; Doc. 90-2.

Plaintiff provides no support, however, for her belief that Mr. Hechavarria's military records will demonstrate the pattern of abuse alleged, and she fails to explain how the records are relevant to any claim or defense in this case. Plaintiff had the opportunity to question Mr. Hechavarria about his military service during his deposition, and Plaintiff's mere speculation that the records will contradict his statements or contain evidence of disciplinary action is insufficient to establish relevance. *See Wachovia Fin. Srvs., Inc. v. Birdman*, No. 09-81252-MARRA/JOHNSON, 2010 WL 11506044, at *8 (S.D. Fla. Sept. 27, 2010) (finding speculation that opposing party is withholding information, without more, is insufficient to support an order compelling discovery). Further, the Certificate of Release or Discharge from Active Duty—which Plaintiff attaches to her motion—contradicts Plaintiff's contention that Mr. Hechavarria is lying about his discharge status: it clearly identifies Plaintiff's "Type of Separation" as "DISCHARGED" and his " Character of Service" as "GENERAL (UNDER HONORABLE CONDITIONS)." *See* Doc. 90-2. Therefore, the Court agrees with Lee Health that Plaintiff's pursuit of Mr. Hechavarria's military records is "nothing but a fishing expedition." *See* Doc. 102 at 4; *see also Licari Family Chiropractic Inc. v. Eclinical Works, LLC*, No. 8:16-cv-3461-T-35JSS, 2017 WL 5705793, at *3 (M.D. Fla. Nov. 27, 2017) ("Although the scope of discovery is broad, 'the discovery rules do not permit the [parties] to go on a

fishing expedition.'" (alteration in original) (quoting *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)).

### III. Sanctions

Because Plaintiff's motion does not appear to be substantially justified—especially in light of the Court's repeated warnings about compliance with procedural rules and Court Orders—the Court will direct Plaintiff's counsel to show cause why they should not be ordered under Federal Rule of Civil Procedure 37(a)(5)(B) to pay the reasonable expenses, including attorneys' fees, incurred by Mr. Hechavarria and Lee Health in opposing the Motion to Compel Military Records. *See* Docs. 76, 89.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion to Compel Production of Defendant Jeovanni Hechavarria's Military Records or in the Alternative Request for Certified Court-Ordered, Signed Subpoena, *Duces Tecum*, for Production of Said Military Records (Doc. 90) is **DENIED**.

2. Plaintiff's counsel is directed to **SHOW CAUSE** by **December 3, 2018** why they should not be ordered under Federal Rule of Civil Procedure 37(a)(5)(B) to pay the reasonable expenses, including attorneys' fees, incurred by Mr. Hechavarria and Lee Health in opposing the Motion to Compel Military Records.

3. The Clerk of Court is directed to **SEAL** Doc. 90-4.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties