UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

        Plaintiff,

v.

Case No: 2:17-cv-00656-JES-CM

LEE MEMORIAL HEALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL;
and JEOVANNI HECHAVARRIA, RN,

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE OF COURT FOR THE DISCLOSURE OF SUPPLEMENTAL EXPERT OPINIONS AND/OR TO REOPEN DISCOVERY FOR THE UPDATE EXPERT OPINIONS OF FRED HYDE, M.D.

Plaintiff, DONIA GOINES, by and through the undersigned counsel, hereby files this Motion for Leave of Court for the Disclosure of Supplemental Expert Opinions and/or the Reopening of Discovery so that the Plaintiff's Expert Witness, Fred Hyde, M.D., can provide supplemental opinions based upon newly provided documents, and so that Defendant may have an opportunity to take the update date deposition of Fred Hyde, M.D.

1. On July 9, 2018, this Court entered an Amended Case Management and Scheduling Order establishing the discovery deadline as September 21, 2018. [DE 55].

2. Pursuant to that order, the Plaintiff's expert disclosures were scheduled to be July 30, 2018. [DE 55].

3. The Plaintiff complied with that deadline and provided, in part, the opinions of Fred Hyde, M.D., as to hospital management, administration, policy, and standard of care.

4. On July 16, 2018, Plaintiff served its Second Request for Production on LEE MEMORIAL HEALTH SYSTEM, which included three (3) requests seeking risk management,

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 2 of 11 PageID 5041

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **2** of **11**

human resources and disciplinary action records regarding all allegations of sexual assaults against LEE MEMORIAL HEALTH SYSTEM employees from 2006 to 2016. [DE 70 at 3; DE 70-1].

5. On August 15, 2018, LEE MEMORIAL HEALTH SYSTEM responded to the Second Request for Production, objecting to the three (3) requests. [DE 70 at 3; DE 70-2].

6. On August 29, 2018, Plaintiff filed a Motion to Compel seeking, in part, to compel LEE MEMORIAL HEALTH SYSTEM's production of documents in response to the specified three requests. [*See* generally DE 70].

7. On September 14, 2018, this Court granted the Plaintiff's Motion to Compel in part. [DE 76].

8. The Court ordered that LEE MEMORIAL HEALTH SYSTEM produce the aforementioned documents by September 28, 2018. [DE 76].

9. On September 28, 2018, LEE MEMORIAL HEALTH SYSTEM filed a motion to extend the time to comply with the Court's Order September 14, 2018 Order. [DE 77]

10. Starting on September 28, 2018, but continuing until October 2, 2018, the Defendant produced sexual assault investigative records, as well as human resources records corresponding to those investigations. In total, there were more than 2,200 pages of records produced to Plaintiff's counsel.

11. By the time the Defendant produced these documents to the Plaintiff, the Plaintiff's Hospital management, administration, policy, and standard of care expert, Fred Hyde, M.D., had already been deposed. In fact, Dr. Hyde was deposed on September 20, 2018, eight (8) days before the Defendant produced a single document responsive to the request.

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 3 of 11 PageID 5042

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **3** of **11**

12. On October 5, 2018, a mere three (3) days after the last document was produced by Defense counsel, Plaintiff counsel provided all 2,200 pages to Fred Hyde, M.D. Dr. Hyde had pre-scheduled obligations (both teaching and personal), which prevented his immediate review of the 2,200 pages. However, Dr. Hyde has since reviewed all of the records and has supplemental expert opinions involving the hospital's customs, practice, and policies with regards to sexual assaults. Specifically, Dr. Hyde's opinions detail the deliberate indifference of LEE MEMORIAL HEALTH SYSTEM with regard to its handling of sexual assault allegations and the protection of patient rights.

