**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**DONIA GOINES,**

      **Plaintiff,**

**v.**                                      **Case No.: 2:17-CV-00656-JES-CM**

**LEE MEMORIAL HEALTH SYSTEM**
**d/b/a CAPE CORAL HOSPITAL;**
**and JEOVANNI HECHAVARRIA, R.N.,**

      **Defendants.**

_____/

### DEFENDANT LEE HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF FRED HYDE

Pursuant to Local Rule 3.01(c), Defendant Lee Memorial Health System, d/b/a Cape Coral Hospital (hereinafter "Defendant Lee Health"), by and through its undersigned counsel, submits its Reply in Support of its Motion to Exclude the Expert Testimony of Fred Hyde as follows:

## I.      **INTRODUCTION**

In arguing for the admissibility of the expert testimony of Fred Hyde, Plaintiff does little more than rely on Hyde's generalized hospital administration experience to support opinions that lack reliable support and do not aid the trier of fact. Plaintiff's Response attaches a Declaration from Hyde that serves only to highlight the lack of connection between his "expertise" and the opinions he offers, and the lack of methodology underlying his opinions.  Simply put, the jury does not need Hyde to decide the very straightforward issues in this case about which he intends to opine.

## II.     LEGAL ARGUMENT

### A.     Hyde's Generalized Work Experience Does Not Qualify Him as an Expert.

Defendant Lee Health explained in its motion why Hyde's background – largely consisting of his employment in hospital administration and finances – fails to make him an "expert" regarding the specific issues upon which he offers an opinion.  In her Response, Plaintiff has submitted a declaration from Hyde which reiterates the nature of his employment history in more detail.  Essentially, Plaintiff's Response doubles down on Plaintiff's argument that the general nature of Hyde's employment makes him an expert.  This argument fails.

First, Plaintiff points out that Hyde is presented as an expert in "hospital management … which has the responsibility to meet accreditation … standards." Dkt. 129 at p. 2.  The fact that Hyde has served as a hospital administrator, however, does not overcome his complete lack of actual experience or expertise in human resources, risk management, and investigating allegations of sexual assault, which are the very subjects on which he opines in his expert report.  Hyde attempts to overcome this glaring deficit by claiming that it is the hospital and not the individual departments that are responsible for accreditation, and therefore as a hospital executive, he has held positions where he had this ultimate responsibility.  Dkt. 129-3 at ¶10-13.  While it is certainly true that the executives of a hospital are responsible for the overall hospital performance and accreditation, this does not make those executives experts on the functions performed, or standards adhered to, by each unique and individual department, such as human resources and risk management.  To qualify Hyde as an expert on hiring, employee retention and risk management based on this theory is inconsistent with the requirements of Rule 702.  Under Plaintiff's argument, any CEO of any company is an expert on the functions performed by the professionals in each department of the company, a proposition that is clearly absurd.

Hyde also refers to his experience of working at hospitals accredited by the Joint Commissions.  Dkt. 129-3 at ¶32-38.  However, his expert opinions in this lawsuit are not on subjects of general accreditation, the Conditions of Participation or the accreditation process.  Instead, Hyde's opinions are very specific as to DNV standards.  Specifically, Hyde's expert opinions center only on his belief that Defendant Lee Health did not comply with the DNV standards.  See generally Dkt. 129-2 at p. 7 (opining that Defendant Lee Health "has fallen short of the accreditation standards of  DNV."; stating that "Despite DNV GL Healthcare's standards for employment, there has been no evidence…"), at p. 8 ("It is unclear how Cape Coral Hospital could have met the DNV GL Healthcare standards…").  Hyde's expert opinions do not cover the more general areas of administrative oversight or accreditation in general.  Hyde is opining on an area, DNV guidelines, on which he plainly admitted in his deposition he has no first-hand experience.  See Dkt. 129-4 at p. 36:3-17.  He attempts to rehabilitate his deposition testimony by making a vague claim in his new declaration that he has experience with the DNV through "medical-legal, consulting and teaching work."  Dkt. 129-3 at ¶33.  However, this general assertion, in light of the very specific admissions in his deposition, is not enough to show he has the knowledge, training or experience regarding the DNV standards to make him an expert on those issues which he has specifically opined[1].  Defendant Lee Health is aware of no authority – and Plaintiff cites none – to support such a low bar for expert qualifications.  To the contrary, the mere fact that a person has some undisclosed amount of work experience in a particular field

