**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**DONIA GOINES,**

     **Plaintiff,**

**v.**                                    **Case No.: 2:17-CV-00656-JES-CM**

**LEE MEMORIAL HEALTH SYSTEM**
**d/b/a CAPE CORAL HOSPITAL;**
**and JEOVANNI HECHAVARRIA, R.N.,**

     **Defendants.**

_____/

**DEFENDANT LEE HEALTH'S MOTION**
**FOR AN EVIDENTIARY HEARING, MEMORANDUM OF LAW,**
**AND CERTIFICATE OF GOOD FAITH**

Defendant Lee Memorial Health System d/b/a Cape Coral Hospital (hereinafter "Defendant Lee Health"), by and through its undersigned attorneys, hereby moves the Court for an order scheduling an evidentiary hearing in this matter to address the issue of spoliation of evidence by Plaintiff and her attorneys. In support of this Motion, Defendant Lee Health states:

**I.**     **FACTUAL BACKGROUND**

As this Court is aware, Plaintiff claims that on the evening of July 17, 2016, Defendant Hechavarria, then an employee of Defendant Lee Health, sexually assaulted her while she was a patient in Defendant Lee Health's hospital. As part of discovery in this case, Defendant Lee Health has attempted to obtain discovery of Plaintiff's Facebook postings. Defendant Lee Health was, through its own means, able to obtain limited pages from Plaintiff's Facebook account which are directly relevant to a central issue of this case – what happened on July 17, 2016 while

Plaintiff was a patient in the hospital[1].  Plaintiff has failed to produce any Facebook documents and has given contradictory accounts as to the reasons she cannot provide the information.  The relevant chronology of events is as follows:

| | |
|---|---|
| October 2017 | Plaintiff claims her Facebook account was deactivated at this time. |
| March 26, 2018 | Plaintiff sent an email to her therapist indicating that her brother had created a GoFundMe account, and Goines was considering posting it on her Facebook account. |
| April or May 2018 | Plaintiff becomes reacquainted with Todd Patrick via Facebook. |
| April 23, 2018 | Plaintiff provides discovery responses in which she claimed her Facebook account had been deactivated back in October 2017 and she could not retrieve its contents. |
| May 16, 2018 | Plaintiff provides supplemental interrogatory answers advising that "I do not have access to my former Facebook account as it has been deleted, I have attempted to gain access to it however I am unable to retrieve any of the information, posts, or photographs." |
| June 2018 | Plaintiff admitted at her deposition that she had reactivated her Facebook account sometime in 2018 for "a couple of weeks." She admitted she never tried to access her Facebook account in order to search for documents and information responsive to Defendant Lee Health's discovery requests (which is in direct contradiction to her interrogatory response from the previous month). |
| August 13, 2018 | Ryan Fogg, Plaintiff's attorney, represented in a letter to the undersigned that "The fact of the matter is that in effort to comply with the discovery rules, my office attempted to access Ms. Goines' Facebook account after your request for production was received.  We were unable to access any material because the account had been deleted." |
| September 5, 2018 | Todd Patrick is deposed and testifies that he became reacquainted with Plaintiff through Facebook in either April or May 2018 (this is the first time Defendant Lee Health learned this information). |
| September 2018 | Ryan Fogg, Plaintiff's attorney, stated during a telephone call that he knows for a fact that Plaintiff's Facebook account is not accessible because his office obtained Plaintiff's log on and password information, |

---

[1] Defendant Lee Health obtained these limited Facebook postings back in 2016, prior to the date Ms. Goines filed her lawsuit. Defendant Lee Health did not obtain all of the posts from this time period as it intended to obtain the remaining documents during the discovery process.

| | and tried to find her Facebook account, but they were unable to do so because it no longer exists. |
|---|---|
| December 11, 2018 | Defendant Lee Health files its Amended Motion for Spoliation Sanctions. |
| December 22, 2018 | Plaintiff files her response to Defendant Lee Health's Amended Motion for Spoliation Sanctions stating "Second, LEE never requested that GOINES reactivate her account to specifically confirm that none of the posts existed.  Nonetheless, GOINES' counsel attempted to do so." |
| February 4, 2019 | An anonymous letter regarding the Facebook spoliation issue was mailed to counsel for Defendant Lee Health and Defendant Hechavarria[2]. |
| February 12, 2019 | The Court received a letter containing information regarding the Facebook spoliation issue. |

The allegations raised in the February letters, along with Plaintiff's inconsistent and contradictory testimony provided during discovery in this case, raise multiple issues warranting an evidentiary hearing.

## II.      MEMORANDUM OF LAW

The Court has the authority to hold an evidentiary hearing when there is a dispute of fact that requires resolution.   "An evidentiary hearing is generally only required where there is a disputed issue of material fact. *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) ("Where the injunction turns on the resolution of bitterly disputed facts, ... an evidentiary hearing is normally required to decide creditability issues."); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)[3] (finding, in the criminal context, that if the allegations are sufficient to establish a claim "and factual issues are raised, a hearing is required."); *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 882 (11th Cir. 2000) (concluding that for issues of standing, an evidentiary hearing is required where there are facts in

---

[2] Defendant Lee Health is prepared to provide the Court with a copy of the anonymous letter as instructed by the Court either at the evidentiary hearing or for *in camera* review.

dispute and credibility issues to be determined)." *Stok Folk + Kon, P.A. v. Fusion Homes, LLC*, 584 B.R. 376, 381 (S.D. Fla. 2018).

