```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DONIA GOINES,

       Plaintiff,

v.                           Case No:  2:17-cv-656-FtM-29UAM

LEE MEMORIAL HEALTH SYSTEM,
d.b.a. Cape Coral Hospital
and JEOVANNI HECHAVARRIA,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motions to Exclude Expert Testimony (Doc. #106; Doc. #107) filed on November 19, 2018.  Defendant Lee Memorial filed Responses in Opposition (Doc. #112; Doc. #113) on December 3, 2018.  For the reasons that follow, the motions are denied.

**I.**

Lee Memorial, a public health care system codified under Florida law, hired defendant Jeovanni Hechavarria as a night nurse for the Cape Coral Hospital in the fall of 2014.  (Doc. #31, p. 2; Doc. #120-22, pp. 761-62.)  In March of 2015, non-party Brianna Hammer, a patient at the hospital, accused Hechavarria of sexual assault.  (Doc. #122-1, pp. 3-5.)  Lee Memorial investigated Hammer's allegation and determined it was unsubstantiated.  (Doc. #120-29, p. 1889.)  In July of 2016, Hechavarria was arrested by

the Charlotte County Sheriff's Office for an unrelated battery. (Doc. #120-46, pp. 2849-50.) Seven days after the arrest, plaintiff was admitted to the Cape Coral Hospital and Hechavarria was assigned as her night nurse. (Doc. #120-49, pp. 3011, 3019-20.) Plaintiff alleges she was sexually assaulted by Hechavarria during the evening. (Id. pp. 3024-36.)

In April of 2018, plaintiff filed an Amended Complaint asserting a section 1983 claim and several common law negligence claims against Lee Memorial, as well as a common law assault and battery claim against Hechavarria. (Doc. #31.) To counter these allegations, Lee Memorial has retained Denise Kay and Gayle Nash. (Doc. #112, p. 1; Doc. #113, p. 2.) Ms. Kay, who Lee Memorial asserts is an expert in the field of human resources, has been retained "[t]o address the issue of the standard human resource practices for conducting background screenings, hiring, supervising and investigating employees." (Doc. #113, p. 2.) Ms. Nash, who Lee Memorial asserts is "an expert on the federal standards with which all hospitals must comply to participate in Medicare and Medicaid," has been retained "to explain that [Lee Memorial]'s treatment of the Hammer situation was in-line with accepted policies and procedures." (Doc. #112, p. 1.)

Plaintiff now seeks to exclude both Ms. Kay's and Ms. Nash's testimony because (1) they were retained after Lee Memorial requested an extension to disclose its expert witnesses, and (2)

their opinions fail to meet the standard for admissibility. (Doc. #106, p. 1; Doc. #107, p. 1.) Plaintiff also argues Ms. Nash's opinions should be excluded because Lee Memorial "refused" to allow plaintiff to finish Ms. Nash's deposition. (Doc. #107, p. 15.) The Court will address these arguments in turn.

**II.**

Plaintiff's first argument relates to an alleged misrepresentation Lee Memorial made to this Court. Per an amended case management and scheduling order for this case, Lee Memorial was required to disclose its expert reports by August 24, 2018. (Doc. #55.) On August 23rd, Lee Memorial filed a motion to extend the deadline for expert disclosures and discovery. (Doc. #68.) In requesting a two-week extension, Lee Memorial stated its experts would be unable to finalize their reports by the August 24th deadline:

> The number of Plaintiff's experts, volume of Plaintiff's experts' reports, the wide scope of information reviewed by Plaintiff's experts in preparing their opinions, and scheduling issues for the undersigned and Defendant [Lee Memorial]'s experts have resulted in the inability of Defendant's experts to finish reviewing the documents and providing their opinions before the deadline.

