```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DONIA GOINES,

      Plaintiff,

v.                              Case No: 2:17-cv-656-FtM-29UAM

LEE MEMORIAL HEALTH SYSTEM,
d.b.a. Cape Coral Hospital
and JEOVANNI HECHAVARRIA,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Leave of Court to Amend Witness List (Doc. #182) filed on March 20, 2019. Defendant Lee Memorial filed a Response (Doc. #183) on April 3, 2019. For the reasons that follow, the motion is denied.

**I.**

**A. Background Information**

Lee Memorial is a public health care system codified under Florida law and the former employer of defendant Jeovanni Hechavarria, who worked as a night nurse at the Cape Coral Hospital. In March of 2015, non-party Briana Hammer was a patient at the Cape Coral Hospital and accused Hechavarria of sexual assault. Lee Memorial investigated Hammer's allegation and determined it was unsubstantiated. In July of 2016, plaintiff was a patient at the hospital and also accused Hechavarria of sexual

assault. Plaintiff subsequently filed an Amended Complaint asserting a section 1983 claim and several common law negligence claims against Lee Memorial, as well as a common law assault and battery claim against Hechavarria.

**B. Procedural History**

In July of 2018, the Court issued an Amended Case Management and Scheduling Order setting various deadlines for this case. (Doc. #55.) The parties were to submit a final pretrial statement by February 5, 2019, and the statement was to include, *inter alia*, the parties' witness lists. (Id. p. 2.) On the day of the deadline, the parties submitted a Joint Final Pre-Trial Statement listing each party's proposed witnesses. (Doc. #146.) In addition to her expert witnesses, plaintiff's witness list contains separate lists of individuals who "WILL BE CALLED," "WILL LIKELY BE CALLED," and "MAY BE CALLED." (Doc. #146-4, pp. 56-60.) In total, plaintiff lists over fifty individuals, either by name or title. (Id. pp. 56-62.)

Plaintiff now moves for leave to amend her witness list to add an additional witness: Dr. Juan J. Galarraga. (Doc. #182.) Dr. Galarraga was the attending physician who treated Hammer the day after she accused Hechavarria of sexually assaulting her. (Doc. #183-1, p. 21.) Like plaintiff, Hammer has filed a suit against Lee Memorial and Hechavarria which is currently before the Court. Brianna Hammer v. Lee Memorial Health System and Jeovanni

Hechavarria, Case No. 2:18-cv-347FtM-29MRM.  As part of that lawsuit, Dr. Galarraga was deposed on March 14, 2019 by the same attorneys who represent plaintiff and Lee Memorial in the instant case.  (Doc. #183-1, p. 20.)  During the deposition, Dr. Galarraga testified that Hammer informed him she had been sexually assaulted and that she was "very angry."  (Id. pp. 21-22.)  Dr. Galarraga also testified that Hammer did not appear inconsistent in her factual description of the events and that she seemed believable.  (Id. p. 22.)  Plaintiff now requests the Court allow her to file an amended witness list inclusive of Dr. Galarraga.  (Doc. #182, p. 8.)

**II.**

Leave to amend a trial witness list after a scheduling order deadline "will only be given upon a showing of 'good cause' under Rule 16(b)."  Graf v. Morgan, 2012 WL 869004, *1 (S.D. Ala. Mar. 13, 2012) (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998)); see also Romano v. Sec'y, DOC, 2011 WL 2292135, *2 (M.D. Fla. June 8, 2011) (applying "good cause" standard to plaintiff's request to supplement his witness list).  When reviewing a district court's exclusion of a witness not listed on a party's pretrial witness list, the Eleventh Circuit has considered the following factors: (1) the importance of the testimony; (2) the reason for the party's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if

the witness is allowed to testify.  See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004).  The Court will address each of these factors as they relate to plaintiff's request.

**A. Importance of the Testimony**

Plaintiff argues that Dr. Galarraga's testimony is important because it contradicts Lee Memorial's defense.  (Doc. #182, p. 5.) As noted previously, Lee Memorial investigated Hammer's accusation and determined it could not be substantiated.  The record indicates that Lee Memorial's risk manager interviewed Hammer and believed she was being untruthful during the interview.  (Doc. #98-9, p. 188.)  The manager concluded Hammer had "made up the allegation."  (Id. at 189.)  In coming to this determination, the manager relied in part on findings by the responding police officer, who found Hammer's account inconsistent and determined she was making up the allegation.  (Id.)  Plaintiff argues that because Lee Memorial has called into question Hammer's believability and credibility, Dr. Galarraga's testimony that her account was not inconsistent and was believable is "vital to the case."  (Doc. #182, p. 5.)

Lee Memorial responds that Dr. Galarraga's testimony is not important because it is not relevant.  (Doc. #183, pp. 11-13.) Specifically, Lee Memorial argues that because Dr. Galarraga was not present when Hammer spoke with the police officer and Lee

Memorial's risk manager, his testimony would be immaterial as to whether Hammer was believable during those interviews. (Id. pp. 12-13.)  Finally, Lee Memorial argues that because Dr. Galarraga admitted in his deposition that he never expressly told Lee Memorial he believed Hammer's story, (Doc. #183-1, p. 28), such a belief would be irrelevant to whether Lee Memorial acted negligently in the aftermath of the Hammer accusation, (Doc. #183, p. 13.)

