UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                                  Case No: 2:17-cv-656-FtM-29UAM

LEE MEMORIAL HEALTH SYSTEM,
d.b.a. Cape Coral Hospital
and JEOVANNI HECHAVARRIA,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Conduct Attorney Led Voir Dire (Doc. #162) and Motion for Permission to Allow Contemporaneous Testimony (Doc. #163) filed on February 27, 2019. Defendant Lee Memorial filed Responses in Opposition (Doc. #180; Doc. #181) on March 13, 2019. For the reasons that follow, the motions are denied.

**I.**

Plaintiff's first motion requests three hours of attorney-directed questioning of prospective jurors prior to exercising challenges. (Doc. #162, p. 1.) Plaintiff suggests such a procedure is necessary because "it is highly likely the prospective jurors will have very deep seeded feelings and beliefs that my [sic] influence the outcome of this trial." (Id.) Lee Memorial

opposes plaintiff's request, arguing such a procedure is unnecessary. (Doc. #180, pp. 2-4.)

The Court denies plaintiff's request. The Court finds this case does not present issues or concerns justifying conducting voir dire differently from the Court's usual fashion. As it has done in the past, the Court will consider written proposed voir dire questions, will examine the prospective jurors, and will allow counsel for both sides to ask brief follow-up questions. See Hurley v. Kent of Naples, Inc., 2011 WL 2976860, *2 (M.D. Fla. July 22, 2011).

**II.**

Plaintiff's second motion seeks permission to allow a witness testify at trial via contemporaneous transmission. (Doc. #163.) The witness is plaintiff's psychologist, who resides and practices in Colorado. (Id. p. 2.) Plaintiff seeks permission for testimony via contemporaneous transmission because (1) plaintiff would incur substantial expense reimbursing the psychologist to testify in Fort Myers and (2) the psychologist would suffer a professional hardship given his busy practice. (Id.) Lee Memorial objects to the request, arguing plaintiff's motion is untimely and fails to demonstrate good cause to avoid testimony in open court. (Doc. #181, pp. 2-7.)

In a civil matter, a witness's trial testimony "must be taken in open court" unless a federal statute, the Federal Rules of

Evidence, the Federal Rules of Civil Procedure, or rules of the Supreme Court provide otherwise. Fed. R. Civ. P. 43(a). Rule 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards," a court may permit contemporaneous transmission from a different location. Id. However, as this Court has previously noted, "there is a decided preference for live testimony in open court." Hamprecht v. Hamprecht, 2012 WL 1367534, *2 (M.D. Fla. Apr. 19, 2012). While contemporaneous transmission of testimony is permitted in certain circumstances,

> [t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Id. (quoting Rules of Civil Procedure Advisory Committee Notes to the 1996 Amendment). Having considered the arguments of the parties, the Court is not convinced plaintiff has established good cause or compelling circumstances. See id. (finding movant's claims of fear of returning to the United States and expense of international travel, *inter alia*, were insufficient to establish good cause or compelling circumstances for transmission of contemporaneous testimony from Germany). This is particularly so

in a civil case where a video deposition was available. Fed. R. Civ. P. 30. Therefore, the motion is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Conduct Attorney Led Voir Dire (Doc. #162) and Motion for Permission to Allow Contemporaneous Testimony (Doc. #163) are **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 22nd day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record