UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                              Case No: 2:17-cv-656-FtM-29UAM

LEE MEMORIAL HEALTH SYSTEM,
d.b.a. Cape Coral Hospital
and JEOVANNI HECHAVARRIA,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Omnibus Motions in Limine (Doc. #147) filed on February 5, 2019. Defendant Lee Memorial filed a Response (Doc. #161) on February 26, 2019. For the reasons that follow, the motion is granted in part and denied in part.

**I.**

Plaintiff's motion seeks to exclude evidence and/or argument on nine separate topics. (Doc. #147, pp. 1-18.) The Court will address these topics in turn.

**1. Third Party Investigations**

Plaintiff first seeks to exclude "all documents, writings, testimony, argument, and/or evidence regarding Department of Health investigation, DNV investigation, and Agency on Health Care Administration investigation pertaining to sexual assaults." (Id.

p. 1.)  Plaintiff argues such evidence is irrelevant and hearsay, and therefore should be excluded.[1]  (Id. pp. 1-5.)  Lee Memorial responds that the investigative records are relevant based on plaintiff's section 1983 claim and would be admissible as exceptions to hearsay.  (Doc. #161, pp. 1-5.)  Having reviewed the arguments, the Court denies plaintiff's request for a pretrial order excluding such evidence.

Plaintiff's section 1983 claim asserts Lee Memorial showed "deliberate indifference" to the rights of patients by failing to supervise defendant Jeovanni Hechavarria and investigate sexual assault allegations made against him.  (Doc. #31, pp. 5-7.)  To establish "deliberate indifference" in a section 1983 claim, a plaintiff must present some evidence that the local government entity knew of a need to train and/or supervise in a particular area and the entity made a deliberate choice not to take any action.  Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citations omitted).  Without notice of a need to train or supervise in a particular area, the entity is not liable as a matter of law for any failure to train and supervise.  Id. at 1351.

---

[1] Plaintiff also suggests the evidence is "confusing" and "prejudicial."  (Doc. #147, p. 6.)  To the extent plaintiff is seeking to exclude the evidence under rule 403, the Court denies that request.

Here, plaintiff seeks to establish notice based on (1) a prior sexual assault allegation against Hechavarria and (2) prior sexual assault allegations against other Lee Memorial employees. (Doc. #119, pp. 27-33); see also Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla., 637 F.3d 1178, 1189 (11th Cir. 2011) (noting that a plaintiff may demonstrate notice "by showing a 'widespread pattern of prior abuse' or even a single earlier constitutional violation" (citation omitted)). To the extent plaintiff is relying on the prior allegations against other employees, the investigative records for those allegations (including any conclusions the allegations were unsubstantiated) may be pertinent to plaintiff's claim. Accordingly, the Court finds the evidence at issue is relevant. See Fed. R. Evid. 401 (defining relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action").

Turning to plaintiff's alternative argument that the evidence is hearsay, Lee Memorial asserts the records and testimony are admissible as either public records and/or business records exceptions to hearsay. (Doc. #161, pp. 4-5); see also Fed. R. Evid. 803(6), (8). On this record, the Court cannot determine whether Lee Memorial is correct. Accordingly, the Court will deny the motion, and Lee Memorial will be required to lay the proper

predicate for the admission of the evidence at trial, subject to any objections by plaintiff.

**2. Plaintiff's Past Arrest**

Plaintiff next seeks to exclude any evidence related to her past arrest for petty theft. (Doc. #147, pp. 9-10.) Since Lee Memorial does not oppose this, (Doc. #161, p. 9), the Court grants the request.

**3. Police Report and Officer's Statement**

Plaintiff next seeks to exclude the police report prepared by Officer Kevin Aley regarding the prior sexual assault allegation made against Hechavarria by non-party Brianna Hammer. (Doc. #147, pp. 10-11.) In the report, Officer Aley concluded no crime had had been committed due to "many inconsistencies," "lack of evidence," and a "poor account of what events actually took place." (Doc. #161-1, p. 24.) Plaintiff argues the report should not be admitted but if it is, the portion with Officer Aley's opinions on whether a crime occurred should be excluded. (Doc. #147, pp. 10-11.) The Court agrees that the report itself is hearsay, which may or may not be admissible. To the extent plaintiff argues Officer Aley violated a police policy by expressing a personal opinion in the report, plaintiff can use that information to challenge Officer Aley's testimony.

