```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DONIA GOINES,

    Plaintiff,

v.                           Case No: 2:17-cv-656-FtM-29UAM

LEE MEMORIAL HEALTH SYSTEM,
d.b.a. Cape Coral Hospital
and JEOVANNI HECHAVARRIA,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Lee Memorial's Motions in Limine (Docs. #139, 140, 142, 143, 144, 145) filed on February 5, 2019. Plaintiff filed Responses in Opposition (Docs. #166, 167, 168, 169, 171, 172) on March 4th and 5th, 2019.

**I.**

Lee Memorial's motions seek to exclude evidence and/or witnesses that relate to a variety of subjects. The Court will address these subjects in turn.

**1. Testimony of Mary McGillicuddy and Lawrence Antonucci**

Lee Memorial first moves to exclude the testimony of Mary McGillicuddy, Lee Memorial's chief legal officer and general counsel, and Dr. Lawrence Antonucci, Lee Memorial's former chief operating officer and current chief executive officer. (Doc. #139.) In her response, plaintiff notes that she will not call

either witness unless Lee Memorial "opens the door to the need for their testimony." (Doc. #172, pp. 1-2.) Given plaintiff's response, the motion is granted to the extent that plaintiff may not call Mary McGillicuddy or Lawrence Antonucci as a witness without prior approval of the Court.

**2. Evidence of Past Acts**

Lee Memorial next seeks to exclude evidence of past acts allegedly committed by defendant Jeovanni Hechavarria. (Doc. #140.) Specifically, Lee Memorial seeks to exclude evidence regarding (1) Hechavarria's discharge from the military, (2) three temporary restraining orders entered against Hechavarria that were sought by his former wife, and (3) Hechavarria's write up and termination at a former place of employment. (Id. pp. 6-18.) Lee Memorial argues these topics should be excluded because they are irrelevant and inadmissible under Rule 403. (Id.) The Court will address these topics in turn.

**A. Military Discharge**

The record contains a Certificate of Release discharging Hechavarria from active duty with the United States Navy. (Doc. #140-2, p. 39.) The certificate notes that Hechavarria served under honorable conditions, but also lists the reason for discharge as "MISCONDUCT (SERIOUS OFFENSE)." Id. Hechavarria testified at a deposition that he was discharged after misusing prescribed sleeping pills, which he had taken after his then-wife informed

him she was having an affair and leaving him. (Doc. #140-1, p. 21.) Hechavarria's former wife testified at a deposition that Hechavarria told her he was discharged for trying to commit suicide. (Doc. #169-1, pp. 50-51.)

Lee Memorial argues evidence relating to Hechavarria's military discharge is irrelevant because it would not put Lee Memorial on notice that Hechavarria was an unfit employee. (Doc. #140, p. 6.) Specifically, Lee Memorial argues that even if Hechavarria was discharged for taking prescription medicine improperly, it would not raise an inference that Hechavarria was unfit or likely to commit a sexual assault upon a patient. (Id.) The Court agrees. Plaintiff argues that evidence that Hechavarria's discharge from the military for attempting to commit suicide "is absolutely relevant to whether or not Hechavarria had a mental or psychological condition that made him unfit to be a night nurse at Cape Coral Hospital." (Doc. #169, p. 13.) However, the Court finds the evidence related to Hechavarria's military discharge tenuous at best as to whether Hechavarria was unfit to be a night nurse when employed by Lee Memorial roughly seven years later. See Doe v. NCL (Bahamas) LTD., 2012 WL 12844743, *1, 4 (S.D. Fla. Nov. 27, 2012) (concluding evidence of plaintiff's suicide attempt fifteen years earlier was too remote to be relevant). Accordingly, the Court grants this portion of Lee Memorial's motion and excludes plaintiff's evidence related to

Hechavarria's military discharge without prior approval of the Court.

