UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.	Case No: 2:17-cv-656-FtM-29NPM

LEE MEMORIAL HEALTH SYSTEM
and JEOVANNI HECHAVARRIA,

    Defendants.

**OPINION AND ORDER**

On October 2, 2019, on the eve of trial, defendant Jeovanni Hechavarria (defendant or Hechavarria) filed a Motion to Stay (Doc. #203) these federal civil proceedings pending resolution of the state criminal case against him. Defendant asserted that a brief stay was necessary in order for the state criminal prosecution to proceed first, otherwise he would be forced to exercise his Fifth Amendment privilege in the civil trial. The motion was unopposed, and was granted by the Court. (Doc. #204.) The state court trial is complete, defendant was convicted of the criminal offense, and he is currently scheduled for sentencing in March 2020.

On January 29, 2020, the Court directed the parties to advise whether the stay should remain in place or be lifted in light of the guilty verdict. On January 31, 2020, plaintiff filed a Response (Doc. #208) indicating that the stay should be lifted.

On February 5, 2020, defendant Lee Memorial Health System filed a Notification (Doc. #209) deferring to the co-defendant. On the same day, defendant Hechavarria filed a Response (Doc. #210) asking that the stay be maintained. Hechavarria asserts that a stay is necessary because post-trial motions remain pending, sentencing is scheduled for March 2020, and he still faces prosecution based on the alleged assaults of Brianna Hammer and J.L. Thus, Hechavarria asserts, without a stay he would still be forced to choose between exercising his Fifth Amendment privilege and mounting a defense in the civil case. Defendant further asserts that the only prejudice to plaintiff "is a brief delay in litigation." (Doc. #210, p. 3.)

It is clear that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citations omitted). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another

settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255. Thus, "especially in cases of extraordinary public moment, a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (quoting Landis, 299 U.S. at 256).

Where the basis for a stay is the potential exercise of the privilege against self-incrimination, the Eleventh Circuit has stated:

> Similarly, a blanket assertion of the privilege is an inadequate basis for the issuance of a stay. [ ] Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when "special circumstances" so require in the "interests of justice." [ ] The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant. United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991). See [United States v.] Little Al, 712 F.2d [133,] 136 [(5th Cir. 1983)] ("The very fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a claimant's] privilege against self-incrimination, even though the pendency of the criminal action forced [her] to choose between preserving [her] privilege against self-incrimination and losing the civil suit.").

United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994)(internal citations omitted). If a stay is granted, the district court must limit the scope of the stay so

that it is not "immoderate." CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). "In considering whether a stay is 'immoderate,' we examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay. As the Supreme Court has explained, 'a stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting Landis, 299 U.S. at 257).

Hechavarria's assertion that there will only be a "brief delay in litigation" is overly optimistic. While Hechavarria's privilege against self-incrimination applies in a sentencing hearing, United States v. Barrington, 648 F.3d 1178, 1196 (11th Cir. 2011), it also applies until the conviction becomes final. "We conclude that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final." Mitchell v. United States, 526 U.S. 314, 326 (1999). This includes at least through the completion of an appeal. Landenberger v. State, 519 So. 2d 712, 713 (Fla. 1st DCA 1988))("In the absence of a promise of immunity, a convicted felon with an appeal pending has a Fifth Amendment privilege not to testify, and this privilege

continues throughout the pendency of the appeal."); United States v. Kennedy, 372 F.3d 686, 691–92 (4th Cir. 2004)("Because any post-conviction evidence could be used against a defendant if his conviction were to be overturned, the risk of coerced self-incrimination remains until the conviction has been affirmed on appeal.")

The Court finds that there are no special circumstances which require a stay of the civil trial in the interests of justice. The stay requested by defendant is immoderate because it effectively will last for an indeterminate number of years as the state case(s) work there way through the state trial and appellate systems. "Th[is] rule allowing invocation of the privilege [by civil litigants], though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed." Mitchell v. United States, 526 U.S. 314, 328 (1999). In balancing the interests of the parties, the Court finds no reason to stay this civil trial beyond the date of sentencing on defendant's current conviction.

Accordingly, it is hereby

**ORDERED:**

1. The stay in the case is **lifted**.

2. Another Final Pretrial Conference will be scheduled in March.  Trial is set for April 6, 2020 at 9:00 a.m. before the undersigned.  A separate notice shall issue.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record