UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONIA GOINES,

    Plaintiff,

v.                       Case No: 2:17-cv-656-FtM-29NPM

LEE MEMORIAL HEALTH SYSTEM
and JEOVANNI HECHAVARRIA,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment Related to the Criminal Conviction of Defendant, Jeovanni Hechavarria (Doc. #225) filed on March 5, 2020. Defendant Hechavarria filed a Response in Opposition (Doc. #227) on March 10, 2020, and defendant Lee Memorial Health System filed an Opposition (Doc. #228) on March 12, 2020. With the permission of the Court, plaintiff filed a Reply (Doc. #232) on March 17, 2020. The Court heard oral arguments on March 18, 2020.

For the reasons set forth below, the Court will grant plaintiff's oral motion made at the end of oral argument withdrawing the Motion for Summary Judgment Related to the Criminal Conviction of Defendant, Jeovanni Hechavarria (Doc. #225).

**I.**

The basic facts of this case have been described in detail in a prior Opinion and Order of this Court. (Doc. #150, pp. 2-8); Goines v. Lee Mem'l Health Sys., 2019 WL 497706 (M.D. Fla. Feb. 8, 2019). Briefly stated, plaintiff Donia Goines (plaintiff or Goines) filed suit against defendants Jeovanni Hechavarria (Hechavarria) and Lee Memorial Health System (Lee Memorial) alleging she was sexually assaulted by Hechavarria while she was a patient, and Hechavarria was a nurse, in a hospital operated by Lee Memorial. (Doc. #31.) In October 2019, the Court granted Hechavarria's motion to stay further civil proceedings pending resolution of criminal charges. (Doc. #204.) Hechavarria was convicted of Sexual Battery When Victim Helpless (Sexual Battery), in violation of Section 794.011(4)(a), Florida Statutes, after a jury trial in the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #225-2; Doc. #225-3.) Following Hechavarria's conviction, the Court lifted the stay. (Doc. #211.) Hechavarria has now been sentenced to thirty years imprisonment, and his direct appeal is pending.

All parties agree that whether Hechavarria sexually battered plaintiff is an issue in each pending claim. In the current motion, plaintiff requests the Court to make a conclusive factual determination that Hechavarria sexually battered her, and to preclude both defendants from asserting otherwise in the upcoming

civil trial. Plaintiff argues that such a determination and re-litigation bar are required by collateral estoppel principles after Hechavarria's criminal conviction. Alternatively, plaintiff requests the Court "take judicial notice of the criminal conviction of Defendant, Hechavarria, and enter a jury instruction/stipulation that Hechavarria is guilty of sexual battering/raping the Plaintiff." (Doc. #225, p. 7.)

**II.**

The motion essentially seeks a partial summary judgment, or the taking of judicial notice, that a Sexual Battery was committed by Hechavarria against plaintiff. Both avenues seek to preclude both defendants from denying that Hechavarria raped plaintiff in the Lee Memorial hospital and from re-litigating that issue. The Court has set forth the general summary judgment principles in a prior Opinion and Order (Doc. #150, pp. 9-10), which the Court adopts without repeating. As to the request for judicial notice,

> The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person

would insist on disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

**III.**

**A. Judicial Notice**

Plaintiff requests that the Court take judicial notice of the criminal conviction, instruct the jury that Hechavarria is guilty of Sexual Battery, and preclude either defendant from denying the existence of the Sexual Battery. (Doc. #225, p. 7.) This request must be denied.

> If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.
>
> . . .
>
> Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.

Jones, 29 F.3d at 1553 (citations omitted). The jury's verdict in the criminal case is not being offered to establish a "judicial act," but to establish the factual existence of the Sexual Battery. The Court declines to take judicial notice of the Sexual Battery by Hechavarria against plaintiff for this purpose.

**B. Collateral Estoppel**

The crux of the motion, and of the legal disputes among the parties, relate to the application of collateral estoppel. "Collateral estoppel, also known as estoppel by judgment, serves as a bar to relitigation of an issue which has already been determined by a valid judgment." Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995).