13. The Plaintiff intends on supplementing its initial expert report to the Defendant with these opinions and the Plaintiff also wishes to make Dr. Hyde available for an update deposition so that the Defendant can be fully advised of his opinions prior to trial.[1]

14. The opinions that are being supplemented by Dr. Hyde are not new opinions – rather, it is his interpretation of past sexual assault investigative materials in conjunction with his already expressed opinions that LEE MEMORIAL HEALTH SYSTEM had a policy custom and/or practice of indifference towards protecting the safety and well-being of its patients – specifically from sexual assaults.

15. The supplemental report merely provides additional evidentiary and documented support to the earlier disclosed opinions. Dr. Hyde's initial report states in part:

    a. *From its negligence in hiring and failure in supervision of employees, to its inadequate response to an allegation of sexual assault, Cape Coral*

---

[1] Defendant has reference these documents and the past sexual assaults in a declaration attached to its Motion for Summary Judgment. Preventing the Plaintiff from providing an expert opinion on the hospitals custom, practice and/or policy would be tantamount to excluding Plaintiff's entire 42 U.S.C. 1983 claim. This would be unjust considering that the Defendant's objection to producing the documents and the late disclosure of October 2, 2018.

*Hospital demonstrated indifference and carelessness in protecting the safety and well-being of its patients; and*

b. *Cape Coral Hospital patients were denied their most basic right - - the provision of care in an environment which is safe and free from abuse.*

See Fred Hyde, M.D. expert report, attached hereto as **Exhibit "A"**.

16. The documents produced by the Defendant establish that LEE MEMORIAL HEALTH SYSTEM had a custom, practice and/or policy of failing to protect the safety and well-being of its patients, routinely failed to adhere to its own policies and procedures involving sexual assaults, and routinely showed a systemic policy and culture of disbelieving patients when they articulated allegations that a health care provider sexual assaulted them. These opinions go directly to the heart of the Plaintiff 42 U.S.C § 1983 claims.

17. The Plaintiff now requests that this Court grant leave of court so that the Plaintiff can produce the supplemental opinions and that the Court reopen discovery on a limited basis so that the Defendant can have an opportunity to take the updated deposition of Dr. Hyde prior to trial.

18. Dr. Hyde was unable to provide these opinions at the time that the expert disclosures were submitted and at the time of his deposition because the documents had not been produced by the Defendant. LEE cannot claim surprise by these opinions because it was the in sole custody and control of these documents until October 2, 2018.

## MEMORANDUM OF LAW

This court has broad discretion in managing pretrial discovery matters. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir.2005) (citing *Perez v. Miami-Dade County*, 297 F.3d

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 5 of 11 PageID 5044

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **5** of **11**

1255, 1263 (11th Cir.2002)). Fed.R.Civ.P. 26(a) and (e) require parties to disclose all bases of their experts' opinions and to supplement timely their expert disclosures upon discovery of an omission or as required by court order. Moreover, the court is mindful that the Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See* Fed.R.Civ.P. 26(b)(1); *Moore v. Armour Pharmaceutical Co.,* 927 F.2d 1194, 1197 (11th Cir.1991). Fed.R.Civ.P. 37(c)(1) states that when "a party fails to provide information or identify a witness as required by [Fed.R.Civ.P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, the supplementing of Dr. Hyde's report is substantially justified by the timing of the production of LEE MEMORIAL HEALTH SYSTEM's sexual assault investigation documents. Other district courts have allowed for the supplementing of expert reports after discovery deadlines. *See Indian Harbor Ins. Co. v. Pelican's Roost on Bay, LLC,* 2007 WL 1491296 (N.D. Florida 2007).

The Court may grant a request for an extension of a time of a deadline for "cause shown." *Fed. R. Civ. P.,* Rule 6(b). The district court has considerable discretion in ruling upon an application for an extension to a filing deadline. *Mendez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 6-7 (1st Cir. 1990). Pursuant to *Federal Rules of Civil Procedure,* Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "[I]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight."

*United States v. Varner,* 13 F.3d 1503, 1507 (11th Cir.1994) (quoting *Sherman v. United States,* 462 F.2d 577, 579 (5th Cir.1972)).

Further, the diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *See Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998) ("The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") (internal quotations omitted).