---

[1] Hyde's lack of experience with the DNV is critical given the nature of his expert report, which references the DNV guidelines and standards as the basis for every single opinion he offers.  Defendant Lee Health's expert, Gayle Nash, on the other hand, does not rely on the DNV guidelines to support any of her expert opinions.  Instead, Ms. Nash has provided expert opinions about standard practices in hospitals, which is quite different than the stated opinions of Hyde.  Plaintiff repeatedly attempts to broaden Hyde's opinions through her response and the declaration of Hyde, however, Plaintiff is not permitted to change the entire nature of an expert's opinion at this time or in this manner.

does not convert that person to an "expert" in the field.  *See, e.g., Kellum v. Bernlillo Cty.*, No. 1:14-CV-00163 RB/CG, 2015 WL 11143861, at *2 (D.N.M. June 8, 2015) (holding that a correctional officer sergeant employed as an officer for 18 years was not qualified to give an expert opinion regarding the standards that correctional officers must meet in obtaining medical care for inmates, obtaining emergency medical care for inmates, and for training of correctional officers).

Plaintiff also references several other cases in which Hyde has provided expert opinions. This, however, is irrelevant as Plaintiff has not identified the nature of those opinions to the extent that the Court can draw any inference as to Hyde's qualifications to provide his opinions in this case.  In fact, a review of the list identified by Plaintiff shows that Hyde has testified regarding such unrelated topics as medical management, medical supervision, and safety.  Dkt. 129 at p. 4.  Plaintiff has not identified a single case in which Hyde testified regarding the DNV standards.  Similarly, Plaintiff lists a number of consulting jobs performed by Hyde, however, none of those jobs relate to DNV standards or accreditation.  Dkt. 129 at p. 4.   General knowledge and experience in hospital administration does not make Hyde an expert on the DNV standards, which is the stated basis for his expert opinions.

Simply put, Plaintiff's efforts to reinvent the nature of Hyde's opinions in order to establish his expertise are insufficient.  A review of Hyde's written opinions and deposition testimony clearly show that he intends to opine on the DNV standards, and specific human resource and risk management functions as they relate to the DNV standards.  His identified experience as a hospital administrator does not make him an expert in these specific areas, and his complete lack of any identifiable experience with the DNV standards makes it clear that Hyde does not have the expertise required under 702.

4

### B.   Plaintiff's Response Fails to Demonstrate the Existence of a Reliable Methodology for Hyde's Opinions.

In response to Defendant Lee Health's position that Hyde's proffered opinions lack a reliable methodology and therefore must be excluded, Plaintiff merely argues that Hyde used his decades of experience in hospital administration to formulate his opinions after reviewing the documentary evidence.  This, however, is not enough because Plaintiff has failed to identify how Hyde's experience as a hospital administrator supported or assisted in formulating his opinions as to whether Defendant Lee Health's actions were in compliance with the DNV standards.

Plaintiff attempts to claim that Hyde used authoritative texts in reaching his opinions by stating, without any factual support, that Hyde "compared Lee Health's actions to the language of the Certificate of Participation, as well as The Joint Commission and DNV guidelines."  Dkt. 129 at p. 10.  Plaintiff does not cite to Hyde's declaration to support this proposition and, in fact, no such statements are contained in Hyde's declaration or his expert report.  Plaintiff cannot overcome her evidentiary burden by making conclusory statements unsupported by any evidence in the record.  As the Committee Note to the 2000 Amendments of Rule 702 expressly state, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."  Fed. R. Evid. 702 advisory committee's note (2000 amends.), cited and quoted with approval in *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).  Hyde completely fails to meet the aforementioned standard.

Plaintiff also argues that because Hyde's opinions can be "tested", they must be reliable. This view is incorrect and would turn the proper inquiry on its head.  The existence of a reliable methodology is a threshold requirement for admissibility <u>before</u> issues of credibility and

persuasiveness are contested in front of the jury. *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1203 (11th Cir. 2010) (noting that "[u]nder *Daubert*, it is the unique role of the district court to determine whether an expert's opinion is sufficiently reliable to allow it to be presented to a jury."). Only upon a showing of reliability does an expert opinion's reach the point of being tested by cross-examination. *See Frazier*, 387 F.3d 1244, 1262 ("Exactly how reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony *before allowing its admission at trial*.") (emphasis supplied). Because Plaintiff has completely failed to establish any methodology or reliability for Hyde's expert opinions, the question of cross-examination is premature. Plaintiff has failed to provide evidence of a sufficient methodology to demonstrate reliability and therefore Hyde's opinions do not meet the standards of Rule 702.