In this case, there are significant issues of fact that requires resolution at this stage of the litigation.   First, the question of whether and when Plaintiff deactivated and/or deleted her Facebook account is an issue of substantial importance to this litigation.   Plaintiff's actions may amount to spoliation of evidence which is a serious matter that may warrant sanctions as explained in Defendant Lee Health's Amended Motion for Spoliation Sanctions.   The recent letters received in this case raise issues of fact directly related to the question of spoliation which must be considered by the Court in ruling on the Amended Motion for Spoliation Sanctions. Second, if the assertions made in the recent correspondence are true, additional sanctions and actions would be appropriate.

The Court cannot accurately access the veracity of the statements made in the correspondence or the issues presented in the Amended Motion for Spoliation Sanctions without an evidentiary hearing.   The specific information which must be determined by the Court include:

- Plaintiff's specific actions in accessing her account in April or May 2018

- The specific steps Plaintiff took to deactivate and/or delete her account

- The date Plaintiff deactivated and/or deleted her account

- The specific steps taken by Plaintiff to preserve evidence

- The specific steps taken by Plaintiff to comply with discovery requests

- The specific steps taken by her attorney and his law firm to access Plaintiff's Facebook account

- Whether the allegations raised in the recent correspondence are true

All of these facts are critical and need to be explored so that the Court can rule on the pending Motion and address the recent issues.

These issues are extremely significant in this litigation and should not become overshadowed by the unusual format by which the recent information was received. While Plaintiff's counsel has not provided any explanation to the Court regarding the allegations raised in the letter received by the Court, they have indicated to the undersigned that they believe the letter received by the Court was written by a former employee of their law firm (Bryce Ritchie) and that she has engaged in similar behavior in the past.  Defendant Lee Health is unable to assess the veracity of this information or the information contained in the letters.  However, the manner in which the letters were sent and the belief of opposing counsel as to the motivation for the letters are not important and should not distract from the matter at hand.   The important issue is not the source of the information but rather whether the information is true.   There are a number of issues raised in the letters and inconsistencies in the record that warrant further fact finding.   For example, Goines's attorneys admit that they had access to Goines's Facebook account and attempted to access it.   The steps taken in this regard and the specific information uncovered needs to be resolved, and the only way to do so is through an evidentiary hearing.   As a further example, Goines claimed in her interrogatory answers that she attempted to access her Facebook account to look for discoverable information, but was unable to do so; inexplicably, however, she then testified that she has never tried to access her Facebook account as part of responding to discovery in this case.   Given that Goines had an obligation under the discovery rules to make reasonable efforts to access the information, the contradiction between her interrogatory answers and deposition testimony needs to be resolved.   Likewise, the specific acts taken by Goines's counsel to access her account also need to be resolved, not only to ascertain

whether there were discovery violations but also to assess the credibility of the recent information.

Counsel's explanation as to the source of the recent information does not make the information untrue, especially when certain other facts are consistent with that information. The underlying truth can only be uncovered through an evidentiary hearing in which Ms. Goines, Mr. Fogg, Ms. Hill and Ms. Ritchie are subpoenaed to appear and provide testimony.   Absent discovery and evidence on this issue, Defendants will be unfairly prejudiced and the Court will be unable to make an informed ruling on the pending Amended Motion for Spoliation Sanctions.

Based on the foregoing, Defendant Lee Health asks this Court to enter an Order scheduling an evidentiary hearing, and issue subpoenas requiring Ms. Goines, Mr. Fogg, Ms. Hill and Ms. Ritchie to provide testimony at the hearing.

Alternatively, if this Court does not rule that an evidentiary hearing is warranted in these circumstances, Defendant Lee Health requests the Court to re-open discovery on this specific issue and allow Defendant Lee Health to take the depositions of Ms. Goines, Mr. Fogg, Ms. Hill and Ms. Ritchie on this issue.

<u>**CERTIFICATE OF GOOD FAITH**</u>

Counsel for Defendant Lee Health has reached out to counsel for Plaintiff in a good faith effort to see if he opposes the relief requested herein. Counsel for Plaintiff stated that he anticipates sending a response to the sealed document filed by the Court and if the Court feels it is necessary to have an evidentiary hearing after reviewing the response, Counsel for Plaintiff is in agreement.  Counsel for Defendant spoke to Defendant Hechavarria who agrees to the relief requested.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801

alyons@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515

Mark A. Haskins, Esq., Fla. Bar No. 881627
mark@markhaskinspa.com
MARK A. HASKINS, P.A.
2801 Fruitville Road, Suite 230
Sarasota, Florida 34237-5365
(941) 281-4000 / Fax: (941) 281-4001

Attorneys for Defendant Lee Health

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF System, which will send an electronic notice of filing to, or was otherwise served via email on, the following:

Ryan A. Fogg, Esq.                      Jeovanni H. Hechavarria, R.N.
David J. Halberg, Esq.                  5320 Summerlin Rd., Unit 9
DAVID J. HALBERG, P.A.                  Ft. Myers, FL 33919
1615 Forum Place, Ste. 3-B             JHHechavarria@gmail.com
West Palm Beach, FL 33401
Service@HalbergLaw.com

/s/Angelique Groza Lyons
Attorney