(Id. p. 4.) Over plaintiff's objection to the requested relief, (Doc. #69), the Magistrate Judge granted the motion in part and extended the disclosure date until September 7, 2018. (Doc. #71.) Lee Memorial subsequently disclosed Ms. Kay and Ms. Nash as expert witnesses. Per plaintiff, it was subsequently discovered that Ms.

Kay and Ms. Nash were not formally retained by Lee Memorial until after the motion for extension was filed. (Doc. #106, p. 5; Doc. #107, p. 5.) Since the motion suggested Lee Memorial had already retained experts who simply needed additional time to complete their reports, plaintiff now argues Lee Memorial made misrepresentations to the Court and Ms. Kay and Ms. Nash should be precluded from testifying as a sanction. (Doc. #106, pp. 3-6; Doc. #107, pp. 3-5.)

Lee Memorial responds that at the time of its motion, its experts were unable to finish their reports. (Doc. #112, p. 3; Doc. #113, pp. 3-4.) Lee Memorial subsequently determined, based on the scope and content of plaintiff's expert reports, that different experts were required. (Doc. #112, p. 4; Doc. #113, p. 4.) Accordingly, Lee Memorial argues it did not make misrepresentations in the prior motion.

Having considered the arguments and the record evidence, the Court denies plaintiff's request to exclude Ms. Kay and Ms. Nash based on the alleged misrepresentation. Lee Memorial's motion seeking an extension simply noted that its experts would not be able to complete their reports prior to the deadline. In the order extending the deadline, the Magistrate Judge found Lee Memorial had demonstrated good cause for the extension "given Plaintiff's four experts and reports covering a broad scope of topics." (Doc. #71, p. 3.) The Court accepts Lee Memorial's

explanation for obtaining new expert witnesses and, under the circumstances, finds exclusion of Ms. Kay and Ms. Nash inappropriate. See NAACP v. Fla. Dep't of Corr., 2002 WL 34708021, *1 (M.D. Fla. May 6, 2002) (noting that "excluding evidence and striking a party's expert witness is a drastic sanction").

**II.**

Plaintiff next argues that Ms. Kay's and Ms. Nash's testimony should be excluded because their opinions are inadmissible. Having reviewed the arguments, as well as the expert reports and depositions, the Court disagrees.

**A. Legal Background**

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 contemplates that the district court will serve as gatekeeper to the admission of scientific testimony to ensure that any and all expert testimony is both relevant and reliable. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1183 (11th Cir. 2013). "The Supreme Court did not intend, however, that the gatekeeper role supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." McDowell v. Brown, 392 F.3d 1283, 1299 (11th Cir. 2004) (marks and citations omitted).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact. Arthrex, Inc., v. Parcus Med., LLC, 2014 WL 3747598, *1 (M.D. Fla. July 29, 2014) (citing Tampa Bay Water, 731 F.3d at 1183). The burden of laying the proper foundation for the admission of expert testimony "is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Kilpatrick v. Breg, Inc., 613

F.3d 1329, 1335 (11th Cir. 2010) (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Frazier, 387 F.3d at 1258.

**B. Factual Background**

Ms. Kay has a juris doctorate and a bachelor's degree in organizational communications and industrial psychology. (Doc. #106-4, p. 238.) She is also certified as a senior professional in human resources from the Human Resource Certification Institute associated with the Society for Human Resource Management. (Id.) For the last nineteen years, Ms. Kay has been employed as a human resources consultant developing and implementing human resources policies and procedures, providing training, and conducting investigations on employment-related matters. (Id. p. 239.) Ms. Kay is also a nationally recognized speaker on employee relations topics and publishes articles on employment law topics as part of her employment. (Id.)

Ms. Kay has offered the following opinions: (1) Lee Memorial used human resources best practices in screening and qualifying applicants for employment; (2) Lee Memorial carefully considered criminal history before disqualifying an applicant, which is consistent with human resources best practices; (3) Lee Memorial met every standard for effective performance management of

Hechavarria; (4) Lee Memorial did everything expected and within standard industry practice and care to educate, inform, practice, and demand accountability and behavioral standards from its employees; and (5) Lee Memorial had appropriate staffing, structure, policies, human resource resources, and reporting mechanisms to properly supervise and oversee employee performance and behavior.[1]  (Doc. #106-4, pp. 242-46.)