Having considered the arguments of the parties, the Court is unconvinced Dr. Galarraga's testimony is as important as plaintiff asserts.  Indeed, such testimony may not be admissible at all. Based on the record before the Court, Lee Memorial's determination that Hammer's account was not believable was based on interviews conducted with Hammer when Dr. Galarraga was not present. Nonetheless, the Court will assume for purposes of this analysis that Dr. Galarraga's testimony regarding the credibility of Hammer's account is valuable to plaintiff's case.

**B. Reason for Failure to Disclose the Witness Earlier**

Regarding the second factor, plaintiff admits that she knew of Dr. Galarraga's existence prior to the deadline, but asserts she was not aware of the substance of his testimony. (Doc. #182, pp. 5-6.)  Lee Memorial responds that plaintiff was aware of Dr. Galarraga and the facts to which he might testify, and nonetheless failed to include him in her witness list.  (Doc. #183, p. 5.)

Having considered the arguments, the Court finds plaintiff has not offered sufficient justification for her failure to identify Dr. Galarraga as a witness earlier.

Plaintiff admits that her attorney not only knew Dr. Galarraga was Hammer's treating physician prior to the February 5, 2019 deadline, but also that her attorney actually spoke with Dr. Galarraga prior to the deadline. (Doc. #182, pp. 5-6.) Nonetheless, plaintiff did not include Dr. Galarraga on her witness list. Plaintiff asserts that her attorney "was hesitant to include [Dr. Galarraga] as a witness out of fairness to [Lee Memorial] and the fact that he was not previously disclosed." (Id. p. 6.) Plaintiff states that at the time her counsel spoke with Dr. Galarraga, the trial was only a month away[1] and he had not been deposed. (Id. p. 7.) However, the fact remains that plaintiff's counsel was not only aware of Dr. Galarraga's existence prior to the deadline, but spoke with him as well. Given that plaintiff filed a witness list with over fifty individuals, including twenty-eight under the "MAY BE CALLED" category, (Doc. #146-4, pp. 60-62), the Court finds plaintiff's explanation for failing to include Dr. Galarraga insufficient.[2]

---

[1] The trial was recently rescheduled from April 1, 2019 to November 4, 2019. (Doc. #179.)

[2] Regarding plaintiff's assertion that she did not list Dr. Galarraga on her witness list because she had not deposed him yet, (Doc. #182, pp. 6-7), Lee Memorial responds that the majority of the individuals from plaintiff's witness list have not been

**C. Prejudice to Opposing Party**

Turning to the final factor, plaintiff argues Lee Memorial "will face absolutely no prejudice" because it participated in the deposition of Dr. Galarraga and therefore "had the opportunity to question him on all of his perceptions and actions." (Doc. #182, p. 7.) Lee Memorial disputes this assertion, arguing that the opportunity to depose Dr. Galarraga in the Hammer case does not cure the prejudice caused by plaintiff's late disclosure in this case. (Doc. #183, pp. 7-8.) Lee Memorial further states that it would have approached the deposition differently had it known plaintiff intended to call Dr. Galarraga as a witness. (Id. p. 9.)

Having considered the arguments, the Court finds Lee Memorial has sufficiently demonstrated that it would be prejudiced by plaintiff's late amendment to her witness list. While the Hammer case also involves an allegation of sexual assault by a hospital patient against Lee Memorial's former employee, the two cases are not the same. When Lee Memorial participated in the deposition of Dr. Galarraga, it did so in preparation for the claims and issues raised in the Hammer case. The Court agrees with Lee Memorial's argument that prejudice is established because it would have approached the deposition differently if it knew

---

deposed, (Doc. #183, p. 6.)

plaintiff intended to call Dr. Galarraga as a witness in this case. The Court also finds that this prejudice is compounded by plaintiff's assertion that Dr. Galarraga's testimony "will likely be limited to playing sections of his video deposition for the jury." (Doc. #182, p. 3.) Accordingly, the Court finds plaintiff would be prejudiced if Dr. Galarraga were allowed to testify and such prejudice is not cured by Lee Memorial's participation in the prior deposition.

Having considered the three factors, the Court finds only the first weighs in favor of allowing plaintiff to add Dr. Galarraga to her witness list. However, even assuming Dr. Galarraga's testimony is as important as plaintiff asserts, the Court finds plaintiff has still failed to demonstrate good cause to amend the witness list due to the remaining factors discussed above. See Bearint, 389 F.3d at 1353 ("Regardless of the importance of Dyer's testimony, the reasons for the delay in the Bearints' disclosure and the consequent prejudice that his testimony would have caused Cosco require us to affirm the district court's ruling."); Graf, 2012 WL 869004, *1 ("While the court agrees that Reichley may be an important witness for plaintiffs, plaintiffs' predicament is the result of their own failure to diligently pursue discovery in this case.") As plaintiff has not demonstrated the required good cause to permit Dr. Galarraga's testimony, the Court denies plaintiff's request for leave to amend her witness list.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion For Leave of Court to Amend Witness List (Doc. #182) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record