Plaintiff also seeks to exclude a statement Officer Aley allegedly made to Lee Memorial's security officer. (Doc. #147,

pp. 11-12.) Per the security officer, Officer Aley stated he believed Hammer was "making up a story" and Hechavarria "had nothing to worry about." (Doc. #64-5, p. 275.) Plaintiff argues this statement is inadmissible hearsay and would be severely prejudicial to plaintiff. (Doc. #147, pp. 11-12.)

Regarding the first portion of this argument, Lee Memorial responds that it is not offering the statement for the truth of the matter asserted, but rather as evidence Lee Memorial heard and relied on the statement in keeping Hechavarria employed. (Doc. #161, p. 12.) As Lee Memorial is offering the statement for a purpose other than the truth of the matter asserted, the Court finds it is not hearsay. See United States v. Trujillo, 561 Fed. App'x 840, 842 (11th Cir. 2014) ("Generally, an out-of-court statement admitted to show its effect on the listener is not hearsay." (citing United States v. Cruz, 805 F.2d 1464, 1478 (11th Cir. 1986)).

Regarding plaintiff's argument that the statement is unfairly prejudicial, the Court disagrees. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Plaintiff claims Lee Memorial was on notice of a need to train or supervise Hechavarria. Officer Aley's

alleged statement exonerating Hechavarria is relevant to that claim. The Court finds the statement is more probative than prejudicial and, therefore, the request to exclude is denied.

**4. Marijuana Use**

Plaintiff's fourth request is to exclude any evidence of plaintiff's prior marijuana use. (Doc. #147, pp. 12-13.) Plaintiff testified at a deposition that she smoked marijuana once in the three years prior to Hechavarria's sexual assault. (Doc. #63-3, p. 154.) Plaintiff argues this evidence is irrelevant and unfairly prejudicial. (Doc. #147, p. 13.) Lee Memorial argues plaintiff's marijuana use is relevant towards her damages and her credibility. (Doc. #161, p. 15.)

The Court finds that plaintiff's single use of marijuana in the three years before the alleged assault is not relevant and would be unfairly prejudicial if admitted. See Harless v. Boyle-Midway Div., Am. Home Prods., 594 F.2d 1051, 1058 (5th Cir. 1979) ("In contrast to any slight value it might have upon the jury's determination of damages, we view the evidence as being highly prejudicial. Accordingly, we conclude that the evidence that Michael had smoked marijuana on one occasion was precisely the type of highly prejudicial evidence that should be excluded under Federal Rule of Evidence 403. The court should have granted the motion in limine on the issue of marijuana smoking."); Nobles v. Sushi Sake NMB, Inc., 2018 WL 3235534, *2 (S.D. Fla. July 2,

2018) ("The Court finds that any reference to the plaintiff's marijuana use is unduly prejudicial and its probative value is *de minimis*."); Shaw v. Jain, 914 So. 2d 458, 460-61 (Fla. 1st DCA 2005) (finding evidence in medical malpractice action that plaintiff tested positive for marijuana more than two years before the surgery at issue and once more about a year after the surgery was irrelevant and unfairly prejudicial). Accordingly, the Court grants plaintiff's request to exclude such evidence.

**5. Consensual Sexual Intercourse**

Plaintiff next moves to exclude any evidence or argument that the alleged sexual intercourse between plaintiff and Hechavarria was consensual. (Doc. #147, p. 13.) As a basis for exclusion, plaintiff argues there has been no evidence that the alleged sexual intercourse was consensual, and Lee Memorial failed to raise consent as an affirmative defense. (Id. pp. 13-14.) Lee Memorial argues that because plaintiff's claims against it are predicated on the underlying tort (i.e., the sexual battery), plaintiff must prove that Hechavarria offensively touched her without her consent. (Doc. #161, pp. 15-16.)