**B. Restraining Orders**

Lee Memorial next seeks to exclude evidence relating to three temporary restraining orders entered against Hechavarria by his former wife in 1999, 2010, and 2015. (Doc. #140, pp. 10-16.) Lee Memorial argues such evidence is irrelevant to show whether Lee Memorial knew or should have known Hechavarria was likely to commit a sexual assault against a stranger. (Id.) Plaintiff responds the evidence is relevant to plaintiff's claims of negligent supervision and retention, which require showing Lee Memorial knew or should have known of Hechavarria's unfitness. (Doc. #169, pp. 5-12.) Having considered the arguments of each party, the Court finds the evidence is admissible.

Negligent retention and negligent supervision occur when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment. Degitz v. S. Mgmt. Servs., Inc., 996 F. Supp. 1451, 1461 (M.D. Fla. 1998) (citations omitted); Alcantara v. Denny's Inc., 2006 WL 8439596, *5 (M.D. Fla. Jan. 19, 2006) (citation omitted). An issue in this case is whether Lee Memorial sufficiency investigated Hechavarria after a patient, non-party Brianna Hammer, accused him of sexual

assault. Plaintiff argues Lee Memorial should have conducted a background investigation of Hechavarria after that allegation, and that such an investigation would have discovered the temporary restraining orders. (Doc. #169, pp. 6-7.) The Court finds the evidence relating to the three restraining orders relevant to plaintiff's claims.

Regarding Lee Memorial's argument that the evidence is inadmissible under Rule 403, (Doc. #140, pp. 13-14, 16), the Court disagrees. The probative value of the evidence outweighs the risk of prejudice. Accordingly, the Court denies Lee Memorial's motion on this topic.

### C. Former Employment

Finally, Lee Memorial seeks to exclude evidence relating to Hechavarria's write up and termination from a car dealership roughly four years before he began working for Lee Memorial. (Doc. #140, p. 16.) Per a Payroll/Status Change Notice in the record, Hechavarria was laid off from the dealership in March 2010. (Doc. #140-3, p. 40.) Lee Memorial argues the evidence should be excluded because it is irrelevant and inadmissible under Rule 403. (Doc. #140, pp. 16-18.) Plaintiff acknowledges there is no evidence from the car dealership as to why plaintiff's employment was terminated, but seeks to offer the testimony of Hechavarria's former wife that Hechavarria stated he was terminated for "looking at porn online at work." (Doc. #169, p. 15; Doc. #169-1, pp. 123-

24.) Plaintiff argues such evidence, along with other facts, establishes Hechavarria's "likelihood to engage in inappropriate work behavior." (Doc. #169, p. 15.)

Having reviewed the arguments of the parties, the Court finds the evidence related to Hechavarria's former employment at the car dealership is inadmissible. Plaintiff has not identified any evidence which would be admissible to establish that Hechavarria was terminated for watching pornography at work. Additionally, plaintiff does not show how Lee Memorial would have known this from the available records. Accordingly, the Court grants this portion of the motion and excludes evidence related to the termination of Hechavarria's employment at the car dealership.

### 3. Evidence of Unrelated Assault Allegations

Lee Memorial next moves to exclude evidence of thirteen sexual assault allegations raised by various patients against Lee Memorial employees from 2012 to the present. (Doc. #142.) Lee Memorial argues the evidence is "only marginally relevant at best," and should be excluded under Rule 403 regardless. (Id. pp. 4-5.)

As to Lee Memorial's first argument, the Court finds the evidence of prior sexual assault allegations relevant to plaintiff's section 1983 claim that Lee Memorial showed "deliberate indifference" to the rights of patients.[1] To establish

---

[1] Specifically, plaintiff has alleged Lee Memorial evidenced deliberate indifference by failing to supervise Hechavarria and

a section 1983 claim premised on deliberate indifference, a plaintiff must present some evidence that a local government entity knew of a need to train and/or supervise in a particular area and made a deliberate choice not to take any action. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citations omitted). Without notice of a need to train or supervise in a particular area, the entity is not liable as a matter of law for any failure to train and supervise. Id. at 1351. Here, evidence of prior sexual assault allegations against other Lee Memorial employees is relevant to demonstrating Lee Memorial's notice of a need to train and supervise. See Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, 637 F.3d 1178, 1189 (11th Cir. 2011) (noting that a plaintiff may demonstrate notice "by showing a 'widespread pattern of prior abuse' or even a single earlier constitutional violation" (citation omitted)).[2]

Lee Memorial next argues that even if the unrelated allegations are relevant, they are inadmissible under Rule 403.