**(1) Florida or Federal Law?**

The first issue is whether the Court should apply federal collateral estoppel principles or Florida collateral estoppel principles. Plaintiff's motion relies primarily on federal law (Doc. #225, pp. 4-10), while defendants assert Florida principles govern. (Doc. #227, p. 2; Doc. #228, p. 3.) If federal law is controlling, Hechavarria would be estopped from denying the Sexual Battery after having been convicted of it in state court. United States v. Jean-Baptiste, 395 F.3d 1190, 1194 (11th Cir. 2005); Matter of Raiford, 695 F.2d 521, 523-24 (11th Cir. 1983).

It is clear, however, that federal law does not control the collateral estoppel issues in this case. Brown v. City of Hialeah, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Federal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel under the Full Faith and Credit Clause of the United States Constitution." (citation omitted)); Tillman v. Orange Cty., Fla., 519 Fed. App'x 632, 637

(11th Cir. 2013) ("In considering whether to give preclusive effect to a Florida judgment, we apply Florida's law of collateral estoppel."). A federal court gives

> preclusive effect to the judgment of a state court provided that two conditions are met: (1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process.

Quinn v. Monroe Cty., 330 F.3d 1320, 1329 (11th Cir. 2003). There is no dispute that Hechavarria had a full and fair opportunity to litigate the existence of the Sexual Battery in the criminal proceedings, or that those state proceedings otherwise satisfied the applicable requirements of due process. The only issue is whether, and to what extent, Florida courts would give preclusive effect to the Sexual Battery conviction in a subsequent civil trial.

**(2) Florida Collateral Estoppel Principles**

"Under Florida law, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court or component jurisdiction." Id. The requirement that the prior litigation involve "the same parties or their privies" is referred to as the mutuality of parties doctrine, Ball v. Roar III, LLC, 773 Fed. App'x 546, 549 (11th Cir. 2019),

and is the only element of collateral estoppel in dispute in this case.

In contrast to federal law, the Florida Supreme Court has steadfastly and repeatedly declined to recede from the mutuality of parties requirement. Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Romano, 450 So. 2d 843, 845 (Fla. 1984) ("However, the well established rule in Florida has been and continues to be that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies."); Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995) ("Florida has traditionally required that there be a mutuality of parties in order for the doctrine to apply.  Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action." (citations omitted)); Gentile v. Bauder, 718 So. 2d 781, 783 (Fla. 1998) ("Under Florida law, collateral estoppel, or issue preclusion, applies when 'the identical issue has been litigated between the same parties or their privies.'"); E.C. v. Katz, 731 So. 2d 1268, 1270 n.1 (Fla. 1999) ("This Court expressly parted with federal law on this issue . . . .  We reaffirm our stated rationale for the departure from federal law . . . ."); Kumar v. Patel, 227 So. 3d 557, 560 (Fla. 2017) ("And, even where a criminal immunity determination is made prior to the filing of a civil suit, that determination cannot bind a potential civil plaintiff who is not a party to the criminal proceeding . . . .").

Plaintiff argues that she comes within the Florida general rule because privity existed with the parties in the criminal case. Hechavarria was obviously a party as the Defendant in the criminal trial. Plaintiff asserts that Lee Memorial was in privity to the State of Florida because it "has asserted that it is a sovereign hospital which is a branch of the State of Florida." (Doc. #225, p. 6.) Plaintiff also argues that she was in privity to the State of Florida in the criminal case because of her interest in the outcome of the case, i.e., her receiving "victim rights" and being awarded restitution from Hechavarria. (Doc. #232, pp. 2-3.)

"To be in privity with one who is a party to a lawsuit, one must have an interest in the action such that she will be bound by the final judgment as if she were a party." Gentile, 718 So. 2d at 781 (citing Stogniew, 656 So.2d at 920). Neither Lee Memorial nor plaintiff were in privity with the State of Florida for purposes of collateral estoppel mutuality.