Here, the Plaintiff has been diligent in having these records reviewed as soon as they were received and as soon as the Plaintiff's expert was available to review them. It is important to note that because of the voluminous nature of the records, as well as Fred Hyde's, M.D., schedule, he was forced to review the materials over time to accommodate his professional and personal schedule. The Plaintiff is not attempting to introduce a "new expert" or even "new opinions." Rather, Plaintiff is supplementing opinions of an existing expert based on a review of documents that were not produced at the time that the original deadline was set. The Plaintiff's needed to supplement Dr. Hyde's initial report is substantially justified by the disclosure date of the records which occurred well after the discovery deadline.

> Federal Rule of Civil Procedure 26(e) States:
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

(2) *Expert Witness*. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. [2]

Here, Plaintiff is under an obligation to provide to Defendant the supplemental opinions of Dr. Hyde as these opinions are based on information that was not originally known or in Plaintiff's possession. The pre-trial reports are not due for another two (2) months.

"[R]eopening discovery... require[s] a showing of good cause [.]" *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 576 F.Supp.2d 128, 133 (D.D.C.2008) (citation omitted); *accord* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). "What constitutes good cause ... necessarily varies with the circumstances of each case." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("6A Wright Miller & Kane") § 1522.2 (3d ed. 2010). Good cause can be shown, "[i]n general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence [.]" *Id.; see also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C.Cir.2011) (quoting 6A Wright Miller & Kane § 1552.1 (2d ed. 1990) (citation omitted)). Courts have considered multiple factors when determining whether to grant motions to reopen discovery. These include "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Childers v. Slater*, 197 F.R.D. 185, 188

---

[2] Rule 26(a)(3) is a party's pre-trial disclosure which are scheduled for February 5, 2019.

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 8 of 11 PageID 5047

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **8** of **11**

(D.D.C.2000); *see also Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987); *Vineberg v. Bissonnette,* 548 F.3d 50, 55 (1st Cir.2008). "[W]hether to ... reopen discovery is committed to the sound discretion of the trial court[.]" *Childers,* 197 F.R.D. at 187 (internal quotation marks and citation omitted).

Here, the *Childers* factor weighs in favor of the limited reopening of discovery. First, trial is not imminent. In fact, trial is not scheduled to start for more than four (4) months. Second, the Defendant will not be prejudiced by the supplemental opinions. In fact, the Defendant's defense will be aided by the limited reopening of discovery. It cannot be said that LEE MEMORIAL HEALTH SYSTEM will be surprised by these opinions considering it had access and sole control of these documents well before the Plaintiff has access to them. Also, LEE MEMORIAL HEALTH SYSTEM's Motion for Summary Judgment already provides an opinion and interpretation of the documents.[3] Conversely, the Plaintiff will be severely prejudiced if she is unable to provide an expert opinion on LEE MEMORIAL HEALTH SYSTEM's custom, practice and/or policy of responding to, investing, and reacting to sexual assaults as evidenced by the sexual assault investigation documents. Essentially, if the Plaintiff is unable to provide an expert opinion regarding those documents, it would make the production of the documents meaningless. Third, the Plaintiff was diligent in attempting to obtain the discovery and had LEE MEMORIAL HEALTH SYSTEM not objected to the production request, the documents would have been produced in time to be reviewed by Plaintiff's expert. Fourth, additional discovery is not needed – the only relief that Plaintiff is requesting is the ability to provide the Defendants with

---

[3] Defendant's Motion for Summary Judgment includes the declaration of Debbie Wiles which discusses the investigations of past sexual assaults from 2012 – 2016.

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 9 of 11 PageID 5048

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **9** of **11**

supplemental opinion and allow the Defendants to take Dr. Hyde's update deposition on the supplemental opinions. Finally, the supplemental opinions are relevant evidence because they prove and establish that LEE MEMORIAL HEALTH SYSTEM violated DONIA GOINES' Constitutional Rights under 42 U.S.C. § 1983.