### C. Plaintiff's Response Fails to Explain How Hyde's Opinions Would Be Helpful to the Jury.

Plaintiff's Response regarding whether Hyde's proffered expert opinions would be helpful to the trier of fact boils down to her assertion that the "average juror" lacks the job-related knowledge and experience of a hospital administrator. Dkt. 129 at p. 15. While it is true that an average juror will not know the DNV standards, Hyde cannot have his cake and eat it to. Either Hyde is purporting to be an expert on the DNV standards (as his written expert opinion clearly indicates) or he is supposed to be an expert on general hospital administration (as he now claims in his declaration). Given that it has already been clearly established that Hyde lacks the experience, training, education and skill to be an expert on the DNV standards, Defendant Lee Health will only address Hyde's new expert persona, that as an expert on general hospital administration. To that end, Hyde has failed to identify why such an expert is needed or will aid the jury in this case. Instead, he merely talks about all of his non-DNV related experience and

6

then argues that jurors do not have the same experience.  Plaintiff's argument supporting Hyde as an expert in general hospital administration is circular, and her attempt to broaden the scope of his testimony to more comport with his education and training makes it impossible for Plaintiff to show how Hyde has any expertise the jury will need in resolving this case.

### D. Hyde's Supplemental Expert Opinions Should be Excluded Under the *Daubert* Factors.

Plaintiff presented a supplement expert opinion by Hyde in which he reviewed production documents regarding 16 other allegations of sexual assault, and formed the opinion that Defendant Lee Health failed to appropriately investigate and follow its own policies and procedures, thereby evidencing deliberate indifference.  Dkt. 120-2 at ¶7.  Hyde's supplemental opinion should be excluded from the trial in this case.[2]

First, Plaintiff has failed to establish that Hyde is an expert in the issue of investigating sexual assault allegations.  As previously explained, Hyde has only been involved in one sexual assault allegation during his entire career, and, in that circumstance, he did not even conduct the investigation himself.  He does not have any experience, education, training or skill in this area. To the extent that Hyde intends to opine as to the appropriate steps to take in a sexual assault investigation and whether Defendant Lee Health met those steps, he is not an expert in this area. To the extent Hyde intends to opine as to whether Defendant Lee Health followed its own policies and procedures, he does not have any special skills, knowledge or training in this area. Merely working as a hospital administrator does not make Hyde qualified to opine of Defendant Lee Health's actions or policies. Such generalized work experience is insufficient to establish qualification for expert testimony.  *See Trumps v. Toastmaster, Inc.*, 969 F. Supp. 247, 252

---

[2] Defendant has already addressed the untimeliness of Hyde's supplemental expert opinion in its Response to Plaintiff's motion seeking leave to supplement Hyde's opinion and re-open discovery. Dkt. 128.

7

(S.D.N.Y.1997) (mechanical engineer not competent to provide opinions on issue involving electrical engineering); *Everett v. Ga.-Pac. Corp.*, 949 F. Supp. 856, 857 (S.D. Ga. 1996) (witness not competent to testify on cause of plaintiff's medical condition simply because he practiced in the area of family medicine and surgery).  Likewise, to the extent Hyde intends to opine as to the requirements of the DNV, Defendant has explained above his lack of expertise in that area.  Accordingly, Hyde does not have the required level of expertise to support his supplemental opinions.

Second, Plaintiff has not established that Hyde's methodology is reliable. To meet the reliability requirement for expert testimony under Rule 702, an expert's opinion must be based on scientifically valid principles, reasoning, and methodology that are properly applied to the facts at issue.  *United States v. Frazier*, 387 F.3d 1244, 1261-1262 (11th Cir. 2004).  Plaintiff fails to establish such reliability for Hyde's supplemental opinions.   In fact, Hyde's supplemental opinion is a lengthy review of the 16 allegations and pointing out specific things that he felt could have been done differently.  Hyde does not, however, provide any basis for support of his position that specific things should have or should not have been done.  He does not point to one specific rule or industry standard as to how to perform the nuts and bolts of an investigation. Lack of any such support to justify, explain or validate Hyde's opinions renders them unreliable. To the extent that Hyde takes the position that Defendant Lee Health was required to conduct a root cause analysis for each assault allegation and failed to do so, Hyde has failed to establish the basis for this opinion as well.  Hyde merely recites what he claims are portions of the DNV and then says "Defendant Lee Health did not do this".   He does not explain the methodology by which he reached these conclusions, or how the actions taken by Lee Health fell below the general standards that he references.   For example, Hyde states that Defendant Lee Health