Ms. Nash has an associate degree in nursing, a bachelor's degree in health services management, and a master's degree in health services administration.  (Doc. #107-4, p. 83.)  In addition to her education, Ms. Nash has over thirty-five years of experience in nursing administration, accreditation, and quality assurance.  (Id. p. 82.)  Ms. Nash has worked as a chief nursing officer at several institutions, as well as an accreditation director and consultant.  (Id. pp. 83-86.)  She previously worked as an integrated nurse surveyor for the Joint Commission, and continues to consult with organizations for accreditation preparation.  (Id. pp. 82, 84.)

In her report, Ms. Nash has offered the following opinions: (1) risk management staff and human resources staff do not collect evidence; (2) Lee Memorial's two day investigation of Hammer's

---

[1] To the extent Ms. Kay is opining on Lee Memorial's hiring practices, the Court notes that plaintiff's negligent hiring claim was dismissed with prejudice by a prior order.  (Doc. #150.)

- 8 -

complaint was within the guidelines of the Centers of Medicare and Medicaid Services; (3) it is not standard practice for risk managers to receive specialized training and to interview sexual assault victims; and (4) risk management can rely on police investigations as part of its analysis. (Doc. #107-3, pp. 79-80.)

In seeking to exclude Ms. Kay's and Ms. Nash's opinions and testimony, plaintiff argues both Ms. Kay and Ms. Nash lack the knowledge, skill, experience, training, or education to offer opinions on these matters, their opinions are unreliable, and their opinions would not assist the trier of fact. (Doc. #106, p. 8; Doc. #107, p. 7.) The Court will address these arguments in turn.

### C. Qualifications to Render Opinions

As noted, the first inquiry in determining whether an expert's testimony is admissible is determining whether the expert is qualified to testify on the topic at issue. Arthrex, 2014 WL 3747598, *1 (citing Tampa Bay Water, 731 F.3d at 1183). Plaintiff argues Ms. Kay and Ms. Nash are not qualified to offer several of the opinions listed above.

**Ms. Kay**

Regarding Ms. Kay, plaintiff first argues her testimony should be excluded because Ms. Kay's opinions regarding "best practices" are irrelevant. (Doc. #106, p. 9.) Plaintiff argues such opinions do not relate to the elements of plaintiff's claims and the "best practice" standard is not the legal standard

applicable to the case. (Id. pp. 9-12.) Having reviewed Ms. Kay's expert report and deposition, the Court rejects this argument. To the extent Ms. Kay is opining that Lee Memorial's policies or actions were consistent with human resources "best policy," it is clear from the record she is referring to standard human resource practices and industry standards. Accordingly, Ms. Kay's testimony is relevant. See Silcox v. Hunter, 2018 WL 3633251, *12 (Fla. M.D. July 31, 2018) (finding that expert could offer opinions on whether policies complied with common industry standards and practices and whether the defendant complied with industry standards could bear on the standard of care in determining negligence).[2]

Plaintiff next argues that Ms. Kay's opinions should be excluded because she lacks the knowledge and experience to opine as an expert. (Doc. #106, p. 15.) Specifically, plaintiff argues Ms. Kay cannot testify because she has never been employed as a hospital human resources officer, risk manager, or in-house attorney. (Id. pp. 15-16.) This argument is misplaced. Ms. Kay's general experience in human relations, along with her education and training, qualify her to testify on human resource

---

[2] Plaintiff also seeks to exclude Ms. Kay's opinions on the grounds they are legal conclusions and may confuse the jury. (Doc. #106, pp. 12-15.) The Court disagrees. Ms. Kay's opinions are in reference to industry standards based on her knowledge and experience and do not constitute legal conclusions.