The Court grants plaintiff's request. "In Florida, consent is an affirmative defense to a claim of battery." Medina v. United Christian Evangelistic Ass'n, 2009 WL 3161642, *3 (S.D Fla. Sept. 28, 2009) (citing Hernandez v. K-Mart Corp., 497 So. 2d 1259, 1260 (Fla. 3d DCA 1986)). In its Answer to plaintiff's Amended

Complaint, Lee Memorial raised twelve affirmative defenses, none of which were based on consent. (Doc. #33, pp. 7-9.) Accordingly, Lee Memorial has waived this defense.[2] Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense.").

**6. Prior Marriages**

Plaintiff seeks to exclude any evidence or argument regarding plaintiff's past marriages or her current separation from her husband. (Doc. #147, p. 15.) Plaintiff argues such evidence is (1) irrelevant because the divorces and separation occurred prior to the alleged sexual assault and (2) unfairly prejudicial "amongst those jurors who look down on divorce and multiple marriages." (Id.) Lee Memorial states that its expert will testify as to the effect plaintiff's prior relationships have had on her emotional well-being. (Doc. #161, p. 17.) As plaintiff has alleged Lee Memorial caused her to suffer severe emotional distress, (Doc. #31, pp. 7-11), this evidence is relevant to plaintiff's claim for damages. Furthermore, the Court finds, contrary to plaintiff's argument, that the evidence is not unduly prejudicial.

---

[2] It is worth noting that per plaintiff's motion, Hechavarria does not object to plaintiff's request to exclude any evidence or argument that the alleged sexual intercourse was consensual. (Doc. #147, p. 14.)

**7. Email Correspondences**

Plaintiff next seeks to exclude any evidence or argument relating to plaintiff's email correspondence with her psychiatrist. (Doc. #147, p. 15.) Plaintiff asserts the emails are irrelevant and unfairly prejudicial. (Id. pp. 15-16.) Having reviewed the emails, which were submitted with the motion, the Court finds they are relevant to plaintiff's credibility and her claimed damages. The Court also finds that the probative value of the emails outweighs their prejudicial risk.

**8. Hammer's Medical Records**

Plaintiff requests the Court exclude any of Hammer's medical records that are from before her alleged sexual assault by Hechavarria. (Doc. #147, pp. 16-17.) Plaintiff argues the records are irrelevant to the case. (Id. p. 17.) Lee Memorial responds that the records relate to Hammer's credibility, which is relevant to the issue of whether Lee Memorial should have believed her accusation. (Doc. #161, p. 18.) Because only one of the contested medical records has been provided to the Court, (Doc. #161-2, p. 25), the Court will deny the motion.

**9. Lee Memorial's Expert Psychologist**

Finally, plaintiff seeks to exclude Lee Memorial's expert psychologist from testifying plaintiff "lacks credibility and/or is malingering." (Doc. #147, pp. 17-18.) The Court grants this request in part. To the extent Lee Memorial's expert would testify

regarding plaintiff's credibility, such testimony impermissibly invades the role of the jury. See Gray v. State of Fla., 2007 WL 2225815, *3 (M.D. Fla. July 31, 2007) (noting that courts have held expert testimony regarding the credibility of a witness or party inadmissible). However, to the extent Lee Memorial's expert seeks to testify regarding plaintiff's emotional distress, such testimony is relevant to plaintiff's claimed damages and is admissible. See id. at *2 ("Plaintiff's emotional damages will be an issue in the case during trial and Plaintiff will no doubt testify, either through her own testimony or through that of an expert, regarding her claims of emotional distress and the extent of her damages related to such distress. Defendant is entitled to have an opportunity to challenge Plaintiff's claims and testimony, and utilizing an expert, who has had an opportunity to examine Plaintiff, is an acceptable and recognized way to do so."). Accordingly, it is hereby

**ORDERED:**

Plaintiff's Omnibus Motions in Limine (Doc. #147) is **GRANTED in part and DENIED in part** as described herein.

**DONE and ORDERED** at Fort Myers, Florida, this   22nd   day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record