---

investigate sexual assault allegations made against him. (Doc. #31, pp. 5-7.)

[2] The evidence would also be relevant to the foreseeability element of plaintiff's negligent security claim. See Hardy v. Pier 99 Motor Inn, 664 So. 2d 1095, 1098 (Fla. 1st DCA 1995) ("Pier 99's experience with violent and criminal activity on its premises evidenced by the 911 calls, even if less serious than the tragic violence experienced by Hardy and his friends, creates an issue for the finder of fact regarding notice to Pier of the potential danger and the foreseeability of the instant attack.").

(Doc. #142, pp. 5-8.) While the Court appreciates Lee Memorial's concerns, the law permits a plaintiff to establish a deliberate indifference section 1983 claim by demonstrating a "widespread pattern of prior abuse." See Am. Fed'n of Labor & Cong. of Indus. Orgs., 637 F.3d at 1189. Plaintiff is seeking to show such a pattern and cannot do so without evidence of the prior allegations. Accordingly, the Court finds the probative value of the evidence permits its admission. See United States v. Norton, 867 F.2d 1354, 1361 (11th Cir. 1989) ("Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence. The balance under the Rule, therefore, should be struck in favor of admissibility." (marks and citations omitted)).

**4. Evidence of Criminal Investigations and Prosecutions**

Lee Memorial next moves to exclude evidence of the criminal investigations and pending prosecutions of Hechavarria, as well as the testimony of the investigating law enforcement officers. (Doc. #143.) Per the Twentieth Judicial Circuit's docket, Hechavarria was criminally charged with a sexual battery on plaintiff roughly a month before plaintiff filed the instant case. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (recognizing that a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings). Hechavarria has since been charged with two

additional sex offenses, the victims of which were both patients at the Cape Coral Hospital. Lee Memorial seeks to prevent plaintiff from introducing into evidence the criminal files from the three investigations, as well as testimony from nine law enforcement officers who investigated the allegations. (Doc. #143, pp. 2-3.) Lee Memorial argues such evidence is irrelevant, hearsay, and inadmissible under Rule 403. (Id. pp. 4-10.)

Neither Lee Memorial's motion nor plaintiff's response include the criminal files in dispute. It is also unclear from the submitted documents what testimony law enforcement officers would provide in this case, or how the files or testimony would be admissible. Accordingly, while the Court questions the admissibility of such files or testimony, Lee Memorial's motion is denied at this time.

**5. Evidence of Christine Montesino-Mena's Personal Belief**

Lee Memorial next seeks to exclude evidence of a Cape Coral Police Department detective's personal belief. (Doc. #144.) Detective Christine Montesino-Mena, who investigated Hammer's allegation against Hechavarria, testified at a deposition in this case that she "believed something occurred" and informed Lee Memorial during the investigation that she "believed the victim." (Doc. #144-1, p. 11.) However, she later contradicted this testimony by stating she never told anyone at Lee Memorial that she believed Hammer. (Id. pp. 12, 13.) Lee Memorial now seeks

to exclude evidence of Montesino-Mena's personal belief that "something occurred" and any argument she shared that belief with Lee Memorial. (Doc. #144, p. 7.) Lee Memorial argues the statement is irrelevant and inadmissible under Rule 403. (Id. p. 3.) The Court disagrees.