It is clear under Florida law that the State of Florida, acting through the local State Attorney's Office, controls a criminal case. Id. at 783 ("Prosecutors represent the interests of the people of the State of Florida . . . ."); State v. Greaux, 977 So. 2d 614, 615 (Fla. 4th DCA 2008) ("The prosecutor has the sole discretion to charge and prosecute criminal acts. This discretion is not affected by a victim's change in desire to prosecute. It is not altered by a victim's refusal to testify.

This discretion is inviolate '[n]otwithstanding the court's belief that the best interests of the public and the parties would be served by dismissal.'" (citations omitted)); State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) ("Florida case law clearly provides that, in the absence of statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made by solely the State."); Barnett v. Antonacci, 122 So. 3d 400, 404 (Fla. 4th DCA 2013) ("[A] prosecutor's decision to file charges or to discontinue prosecution is not a 'stage' of a criminal proceeding within the meaning of [Article I] Section 16(b).").

Another agency of the State of Florida does not itself become a party simply because of its status as a state entity or a victim. Bd. of Regents of State of Fla. By & Through Univ. of S. Fla. v. Taborsky, 648 So. 2d 748, 754 (Fla. 2d DCA 1994) ("USF is not a party to the criminal action and must channel any requests as victim through the state attorney's office."). It continues to be the rule that a victim of a criminal offense is not in privity with the State of Florida by virtue of the status as a victim. Prof'l Roofing & Sales, Inc. v. Flemmings, 138 So. 3d 524, 527 (Fla. 3d DCA 2014) (State of Florida, not the alleged victim, was the opposing party to defendant in the criminal prosecution). Nothing in the 2018 victim's rights amendment to the Florida Constitution, Article I, Section 16(b), nor plaintiff's

entitlement to restitution, creates privity between a victim and the prosecution. Plaintiff has not identified any Florida appellate case which has found a victim to be in privity with the State of Florida in a criminal prosecution for collateral estoppel purposes.

Because there is a lack of mutuality of parties, plaintiff has not shown that she comes within Florida's general collateral estoppel rule. The general rule in Florida still prohibits use of a criminal conviction as conclusive proof of the facts underlying the conviction in a civil suit arising from those same facts. Romano, 450 So. 2d at 845 (citing Boshnack v. World Wide Rent-a-Car, Inc., 195 So. 2d 216 (Fla. 1967); Moseley v. Ewing, 79 So. 2d 776 (Fla. 1955); Stevens v. Duke, 42 So. 2d 361 (Fla. 1949)). Plaintiff cannot rely upon collateral estoppel because neither she nor Lee Memorial were parties or in privity to parties in the criminal case against Hechavarria. See Velasquez Andres v. Keyser, 777 Fed. App'x 392, 396 (11th Cir. 2019) ("At least one essential element is missing here: the parties are not identical. . . . Because the actions involved different parties, issue preclusion cannot apply here."). Unless an exception applies, plaintiff is not entitled to apply collateral estoppel against either defendant in this case.

### (3) Exceptions to Mutuality of Parties Requirement

Plaintiff asserts that two statutory exceptions to the mutuality of parties requirement for collateral estoppel apply here. Defendants respond that neither applies, and Lee Memorial further asserts that even if either applies to Hechavarria, they do not apply to Lee Memorial.[1]

There is no doubt that the Florida Legislature can, and has, modified collateral estoppel principles articulated by the Florida Supreme Court.

> The Legislature knows how to modify the doctrine of collateral estoppel when that is its intent. For example, sections 772.14 and 775.089(8), Florida Statutes, expressly restrict the doctrine of mutuality of parties in order to estop defendants convicted of civil theft from challenging certain issues adjudicated in criminal actions when sued civilly. See Stogniew, 656 So. 2d at 920.

Kumar, 227 So. 3d at 561; see also Starr Tyme, Inc. v. Cohen, 659 So. 2d 1064, 1067 (Fla. 1995); J & P Transp., Inc. v. Fid. & Cas.