Again, these opinions are not "new" or "different" than what Fred Hyde, M.D. has already expressed – the supplement is Dr. Hyde's interpretation and opinions of the customs, practice and/or policies that LEE MEMORIAL HEALTH SYSTEM was deliberately indifferent to the safety and well-being of its patients with regard to sexual assaults. While he initially expressed this opinion in his initial report, he did not have the documentation of the 16 investigations. The Rule 26(e) requirement that parties supplement their discovery responses is not eliminated just because the stipulated or ordered schedule does not include a deadline for submitting supplemental responses.

Other courts, when faced with similar circumstances, have allowed for the supplement opinions to be provided. *See Luma Corp. v. Stryker Corp.*, 226 F.R.D. 536, 544 (S.D. West Virginia 2005); *see also Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462 (U.S. District Court, D. Maryland 2010); and *Richardson v. Korson*, 905 F.Supp.2d 193 (D.D.C. November 27, 2012).

In making such a determination, to allow supplemental reports from experts, Courts typically consider the following factors: (1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 10 of 11 PageID 5049

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **10** of **11**

*Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F.Supp.2d 456, 460 (U.S. District Court, D. Maryland 1999). Denying Fred Hyde's supplemental report would be tantamount to precluding the evidence contained within the 2,200 pages of sexual assault investigations. Such a ruling would be a severe sanction to the Plaintiff.

The Plaintiff, DONIA GOINES, respectfully requests this Motion for Leave of Court for the Disclosure of Supplemental Expert Opinions and/or the Reopening of Discovery so that the Defendant may have an opportunity to take the update date deposition of Fred Hyde, M.D., be granted.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), the undersigned has conferred with Angelique Lyons, attorney for Defendant, LEE MEMORIAL HEALTH SYSTEM d/b/a CAPE CORAL HOSPITAL who indicated that the Defendant opposes the relief requested herein.

Plaintiff's counsel certifies that he called *pro se* Defendant, JEOVANNI HECHAVARRIA, and left a message to which JEOVANNI HECHAVARRIA did not respond to. Plaintiff counsel further communicated the relief requested *via* email (as has been *pro se* Defendant's customary practice throughout this case) and he has indicated that he objects to this request.

Respectfully submitted this 5th day of December 2018

Respectfully submitted,
**DAVID J. HALBERG, P.A.**
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, FL 33401
PH: (561) 616-3000
FAX: (561) 688-0775

Case 2:17-cv-00656-JES-CM   Document 115   Filed 12/05/18   Page 11 of 11 PageID 5050

Case No.: 2:17-cv-00656-JES-CM
*Goines v. Lee Memorial, et al.*
Plaintiff's Motion For Leave Of Court
Page **11** of **11**

service@halberglaw.com

BY: */s/ Ryan A. Fogg*
RYAN A. FOGG (68773)

### CERTIFICATE OF SERVICE

I certify that on 5 December, 2018 I electronically filed with the Clerk of Court this Plaintiff's Motion for Leave of Court for the Disclosure of Supplemental Expert Opinions and/or to Re-Open of Discovery Deadline for the Update Expert Opinions of Fred Hyde, M.D., and which will send electronic copy hereof to the following:

Angelique Groza Lyons, Attorney at Law
*Constangy, Brooks, Smith, et al.*
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, FL 33601-1840
ALyons@constangy.com;
Tampa@constangy.com

Allison R. Wallrapp, Attorney at Law
*Constangy, Brooks, Smith, et al.*
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, FL 33601-1840
awallrapp@constangy.com

Mark A. Haskins, Esq.
*Mark A. Haskins, P.A.*
Co-Counsel for Lee Memorial Health System
2801 Fruitville Road, Suite 230
Sarasota, FL 34237
Mark@markhaskinspa.com
Chris@markhaskinspa.com

Jeovanni Hechavarria, R.N.
*pro se Defendant*
5320 Summerlin Road, Unit 9
Fort Myers, FL 33919
jhhechavarria@gmail.com