8

reported an incident to the state less than 24 hours after it occurred and therefore it must not have been a thorough investigation.  Dkt. 120-2 at ¶19.  Hyde fails to explain, however, how he reached this conclusion.  "In order to be admissible, an expert's testimony must be based on 'more than subjective belief or unsupported speculation.'"  *Haggerty v. Upjohn Co.*, 950 F. Supp. 1160 (S.D. Fla. 1996) (citing *Daubert*, 509 U.S. at 590).

Third, Plaintiff has failed to present any evidence to show how Hyde's assertions in his supplemental declaration would assist the jury in deciding this case.  The vast majority of Hyde's supplemental declaration relates to Hyde's opinions that Lee Health did not follow its own policies and procedures.  Dkt. 120-2 at ¶32-36, 49-69. The jury does not need special knowledge or expertise to decide whether Lee Health followed its own policies; this is a simple argument a jury can easily accept or reject without the need for expert testimony.  *Estate of Marin-Torres*, 2016 WL 4051318 at *6 (excluding expert testimony where the expert's opinion was "not an 'opinion' so much as it [was] a statement of the obvious.").   To the extent that Hyde opines that Defendant Lee Health did not take investigations seriously or created a culture of indifference, there is no basis to believe the jury would need his assistance in making these determinations. *See Krause v. CSX Transp.*, 984 F. Supp. 2d 62, 81 (N.D.N.Y. 2013) (granting motion in limine to exclude proffered testimony regarding what constitutes safe working conditions at a rail yard, as such matters were not "beyond the ken of the average juror."); *Calvit v. Procter & Gamble Mfg. Co.*, 207 F. Supp. 2d 527, 529 (M.D. La. 2002) (excluding expert testimony regarding the adequacy of a product warning label, as "[t]he adequacy of the warning is a factual issue which the jury can handle without expert help from either side).  Hyde's testimony should be excluded because the jury in this case is capable of determining whether Defendant Lee Health followed its own policies, whether Lee Health took allegations seriously and whether Lee Health created a

culture of indifference.  Expert knowledge is not needed to make any of those determinations.

*McGinnis v. Am. Home Mortg. Servicing Inc.*, No. 5:11-CV-284 CAR, 2013 WL 3338922, at *9

(M.D. Ga. July 2, 2013) (excluding expert opinion where the purported expert's inferences were

on "lay matters which a jury is capable of understanding and deciding without an expert's

help.").   Accordingly, Hyde's testimony as set forth in his supplemental declaration should be

excluded.

Respectfully submitted,

/s/Angelique Groza Lyons
Angelique Groza Lyons, Fla. Bar No. 118801
alyons@constangy.com
**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
100 North Tampa Street, Suite 3350
Post Office Box 1840 (33601-1840)
Tampa, Florida  33602
 (813) 223-7166 / Fax:  (813) 223-2515

Mark A. Haskins, Esq., Fla. Bar No. 881627
mark@markhaskinspa.com
MARK A. HASKINS, P.A.
2801 Fruitville Road, Suite 230
Sarasota, Florida 34237-5365
(941) 281-4000 / Fax: (941) 281-4001

Attorneys for Defendant Lee Health

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2019, a true and correct copy of

the foregoing was filed with the Clerk of Court using the CM/ECF System, which will send an

electronic notice of filing to, or was otherwise served via email on, the following:

Ryan A. Fogg, Esq.
David J. Halberg, Esq.
DAVID J. HALBERG, P.A.
1615 Forum Place, Ste. 3-B
West Palm Beach, FL 33401

Jeovanni H. Hechavarria, R.N.
5320 Summerlin Rd., Unit 9
Ft. Myers, FL 33919
JHHechavarria@gmail.com

5605730v.1

Service@HalbergLaw.com

/s/Angelique Groza Lyons
Angelique Groza Lyons
Attorney

5605730v.1