topics.  Ms. Kay's lack of experience working for a hospital goes to the weight of her opinions, not their admissibility.  See Anderson v. Techtronic Indus. N. Am., Inc., 2015 WL 12843836, *2 (M.D. Fla. Apr. 14, 2015) ("The qualification standard for expert testimony is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not to admissibility." (citation omitted)); Furmanite Am., Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) ("An expert is not necessarily unqualified simply because her experience does not precisely match the matter at hand.").

**Ms. Nash**

Plaintiff argues Ms. Nash is not qualified to offer her first, third, and fourth opinions.  (Doc. #107, p. 9.)  Regarding her first opinion, Ms. Nash states in her report that evidence retrieval is a function of law enforcement and securing evidence requires "training and specific equipment that is obtained through the police department or law enforcement."  (Doc. #107-3, p. 79.) She further states that "[s]pecialized training for gathering evidence is not a core competency for Risk Management staff or Human Resource staff."  (Id.)  Regarding her third opinion, Ms. Nash states that risk managers "are not usually and specifically trained to interview victims of sexual assault because their role is to investigate an incident and gain information," and not to

determine whether a crime was committed. (Id.)  She further opines that Lee Memorial's risk management department completed its function with regards to the Hammer allegation. (Id. pp. 79-80.)  Finally, regarding her fourth opinion, Ms. Nash states that "[a] police investigation is an important part of a risk management investigation" and can be used "as an adjunct" for risk management's conclusions. (Id. p. 80.)

Plaintiff argues Ms. Nash is not qualified to offer these three opinions because they pertain to risk management and "Ms. Nash fails to have any qualifications that would permit her to opine regarding risk management matters." (Doc. #107, p. 7-9.) Having reviewed Ms. Nash's report and deposition testimony, the Court disagrees.

While Ms. Nash has never been a risk manager or director, she has been a chief nursing officer in multiple facilities and responsible for overseeing risk management departments. (Doc. #107-1, p. 22; Doc. #107-3, p. 75.) It is in this capacity that she has gained her knowledge and experience regarding risk management in a hospital setting. (Doc. #107-3, p. 75.) Regardless, Lee Memorial is not offering Ms. Nash as an expert in risk management. Rather, Ms. Nash is being offered as an expert "on how hospitals develop, enact, and implement policies and procedures designed to comply with the federal government's Medicare and Medicaid standards." (Doc. #112, p. 5.) It is in

this role that Ms. Nash examines hospital policies and procedures, including risk management procedures, to determined federal compliance. (Id. p. 10.) To the extent Ms. Nash's three opinions relate to compliance with federal Medicare and Medicaid standards, the Court finds she possesses the requisite knowledge and experience to render such opinions. See StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., 2015 WL 3824170, *4 (M.D. Fla. June 19, 2015) (noting the "relatively low threshold for qualification" of expert testimony). Plaintiff's argument that Ms. Nash does not have sufficient experience or knowledge of risk management goes to the weight of her opinions rather than their admissibility. See Anderson, 2015 WL 12843836, *2.

**D. Reliability of Testimony**

The second inquiry for determining the admissibility of expert testimony is whether the methodology used by the expert is sufficiently reliable. Arthrex, 2014 WL 3747598, *1 (citing Tampa Bay Water, 731 F.3d at 1183). The reliability prong is distinct from an expert's qualifications; thus, an expert can be qualified but his opinions unreliable. See Frazier, 387 F.3d at 1261. The Supreme Court has provided a non-exhaustive list of factors to guide courts in assessing the reliability of expert opinions: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific

technique; and (4) whether the technique is generally accepted in the scientific community." Kilpatrick, 613 F.3d at 1335 (citing Daubert, 509 U.S. at 593-94). Although these criteria are more applicable to assessing the reliability of a scientific expert's opinions, they "may be used to evaluate the reliability of non-scientific, experience-based testimony." Frazier, 387 F.3d at 1262 (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999)). "Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." Id.