Evidence that Montesino-Mena informed Lee Memorial that she believed "something occurred" between Hechavarria and Hammer is relevant to plaintiff's claims, not for the truthfulness of her beliefs, but for the fact that she said it. For example, as discussed above, plaintiff's section 1983 claim requires demonstrating Lee Memorial was on notice of a need to train or supervise Hechavarria. See Gold, 151 F.3d at 1350. Similarly, plaintiff's negligent retention and negligent supervision claims require showing Lee Memorial was aware or should have been aware of problems indicating Hechavarria's unfitness, see Degitz, 996 F. Supp. at 1461 (citations omitted); Alcantara, 2006 WL 8439596, *5 (citation omitted), and establishing Hechavarria's dangerous propensities is pertinent to plaintiff's negligent security claim, see Banosmoreno v. Walgreen Co., 299 Fed. App'x 912, 913 (11th Cir. 2008) (citation omitted). Evidence that Montesino-Mena informed Lee Memorial of her personal belief is relevant to these claims. Further, the Court finds the evidence is not inadmissible under Rule 403. Montesino-Mena's contradiction during her deposition testimony regarding whether she expressed her personal

belief to anyone at the hospital may be a basis for impeachment, but does not render her testimony inadmissible.

   **6. Evidence of J.L.'s Sexual Assault Allegation**

Finally, Lee Memorial seeks to exclude evidence of a sexual assault allegation made by an unrelated individual, J.L., against Hechavarria. (Doc. #145.) J.L. alleges Hechavarria sexually assaulted her while she was a patient at the Cape Coral Hospital in April 2016. (Doc. #168, pp. 15-17.) J.L. did not make the allegation until after Hechavarria's employment was terminated.[3] Lee Memorial now argues J.L.'s allegations are irrelevant and inadmissible under Rule 403. (Doc. #145, pp. 3-8.)

Having considered the arguments of the parties, the Court finds J.L.'s allegations are admissible as similar acts evidence. See Fed. R. Evid. 415(a) ("In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation."). To the extent Lee Memorial argues the allegations are irrelevant because Lee Memorial did not learn of them until after Hechavarria was discharged, (Doc. #145, pp. 3-4), the Court is unconvinced. The relevancy of the evidence is not related to Lee Memorial's

---

   [3] J.L. gave a statement to the Cape Coral Police Department roughly two years after the alleged sexual assault occurred and five months after plaintiff filed her initial Complaint in this case. (Doc. #168, p. 12; Doc. #2.)

knowledge or notice, but rather to whether Hechavarria sexually assaulted plaintiff.  See Cleveland v. KFC Nat'l Mgmt. Co., 948 F. Supp. 62, 65 (N.D. Ga. 1996) ("[U]nder Rule 415, evidence of past misconduct that supports plaintiff's story should be admitted.").  Further, the Court finds the allegations are more probative then prejudicial given the timing of J.L.'s alleged assault, the similarities of the three alleged assaults, and Hechavarria's denial that the assaults occurred.  See Medina v. United Christian Evangelistic Ass'n, 2009 WL 5066675, *2 (S.D. Fla. Dec. 15, 2009) (finding evidence admissible under Rule 415 should not be excluded under Rule 403 because the probative value of the evidence was "extremely high" due to "its similarity with the allegations in this case" and the defendant's denial of the plaintiff's allegations of sexual contact).  As such, the Court denies Lee Memorial's motion on this topic.

Accordingly, it is now

**ORDERED:**

1. Defendant Lee Memorial's Motion in Limine (Doc. #139) is **GRANTED** to the extent that plaintiff may not call Mary McGillicuddy or Lawrence Antonucci as a witness without prior approval of the Court.

2. Defendant Lee Memorial's Motion in Limine (Doc. #140) is **GRANTED IN PART and DENIED IN PART**.  To the extent the motion seeks to exclude evidence relating to defendant

Hechavarria's military discharge or former employment at the car dealership, the motion is granted. To the extent the motion seeks to exclude evidence relating to three temporary restraining orders previously entered against Hechavarria, the motion is denied.

3. Defendant Lee Memorial's remaining Motions in Limine (Docs. #142, 143, 144, and 145) are **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of May, 2019.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record