---

[1] The Florida Supreme Court has recognized an exception to the mutuality requirement when a criminal defendant sues his or her attorney for ineffective assistance of counsel. Zeidwig v. Ward, 548 So. 2d 209, 214 (Fla. 1989). This exception clearly does not apply here. Additionally, the existence of this exception does not undermine the mutuality requirement. Stogniew, 656 So. 2d at 919 ("We reject Stogniew's contention that as a result of Zeidwig there is no longer a requirement of mutuality for purposes of collateral estoppel. Zeidwig constituted a narrow exception in which collateral estoppel was permitted in a defensive context and then only under the compelling facts of that case.").

Co. of N.Y., 750 So. 2d 752, 753 (Fla. 5th DCA 2000). The issue is whether either of these two exceptions apply in this case.

### (a) Florida Statute § 772.14

Plaintiff asserts that collateral estoppel may be applied to both defendants because this case qualifies under Section 772.14, Florida Statutes. This statute provides:

> A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.

§ 772.14, Fla. Stat. As Starr Tyme, Inc. stated:

> Section 772.14 abrogates the requirement of mutuality of parties in the context of civil actions brought by crime victims under chapter 772. The statute abrogates the requirement by allowing a plaintiff in a chapter 772 civil suit to use as an estoppel a "final judgment or decree rendered in favor of the state" in a prior criminal proceeding that concerned the conduct at issue in the civil action.

659 So. 2d at 1067 (citation omitted).

Chapter 772 is the "Civil Remedies for Criminal Practices Act," § 772.101, Fla. Stat., and is limited to certain "criminal activity." § 772.102(1), Fla. Stat. This statutory definition of "criminal activity" does not include a Sexual Battery charge, which is brought under Chapter 794. Additionally, the Sexual

Battery charge was not "any criminal proceeding under chapter 895" since that Chapter deals only with "Offenses Concerning Racketeering and Illegal Debts."

Because the underlying criminal case involved neither proceedings under Chapter 772 nor under Chapter 895, plaintiff cannot successfully invoke Section 772.14 to avoid the mutuality requirement of collateral estoppel under Florida law.

**(b) Florida Statute § 775.089(8)**

Plaintiff also asserts that collateral estoppel may be applied to both defendants because this case qualifies under Section 775.089(8), Florida Statutes. This statute provides:

> The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.

§ 775.089(8), Fla. Stat. Defendants respond that this statute does not apply because restitution has not yet been imposed on Hechavarria.

It is not entirely clear that Section 775.089(8) requires the actual imposition of restitution. Rather, the statute only requires conviction for an offense "involving the act giving rise to restitution under this section." Absent clear and compelling

- 13 -

reasons not to do so, a trial court "shall" order a defendant to make restitution to his or her victim. § 775.089(1)(a). Thus, Sexual Battery "gives rise" to restitution under Section 775.

Assuming that actual imposition of restitution is a required predicate to trigger the application of this statute, plaintiff has established that such restitution has been imposed. The Minutes of the sentencing hearing (Doc. #232-1), signed by the judge, checks a pre-printed line which states, "Court Orders Restitution & Reserves on Amount," followed by writing stating "and D is to pay for victims cost of therapy." While the sentencing court did not determine the amount of restitution, and apparently cannot now do so because the notice of appeal divested it of jurisdiction[2], the statute at most only requires imposition of restitution, not the calculation of the amount of restitution. Because restitution has been ordered against Hechavarria, he is estopped from denying "the essential allegations of that offense in any subsequent civil proceeding." § 775.089(8), Fla. Stat.

While Hechavarria is estopped, the Court agrees with Lee Memorial that this estoppel cannot be applied against Lee Memorial because it was not a defendant in the criminal case.

> This statute applies to a criminal defendant only, and estops him from denying the

---

[2] Nguyen v. State, 655 So. 2d 1249, 1249-50 (Fla. 1st DCA 1995).

> essential elements of his criminal offense in a later civil proceeding.
>
> . . .
>
> The personal representative's argument that Rodriguez's guilty plea barred Sun Chevrolet's defenses is an attempt to exercise collateral estoppel offensively. However, the well established rule in Florida has been, and continues to be, that a prerequisite to the offensive use of collateral estoppel is that the identical issue has been litigated between the same parties. Here, Sun Chevrolet did not enter the guilty plea in the criminal trial and was not a party to that trial. Sun Chevrolet has had no opportunity to fully and fairly litigate its vicarious liability for the actions alleged in the instant case, and thus cannot be collaterally estopped from introducing evidence that Rodriguez was not negligent, a necessary element for recovery under the dangerous instrumentality doctrine.