**Ms. Kay**

Plaintiff argues Ms. Kay's testimony should be precluded because it is unreliable. (Doc. #106, p. 14.) The Court disagrees. Ms. Kay analyzed Lee Memorial's policies and the depositions in this case based on her years of experience in the human resources field. She also utilized guidance from the Equal Employment Opportunity Commission, the Society for Human Resource Management, and various published articles regarding hiring, background checks, and workplace safety. (Doc. #106-4, p. 240.) The Court finds Ms. Kay's opinions are sufficiently reliable.[3]

---

[3] Plaintiff argues Ms. Kay's opinions are unreliable because she misunderstands the law. (Doc. #106, p. 14.) However, Lee Memorial is not offering Ms. Kay as a legal expert. To the extent Ms. Kay's legal knowledge (or lack thereof) is relevant, it would

See Silcox, 2018 WL 3633251, *11 ("Eisner explains that his experience and education have made him familiar with several publications concerning jail standards and practices, and that he analyzed the facts of the case in accordance with those standards and what he knowns from his education and substantial experience in formulating his opinions." (citations omitted)).

Finally, plaintiff argues Ms. Kay's opinions should be excluded because she "has been precluded from testifying as an expert witness in Federal Court and failed to admit it during her deposition." (Doc. #106, p. 18.) Even assuming the preclusion of Ms. Kay's testimony in a different case in a different court was relevant to the admissibility of her testimony in this case, plaintiff has offered no evidence as to why Ms. Kay's opinions were precluded in the previous case. Having found Ms. Kay qualified and her opinions sufficiently reliable, the Court declines to exclude her testimony based on an unrelated case from ten years ago.

**Ms. Nash**

Plaintiff argues Ms. Nash's opinions are unreliable because they contradict Lee Memorial's own policies and are "likely the result of contriving an opinion to reach a particular result." (Doc. #107, pp. 10-13.) Further, plaintiff states Ms. Nash's

---

be an issue of credibility and not admissibility.

opinions "are really mere bare-bone assertions as opposed to actual expert opinions." (Id. p. 11.) The Court disagrees.[4]

Regarding plaintiff's first argument, Lee Memorial's Sexual Abuse Prevention and Reporting policy states "[c]are shall be taken to preserve any physical evidence." (Doc. #120-6, p. 61; Doc. #120-7, p. 64.) Plaintiff argues this policy directly contradicts Ms. Nash's opinion that a hospital risk management department does not "collect" evidence. (Doc. #107, p. 11.) The Court rejects this argument. Plaintiff is essentially arguing that Lee Memorial's policy regarding preservation of evidence requires affirmative collection of the evidence. Lee Memorial, in contrast, argues the policy does not require such action. (Doc. #112, pp. 12-13.) Given the different ways in which the term "preserve" can be interpreted, the Court disagrees Ms. Nash's opinion is "in direct contradiction" of Lee Memorial's policy.

Plaintiff also argues that Ms. Nash failed to utilize a reasonable methodology and instead simply makes "bare-bone assertions." (Doc. #107, p. 11.) The Court disagrees with this argument as well. Ms. Nash examined Lee Memorial's policies and procedures, as well as the various depositions and documents, and

---

[4] Plaintiff also argues the opinions are unreliable because Ms. Nash has "previously testified in direct contrast to the opinions that she has proffered in this case." (Id. p. 13.) The Court rejects this argument. To the extent Ms. Nash has provided prior inconsistent statements relevant to the opinions she is now asserting, those statements would go to Ms. Nash's credibility.