Sun Chevrolet, Inc. v. Crespo, 613 So. 2d 105, 107-08 (Fla. 3d DCA 1993) (citations omitted). Accordingly, plaintiff must prove the Sexual Battery in its case against Lee Memorial, and Lee Memorial is not precluded from disputing the existence of the Sexual Battery.

In arguing Lee Memorial should be estopped, plaintiff relies on the Florida Fifth District's opinion in J & P Transportation, Inc. v. Fidelity and Casualty Company of New York, 750 So. 2d 752 (5th DCA 2000). In that case, the vice president of J & P Transportation lied regarding the company's payroll when applying with Fidelity for workers compensation coverage. Id. at 752-53. When Fidelity learned of the misrepresentation, it cancelled

coverage and sued J & P to recover the additional premiums the company should have paid based on its actual payroll. Id. at 753. While the case was pending, the vice president was criminally charged with grand theft, pled guilty, and was ordered to pay Fidelity restitution. Id. Fidelity subsequently moved for partial summary judgment against J & P based on the restitution judgment, which the lower court granted. Id. On appeal, the Fifth District reviewed sections 772.14 and 775.089(8), concluding Fidelity was "not required to relitigate the issues resolved in the criminal case and partial summary judgment was properly entered in this proceeding." Id.

The Court is not convinced that J & P Transportation compels a holding that collateral estoppel can be applied against Lee Memorial. The Fifth District did not address the appropriateness of collateral estoppel being applied against a third party, as that does not appear to have been an issue raised by the parties. See id. ("In this case, the appellants argue Fidelity's complaint for civil theft sought damages for the theft of insurance *premiums*, but the criminal charges concerned theft of insurance *coverage*."). Regardless, even if that was the intended holding of the Fifth District, it would be in conflict with the Third District's holding in Sun Chevrolet, and the Court believes the Florida Supreme Court, based on the previously discussed case law, would resolve the conflict in favor of the Third District. See Glass v. Captain

Katanna's, Inc., 950 F. Supp. 2d 1235, 1242 (M.D. Fla. 2013) (noting that when Florida's District Courts of Appeal are in disagreement concerning an issue, the federal court "must predict how the Florida Supreme Court would resolve the disagreement").

**(4) Severance of Defendants' Case/Withdrawal of Motion**

The posture of the case now is that a key component of the case has been conclusively determined as to Hechavarria, but not as to the other defendant. The jury would be instructed that in considering plaintiff's case against Hechavarria, they must find the Sexual Battery was committed by Hechavarria. But in considering the plaintiff's case against Lee Memorial, the jury would be told it cannot give preclusive effect to the Sexual Battery conviction, and Lee Memorial may dispute the existence of such an event.

The Court has been continually impressed with a jury's ability to conscientiously follow jury instructions. But in some situations, we ask too much of a jury to segment evidence they have heard and apply it against one but not the other defendant. E.g., Bruton v. United States, 391 U.S. 123, 135 (1968) ("Nevertheless, as was recognized in Jackson v. Denno, *supra*, there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."). It is not

the jury's knowledge of the conviction which is problematic. Rather, it is instructing the jury that the conviction conclusively establishes the underlying conduct as to Hechavarria, while also instructing the jury that plaintiff must independently prove the underlying conduct for purposes of the case against Lee Memorial without consideration of the conviction. The Court concludes that this asks too much of a jury.

Plaintiff, while opposing any severance of the case for separate trials, requested to withdraw the collateral estoppel motion if the Court were inclined to have separate trials. This will relieve the victim of the added expense, time and mental anguish of two trials. The Court agrees with plaintiff's request.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Summary Judgment Related to the Criminal Conviction of Defendant, Jeovanni Hechavarria (Doc. #225) is **WITHDRAWN** by plaintiff.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record