then determined based on her experience and knowledge that Lee Memorial "acted within standards of practice and in compliance with the Centers for Medicare and Medicaid Services and their own policies and procedures." (Doc. #107-3, p. 80.) The Court finds Lee Memorial has demonstrated Ms. Nash's opinions are sufficiently reliable. See Silcox, 2018 WL 3633251, *11.

**E. Assistance to Jury**

The final criteria for the admission of expert testimony is the requirement that the testimony assist the jury. Arthrex, 2014 WL 3747598, *1 (citing Tampa Bay Water, 731 F.3d at 1183). "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63.

**Ms. Kay**

Plaintiff makes a brief argument that Ms. Kay's testimony will not assist the jury "because her opinions are not outside the common knowledge and understanding of jurors." (Doc. #106, p. 8.) Plaintiff also states that Ms. Kay's testimony regarding standard human resources practices will also not help the trier of fact. (Id.) The Court disagrees. Ms. Kay's opinions regarding standard human resource practices are based on knowledge and experience unlikely to be held by the average juror. As the Court has already

determined the opinions are relevant to plaintiff's claims, the Court finds they will assist the jury. See Silcox, 2018 WL 3633251, *11.

**Ms. Nash**

Plaintiff makes a general assertion that Ms. Nash's opinions will not assist the trier of fact, (Doc. #107, p. 7), but provides no further argument or legal support for this claim. Accordingly, plaintiff has waived this argument. See Wilson v. Astrue, 2012 WL 3628679, *10 (M.D. Fla. Aug. 16, 2012) ("Issues raised in a perfunctory manner, without supporting arguments and/or citation to authorities, are generally deemed to be waived." (citing Cont'l Tech. Serv., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991)).

## III.

Plaintiff's final argument concerns only Ms. Nash. Plaintiff argues Ms. Nash's testimony should be excluded because Lee Memorial "refused" to allow plaintiff to finish deposing Ms. Nash. (Doc. #107, pp. 15-16.) Per plaintiff, Lee Memorial concluded the deposition after roughly two hours because Ms. Nash had a scheduled flight. (Id. p. 15.) Plaintiff states she was unaware there would be a "hard time restriction" on the deposition and Lee Memorial has refused to allow plaintiff to complete the deposition. (Id.) Lee Memorial responds that plaintiff was aware Ms. Nash had a limited availability for the deposition. (Doc. #112, p.

16.)  In an email exchange provided to the Court, Lee Memorial informed plaintiff Ms. Nash would be available for a deposition on October 22, 2018 from 8 am to 10:30 am.  (Doc. #107-9, p. 96.)  Plaintiff informed Lee Memorial she would "take that date," having previously told Lee Memorial each expert deposition would take "2-3 hours."  (Doc. #112-2, p. 22; Doc. #112-3, p. 24.)

The Court denies plaintiff's request to exclude Ms. Nash on this basis.  The record shows that plaintiff was aware Ms. Nash was available on October 22nd until 10:30am and nonetheless selected that date for the deposition.  Furthermore, to the extent plaintiff argues Lee Memorial has refused to allow Ms. Nash's deposition to be completed, plaintiff could have filed a motion to compel such a result.  Rather than pursuing this avenue of relief, plaintiff instead waited and used it as a basis to seek the exclusion of Ms. Nash's testimony.  The Court declines to reward such gamesmanship.  See Steed v. EverHome Mortg. Co., 308 Fed. App'x 364, 371 (11th Cir. 2009) ("[W]hile EverHome raised boilerplate objections to certain discovery requests, the district court did not abuse its discretion in declining to impose sanctions against EverHome on this ground.  Steed could have filed a motion to compel that would have enabled the district court to address the problems of which he complained.  Instead, he waited and filed a motion for sanctions, contributing to the problem." (citation omitted)); Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d

1372, 1380 n.13 (M.D. Fla. 2009) (recognizing that the Court does not countenance gamesmanship).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motions to Exclude Expert Testimony (Doc. #106; Doc. #107) are **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 8th day of March, 2019.

 /s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record